IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RAVGEN, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>      Defendant. | Case No. 6:20-cv-00969-ADA<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF RAVGEN'S ANSWER TO LABCORP'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Ravgen, Inc. ("Ravgen") answers Defendant and Counterclaimant Laboratory Corporation of America Holdings' ("LabCorp") counterclaims (D.I. 19) ("Counterclaims") as follows:

### COUNTERCLAIMS

155. Ravgen admits that LabCorp pleads the counterclaims below against Ravgen. Ravgen denies any and all remaining allegations in Paragraph 155 of the Counterclaims.

### PARTIES

156. Ravgen admits the allegations in Paragraph 156 of the Counterclaims.

157. Ravgen admits the allegations in Paragraph 157 of the Counterclaims.

### JURISDICTION AND VENUE

158. Ravgen admits that this Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 2202.

159.  Ravgen does not contest that this Court has personal jurisdiction over Ravgen for this action only. The remaining allegations in Paragraph 159 of the Counterclaims are legal conclusions that require no response.

160.  Ravgen does not contest that venue is proper in this District for this action only. The remaining allegations in Paragraph 160 of the Counterclaims are legal conclusions that require no response.

## FIRST COUNTERCLAIM
### (Declaration Judgement of non-infringement of the '720 patent)

161.  Ravgen incorporates by reference Paragraphs 155–160.

162.  Ravgen admits the allegations in Paragraph 162 of the Counterclaims.

163.  Ravgen admits that it has charged in the Complaint that at least claim 1 of the '720 patent has been infringed by LabCorp. Ravgen denies any and all remaining allegations in Paragraph 163 of the Counterclaims.

164.  Ravgen admits that LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '720 patent or otherwise engaging in any wrongdoing with respect to such patent. Ravgen admits that LabCorp avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement. Ravgen denies any and all remaining allegations in Paragraph 164 of the Counterclaims.

165.  The allegations of Paragraph 165 of the Counterclaims are legal conclusions to which no response is required.

166.  Ravgen denies any and all allegations in Paragraph 166 of the Counterclaims.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '277 PATENT)

167.  Ravgen incorporates by reference Paragraphs 155–166.

168. Ravgen admits the allegations in Paragraph 168 of the Counterclaims.

169. Ravgen admits that it has charged in the Complaint that at least claim 81 of the '277 patent has been infringed by LabCorp. Ravgen denies any and all remaining allegations in Paragraph 169 of the Counterclaims.

170. Ravgen admits that LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '277 patent or otherwise engaging in any wrongdoing with respect to such patent. Ravgen admits that LabCorp avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement. Ravgen denies any and all remaining allegations in Paragraph 170 of the Counterclaims.

171. The allegations of Paragraph 171 of the Counterclaims are legal conclusions to which no response is required.

172. Ravgen denies any and allegations in Paragraph 172 of the Counterclaims.

## THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '720 PATENT)

173. Ravgen incorporates by reference Paragraphs 155–172.

174. Ravgen admits the allegations in Paragraph 174 of the Counterclaims.

175. Ravgen denies any and allegations in Paragraph 175 of the Counterclaims.

176. The allegations of Paragraph 176 of the Counterclaims are legal conclusions to which no response is required.

177. Ravgen denies any and all allegations in Paragraph 177 of the Counterclaims.

## FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '277 PATENT)

178. Ravgen incorporates by reference Paragraphs 155–177.

179. Ravgen admits the allegations in Paragraph 179 of the Counterclaims.

180. Ravgen denies any and all allegations in Paragraph 180 of the Counterclaims.

181. The allegations of Paragraph 181 of the Counterclaims are legal conclusions to which no response is required.

182. Ravgen denies any and all allegations in Paragraph 182 of the Counterclaims.

## JURY DEMAND

183. Ravgen admits that LabCorp demands a trial by jury on all issues so triable in this action. Ravgen demands a trial by jury on all issues so triable in this action.

## REQUEST FOR RELIEF

Ravgen denies that LabCorp is entitled to any relief, either as prayed for in its Counterclaims (D.I. 19) or otherwise. Ravgen further denies each allegation contained in LabCorp's Counterclaims that was not specifically admitted, denied, or otherwise responded to herein. Ravgen respectfully requests that the Court enter judgment in its favor and against LabCorp on the Counterclaims, declare this case exceptional under 35 U.S.C. § 285, award LabCorp its attorneys' fees, costs, and expenses, and grant Ravgen such further relief as the Court deems just and proper.

Dated: February 1, 2021

*Of Counsel:*

John M. Desmarais (*pro hac vice*)
Kerri-Ann Limbeek (*pro hac vice*)
Jamie L. Kringstein (*pro hac vice*)
Kyle Petrie (*pro hac vice*)
Frederick J. Ding (*pro hac vice*)
Jun Tong (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
kpetrie@desmaraisllp.com
fding@desmaraisllp.com
jtong@desmaraisllp.com         *Counsel for Plaintiff Ravgen, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 1, 2021.

*/s/ Deron R. Dacus*
Deron R. Dacus