**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| RAVGEN, INC.,<br><br>                    Plaintiff,<br><br>   vs.<br><br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS,<br><br>                   Defendant. | Civil Action No. 6:20-CV-00969-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS'**
**OPPOSED MOTION TO STAY PENDING RESOLUTION OF**
***INTER PARTES* REVIEWS**

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................1

II.     STATEMENT OF FACTS .......................................................................................1

        A.      District Court Proceedings........................................................................1

        B.      IPR and *Ex Parte* Reexamination Proceedings.......................................2

III.    ARGUMENT ............................................................................................................4

        A.      Factor 1: A Stay Will Not Cause Undue Prejudice or a Tactical Disadvantage to Ravgen ................................................................................................................4

        B.      Factor 2: The Stage of Litigation Favors a Stay ....................................7

        C.      Factor 3: A Stay Pending IPRs is Likely to Simplify the Issues for Trial ..............8

IV.     CONCLUSION........................................................................................................10

## **TABLE OF AUTHORITIES**

**CASES**                                                                         **PAGE(S)**

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.,*
   No. A-13-CA-800, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ......................... passim

*CyWee Grp. Ltd. v. Samsung Elecs. Co.,*
   No. 2:17-cv-00140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019)....................7, 8, 9, 10

*Depomed Inc. v. Purdue Pharma L.P.,*
   No. 13-571, 2014 WL 3729349 (D. N.J. July 25, 2014) ....................................................9

*e-Watch, Inc. v. AC Ti Corp.,*
   No. SA-12-CA-695, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) .................................6

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.,*
   No. 2:15-cv-00011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016)..................................6

*In re Quest Diagnostics,*
   No. 2021-193, 2021 U.S. App. LEXIS 33405 (Fed. Cir. Nov. 10, 2021) ..........................3

*Infernal Tech., LLC v. Elec. Arts Inc.,*
   No. 2:15-cv-01523, 2016 WL 9000458 (E.D. Tex. Nov. 21, 2016)..................................5

*Intellectual Ventures II v. BITCO Gen. Ins. Corp.,*
   No. 6:15-cv-59, 2016 WL 4394485 (E.D. Tex. May 12, 2016) ........................................9

*Kirsch Research & Dev., LLC v. Iko Indus., Inc.,*
   No. 6:20-cv-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021)...............4, 6, 7, 8

*Kirsch Research & Dev., LLC v. Tarco Specialty Prods., Inc.,*
   No. 6:20-cv-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021)...................6, 7, 8

*NFC Tech. LLC v. HTC Am., Inc.,*
   No. 2:13-cv-1058-WCB, 2015 WL 106911 (E.D. Tex. Mar. 11, 2015).........................4, 5

*PersonalWeb Techs., LLC v. Apple Inc.,*
   69 F. Supp. 3d 1022 (N.D. Cal. 2014) .......................................................................9, 10

*Scropcast, LLC v. Boutique Media,*
   No. 2:20-cv-00193, 2021 WL 3514751 (E.D. Tex. June 7, 2021) ....................................7

*Stingray Music USA, Inc. v. Music Choice,*
   No. 2:16-cv-586, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017) .......................................9

*Stragent, LLC v. BMW of N. Am., LLC,*
   No. 6:16-cv-447, 2017 WL 2839260 (E.D. Tex. Apr. 20, 2017) ...................................6, 7

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.,*
   No. 2:16-cv-642, 2017 WL 9885168 (E.D. Tex. June 13, 2017) .......................................9

*Virtual Agility Inc. v. Salesforce.com, Inc.,*
   759 F.3d 1307 (Fed. Cir. 2014)......................................................................................5, 6

**STATUTES**

28 U.S.C. § 1404(a) .............................................................................................................3

35 U.S.C. § 315(e)(2).........................................................................................................10

# TABLE OF EXHIBITS

| Exhibit No. | Description |
|:-:|:--|
| A | November 5, 2021 Institution Decision in *Laboratory Corp. of Am. Holdings v. Ravgen, Inc.*, IPR2021-00902, Paper 13 ('277 Patent) |
| B | November 5, 2021 Institution Decision in *Laboratory Corp. of Am. Holdings v. Ravgen, Inc.*, IPR2021-01054, Paper 11 ('277 Patent) |
| C | October 22, 2021 Email correspondence between Ravgen's Counsel (B. Luerhrs) and Labcorp's Counsel (O. Kim) |
| D | October 19, 2021 Institution Decision in *Quest Diagnostics Inc. v. Ravgen, Inc.*, IPR2021-00788, Paper 23 (the "'277 Patent IPR") |
| E | October 19, 2021 Institution Decision in *Quest Diagnostics Inc. v. Ravgen, Inc.*, IPR2021-00791, Paper 20 (the "'720 Patent IPR") |
| F | April 22, 2021 Order Granting Request for *Ex Parte* Reexamination, No. 90/014,703 ('720 Patent) |
| G | July 6, 2021 Non-Final Office Action in *Ex Parte* Reexamination, No. 90/014,703 ('720 Patent) |
| H | August 6, 2021 Order Granting Request for *Ex Parte* Reexamination, No. 90/014,792 ('277 Patent) |
| I | October 25, 2021 Raven's Responses to First Set of Requests for Production |

# I.   INTRODUCTION

Defendant Laboratory Corporation of America Holdings ("Labcorp") respectfully requests that the Court stay this case until the final disposition, including the completion of any appeals, of Labcorp's two *inter partes* reviews ("IPRs") of U.S. Patent No. 7,332,277 (the "'277 Patent"), which were instituted by the Patent Trial and Appeal Board ("PTAB") on November 5, 2021.

In light of these recent institutions, all three stay factors weigh in favor of a stay.  ***First***, a stay will not cause undue prejudice to Ravgen as the relevant IPRs were timely filed, Labcorp promptly filed the instant motion, and the parties are not direct competitors.  ***Second***, fact discovery has just begun, no trial date has been firmly set, and the parties are currently negotiating a case schedule under the Court's direction.  Thus, the case is still in the early stages and the most burdensome part of the case still lies ahead.  ***Third***, the potential for issue simplification is great, as the instituted IPRs cover all of the Asserted Claims of the '277 Patent, except for one dependent claim (i.e., 30 out of 31 claims).  The other Patent-in-Suit—U.S. Patent No. 7,727,720 (the "'720 Patent")—is directed to the same technology and the same subject matter.  In addition, the institution decision of the '720 Patent IPR filed by Labcorp, which challenges all Asserted Claims of the '720 Patent, is due by December 16, 2021.  If this IPR were also instituted, it would further strengthen all the factors that support a stay.

# II.   STATEMENT OF FACTS

## A.   District Court Proceedings

Ravgen filed the present action on October 16, 2020 asserting the '277 and '720 Patents, which have substantially the same specification.  *See* Dkt. 1.  Ravgen's Complaint indicates that Ravgen was aware of Labcorp (and its subsidiaries) before any of the accused products launched, the first of which launched on October 17, 2011.  *See id.* at ¶¶ 42, 87-96.  Accordingly, Ravgen waited at least nine years to file this lawsuit.

1

There is no signed Scheduling Order in this case. Under the parties' Joint Proposed Scheduling Order, Ravgen served its Preliminary Infringement Contentions, identifying for the first time the Asserted Claims,[1] on April 30, 2021. *See* Dkt. 40. Further, fact discovery would close on January 27, 2022, expert discovery would close on March 31, 2022, *Daubert* and dispositive motion briefing would not be complete until May 5, 2022, and the tentative trial date is July 11, 2022. *See id*. Pursuant to the Court's direction at the *Markman* hearing on September 20, 2021, the parties are currently negotiating the trial date and a case schedule. *See* Dkt. 57 at 64-65. So far, the parties reached an agreement to extend the dates to serve Final Infringement and Invalidity Contentions from October 26, 2021 to December 3, 2021 and December 10, 2021, respectively. *Compare* Dkt. 40 at 3 with Ex. C (10/22/21 e-mail).

### B.    IPR and *Ex Parte* Reexamination Proceedings

**Labcorp IPRs**. In May and June of 2021, Labcorp filed three IPRs: (1) IPR2021-00902 (May 3, 2021) ('277 Patent) and (2) IPR2021-01054 (June 4, 2021) ('277 Patent) (collectively, the "Labcorp '277 IPRs"); and (3) IPR2021-01026 (May 28, 2021) ('720 Patent) (the "Labcorp '720 IPR) (collectively, the "Labcorp IPRs"). On November 5, 2021, the PTAB instituted both of the Labcorp '277 IPRs, wherein all Asserted Claims of the '277 Patent, except for one dependent claim (claim 126), are subject to PTAB's review. Exs. A and B. The PTAB found that these claims had reasonable likelihood of unpatentability based on one or two separate obviousness grounds. Ex. A at 2, 4, 60; Ex. B at 2, 4, 62. Dependent claim 126—the only Asserted Claim of the '277 Patent not challenged in the IPR—merely requires that "the sample was obtained from a pregnant female." Dkt. 3-1, '277 Patent, at 477:36-37. For these IPRs, the PTAB's Final Written Decisions

---

[1] The Asserted Claims in this case are: Claims 55-61, 67-69, 80-81, 83-86, 88-95, 126-130, and 132-133 of the '277 Patent; and Claims 1, 3-9, 21-22, and 24-30 of the '720 Patent.

are due by November 5, 2022.  Labcorp also challenged all Asserted Claims of the '720 Patent in

the Labcorp '720 IPR.  The PTAB's institution decision for this IPR is due by December 16, 2021.

**Quest IPRs.**  Quest Diagnostics, Inc. ("Quest"), a defendant in one of the lawsuits filed by

Ravgen in this District,[2] also filed IPRs on the Patents-in-Suit.  On October 19, 2021, the PTAB

instituted review as to: (1) claims 55-63, 66-69, 80-94, 96, and 126-133 of the '277 Patent based

on two separate obviousness grounds (IPR2021-00788) (Ex. D at 5, 64); and (2) claims 1-9, 21,

and 23-24 of the '720 Patent, also based on two separate obviousness grounds (IPR2021-00791)

(Ex. E at 4, 59) (collectively, the "Quest IPRs").  The PTAB's Final Written Decisions for these

IPRs are due by October 19, 2022.

**Other IPRs**.  Since June, two other parties—Illumina, Inc. and Streck, Inc.—also have

filed IPRs: (1) IPR2021-01271 (July 20, 2021) ('720 Patent) (Illumina); (2) IPR2021-01272 (July

20, 2021) ('277 Patent) (Illumina); and (3) IPR2021-001577 (Sept. 28, 2021) ('277 Patent)

(Streck).  For the first two IPRs, the institution decisions are due by January 28, 2022.  For the

third one, the institution decision is due by April 28, 2022.

***Ex Parte* Reexaminations.**  In addition to the IPR proceedings, three Requests for *Ex Parte*

Reexaminations have been filed: (1) No. 90/014,703 ('720 Patent) (Mar. 19, 2021) (Natera, Inc.);

(2) No. 90/014,792 ('277 Patent) (July 2, 2021) (Natera, Inc.); and (3) No. 90/014,869 ('720

Patent) (Sept. 24, 2021) (Foundation Medicine, Inc.).  The Patent Office granted the first Request

on April 22, 2021 (Ex. F), and on July 6, 2021, it rejected all the challenged claims (1-9, 21, and

23-30 of the '720 Patent), most of which were based on three different anticipation grounds (Ex.

---

[2] On November 10, 2021, the Federal Circuit directed this Court to transfer the Quest case.  *In re Quest Diagnostics*, No. 2021-193, 2021 U.S. App. LEXIS 33405 (Fed. Cir. Nov. 10, 2021).  In light of this decision, Labcorp also plans to file a motion to transfer pursuant to 28 U.S.C. § 1404(a).

G).  The Patent Office also granted the second Request on August 6, 2021, finding that a substantial

new question of patentability was raised as to the challenged claims (1-13, 15, 16, 49-62, 64-69,

80-94, 96, 116-119, 121-123, 125-130, 132-135, 137, 139 and 140 of the '277 Patent).  *See* Ex. H

at 2, 8.  The Patent Office has not yet responded to the third Request.

## III.    ARGUMENT

"District courts typically consider three factors when determining whether to grant a stay

pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the

nonmoving party, (2) whether the proceedings before the court have reached an advanced state,

including whether discovery is complete and a trial date has been set, and (3) whether the stay will

likely result in simplifying the case before the court."  *Kirsch Research & Dev., LLC v. Iko Indus.,*

*Inc.,* No. 6:20-cv-00317-ADA, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021) ("*Kirsch-Iko*")

(quoting *NFC Tech. LLC v. HTC Am., Inc.,* No. 2:13-cv-1058-WCB, 2015 WL 106911, at *2 (E.D.

Tex. Mar. 11, 2015) (Bryson, J.)).  Here, each factor supports a stay.

### A.    Factor 1: A Stay Will Not Cause Undue Prejudice or a Tactical Disadvantage to Ravgen

The following four sub-factors show that a stay would not cause undue prejudice or a

tactical disadvantage to Ravgen: "(1) the timing of the review request; (2) the timing of the request

for stay; (3) the status of the review proceedings; and (4) the relationship of the parties."

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.,* No. A-13-CA-800, 2015 WL 3773014, at *3 (W.D.

Tex. June 16, 2015).

***First***, the Labcorp IPRs were timely filed.  They were filed well within the one-year

statutory deadline and well in advance of the *Markman* hearing.  Indeed, Labcorp filed the IPRs

only about a month after Ravgen served its Preliminary Infringement Contentions, which identified

the Asserted Claims for the first time, and within seven and a half months of the filing of the

Complaint. Courts have found that similar timing for filing IPRs is reasonable and not prejudicial. *See, e.g.*, *NFC Tech.,* 2015 WL 106911 at \*4 ("a delay of seven and one-half months from the filing of the complaint is not unreasonable."); *Infernal Tech., LLC v. Elec. Arts Inc.,* No. 2:15-cv-01523, 2016 WL 9000458, at \*2 (E.D. Tex. Nov. 21, 2016) (finding no delay for filing IPR two months after the service of infringement contentions).

**Second**, Labcorp timely filed this motion within eleven days of the PTAB's November 5, 2021 institution decisions of the Labcorp '277 IPRs. Importantly, Labcorp does not seek this stay for an inappropriate tactical advantage. Rather, Labcorp moved for a stay only after the PTAB's decision finding a reasonable likelihood that all of the Asserted Claims of the '277 Patent, except for one dependent claim, are invalid.

**Third**, the status of the IPR proceedings favor a stay. All of the Asserted Claims of the '277 Patent, except for one dependent claim, have been instituted by the PTAB. *See, e.g.*, *Crossroads Sys.*, 2015 WL 3773014 at \*3 ("the PTAB has actually instituted review on essentially all asserted claims, making a stay appropriate," even though the PTAB instituted IPRs on only three of the four patents-in-suit).

**Fourth**, the relationship of the parties does not create undue prejudice. Ravgen and Labcorp are not direct competitors. *Cf. Virtual Agility Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("Competition between parties can weigh in favor of undue prejudice."). As far as Labcorp is aware, Ravgen does not make or sell commercially available cell-free DNA tests. Moreover, the parties have not competed for any of the same customers or contracts. *See id.* Indeed, Ravgen never claimed or asserted in this litigation that Labcorp is a direct competitor. On the contrary, Ravgen confirmed that it is not seeking lost profits. Ex. I (Ravgen RFP Responses) at 26, 28, 30. Ravgen also has not filed any motion for preliminary injunction. While Ravgen

does demand a permanent injunctive relief in its Complaint, it seems perfunctory as Ravgen demands "[t]hat Ravgen be awarded either a permanent injunction, or, at least, a compulsory ongoing licensing fee." Dkt. 1 at 80. Ravgen's superficial demand for injunctive relief indicates that monetary damages are sufficient to cure any harm it incurred. Courts have consistently found that delay of potential monetary relief is not unduly prejudicial. *See, e.g.*, *Kirsch-Iko,* 2021 WL 4555610 at *2 ("[T]he weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery"); *Kirsch Research & Dev., LLC v. Tarco Specialty Prods., Inc.,* No. 6:20-cv-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) ("*Kirsch-Tarco*") (same); *Crossroads Sys.*, 2015 WL 3773014 at *2 ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice"); *Virtual Agility,* 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [the plaintiff] will be entitled if it succeeds in its infringement suit – it only delays realization of those damages").

Further, any general allegations of prejudice because of delay, whether it be the potential loss of documentary evidence or the postponement of the vindication of the patentee's patent rights, without more, is insufficient to warrant denying a stay. *See, e.g.*, *e-Watch, Inc. v. AC Ti Corp.,* No. SA-12-CA-695, 2013 WL 6334372, at *9 (W.D. Tex. Aug. 9, 2013) ("[T]he mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny a stay."); *Stragent, LLC v. BMW of N. Am., LLC,* No. 6:16-cv-447, 2017 WL 2839260, at *2 (E.D. Tex. Apr. 20, 2017) ("the timely enforcement of [the plaintiff's] patents is 'present in every case in which a patentee requests a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion.'"); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.,* No. 2:15-cv-00011, 2016 WL 1162162, at *2 (E.D. Tex. Mar. 23, 2016) ("Absent a specific showing of any prejudice, this factor is neutral"). Here, other than the general delay, there is no specific prejudice to Ravgen to stay the matter

pending the resolution of the IPRs.  There is especially no prejudice as Ravgen waited at least nine

years to file this lawsuit against Labcorp.  Accordingly, a stay will not unduly prejudice Ravgen

and the first stay factor weighs in favor of a stay.

### B.      Factor 2: The Stage of Litigation Favors a Stay

District courts generally consider two sub-factors in determining whether the stage of

litigation favors a stay: (1) whether discovery is complete and whether a trial date has been set;

and (2) whether defendant has unreasonably delayed filing its IPR petition and motion to stay.  *See*

*Stragent,* 2017 WL 2839260 at *2.  Both sub-factors favor a stay.

***First***, this case is in the early stages.  Discovery has just begun, and no trial date has been

firmly set.  Notably, many case milestones still lie ahead, including party and third-party fact

discovery, final infringement and invalidity contentions, expert discovery, dispositive motions,

*Daubert* motions, pretrial and trial, all of which will incur significant burden and costs for those

involved.  This Court has held that "[i]f the court has expended significant resources, then courts

have found that this factor weighs against a stay."  *Kirsch-Iko,* 2021 WL 4555610 at *2; *see also*

*Kirsch-Tarco,* 2021 WL 4555804 at *2.  While a Claim Construction Order has been issued and

fact discovery is underway, expert discovery has not begun and a trial date has only been estimated

for July 11, 2022.  *See* Dkt. 40.  Moreover, at the Court's direction at the *Markman* hearing, the

parties are currently negotiating the trial date and a case schedule.  *See* Dkt. 57 at 64-65.  Presently,

the parties have agreed to extend the dates to serve Final Infringement and Invalidity Contentions

from October 26, 2021 to December 3 and December 10, 2021, respectively.  *Compare* Dkt. 40 at

3 with Ex. C.  Accordingly, as the most burdensome part of the case has yet to come, this first sub-

factor weighs in favor of a stay.  *See, e.g.*, *Scropcast, LLC v. Boutique Media,* No. 2:20-cv-00193,

2021 WL 3514751, at *1 (E.D. Tex. June 7, 2021) (expert discovery had not started); *CyWee Grp.*

*Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14,

2019) (Bryson, J.) ("the most burdensome part of the case, for both the parties and the court, is the period immediately before, during, and after trial.").

**Second**, Labcorp did not delay in filing its IPRs and Labcorp promptly moved for a stay once the PTAB instituted the Labcorp '277 IPRs.  As discussed above, Labcorp filed its IPRs for the Patents-in-Suit well within the one-year statutory deadline, immediately after the Asserted Claims were identified in Ravgen's Preliminary Infringement Contentions, and well in advance of the *Markman* hearing.  Labcorp also promptly filed this Motion once the Labcorp '277 IPRs were instituted on November 5, 2021.

### C.     Factor 3: A Stay Pending IPRs is Likely to Simplify the Issues for Trial

No matter the outcome of the pending IPR proceedings, there is the potential for the simplification of issues for trial, either by reducing the number of claims at issue, confirming the validity of the surviving claims, or raising estoppel issues.  *See CyWee Grp.*, 2019 WL 11023976 at *8-9; *Crossroads Sys.,* 2015 WL 3773014 at *3.  This Court previously held that the PTAB's institution of an IPR on more than one independent ground indicates that "[t]he PTAB has, in essence, indicated that the asserted claims are likely unpatentable" and is sufficient to show that PTAB is likely to invalidate the claims.  *See Kirsch-Iko*, 2021 WL 4555610 at *3; *Kirsch-Tarco*, 2021 WL 4555804 at *3.  Similarly, here, 16 Asserted Claims of the '277 Patent were instituted on two separate obviousness grounds (Ex. B at 2, 4, 62), indicating that these challenged claims are likely invalid.[3]

---

[3] Although Labcorp does not seek a stay pending resolution of the Quest IPRs or the *Ex Parte* Reexaminations, their current status reinforces that the Asserted Claim—on which a significant number overlaps with the challenged claims in those proceedings—are likely to be invalidated.  In the Quest IPRs, all the challenged claims of the Patents-in-Suit were instituted under two separate obviousness grounds.  *See* Ex. D at 5, 64; Ex. E at 4, 59.  In the *Ex Parte* Reexaminations, the

The PTAB will review all Asserted Claims of the '277 Patent, except for one dependent claim, in the Labcorp '277 IPRs.  Further, the PTAB's institution decision on Labcorp '720 Patent IPR, which challenges all of the Asserted Claims of the '720 Patent, is expected before December 16, 2021.  In similar situations, courts have regularly issued stays even though fewer claims were challenged in the IPRs than were asserted in the district court litigation.  *See, e.g., Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.,* No. 2:16-cv-642, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017) (granting stay, despite IPRs only challenging the asserted claims of three of the four patents-in-suit); *Stingray Music USA, Inc. v. Music Choice,* No. 2:16-cv-586, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017) (granting stay, although not all of the asserted claims were challenged); *PersonalWeb Techs., LLC v. Apple Inc.,* 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014) (granting stay, where only fifteen out of thirty-four claims were subject to IPR).

This is not surprising.  There would be a significant benefit and simplification of the issues when even only some of the Asserted Claims go through the invalidity/validity determination by the PTAB.  Indeed, a ruling on the Labcorp '277 IPRs by the PTAB will reduce, or even moot, issues for dispositive motions and trial.  *See CyWee Grp.* 2019 WL 11023976 at *8-9.  Dependent claim 126—the only Asserted Claim not challenged in the Labcorp '277 IPR—is not substantive, and merely requires that "the sample was obtained from a pregnant female."  Dkt. 3-1, '277 Patent, at 477:36-37; *see, e.g.*, *Intellectual Ventures II v. BITCO Gen. Ins. Corp.,* No. 6:15-cv-59, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016) (finding this factor favors a stay, although not all the asserted claims were challenged and the unchallenged claim was a dependent claim); *Depomed*

Patent Office rejected as invalid all of the '720 Patent-challenged claims, most of them under three different anticipation grounds.  *See* Ex. G at 3-5 (No. 90/014,703).  The Patent Office additionally found that all of the challenged claims as the '277 Patent had a substantial new question of patentability, which required a reexamination.  *See* Ex. H at 2, 8 (No. 90/014,792).

*Inc. v. Purdue Pharma L.P.,* No. 13-571, 2014 WL 3729349, at *5 (D. N.J. July 25, 2014) (same). Further, the validity of the claims not directly at issue in the Labcorp '277 IPRs—the Asserted Claims of the '720 Patent—may also be affected by the PTAB's expert analysis of the challenged claims as they involve the same technology and the same subject matter. *See, e.g.*, *CyWee Grp.,* 2019 WL 11023976 at *10 (noting that the validity of the unchallenged claims "could be affected by the PTAB's analysis of the claims before it, which involve related technology"); *PersonalWeb Techs.,* 69 F. Supp. 3d at 1028 (finding this factor favors a stay because although five of the seven patents-in-suit were not subject to IPR, all seven patents-at-issue involve the same subject matter). Even in the unlikely event that no claims are found invalid by the PTAB, "the expertise of the PTAB judges in this field of art is likely to be of considerable assistance to the Court in this complex case." *CyWee Grp.*, 2019 WL 11023976 at *10. Thus, the potential for issue simplification is great.

Further, estoppel principles may narrow the invalidity defenses, limiting the issues and evidence that can be presented at trial. *See* 35 U.S.C. § 315(e)(2). As the Labcorp '277 IPRs are likely to simplify the issues for the Court, "[p]roceeding to trial could therefore prove to be extraordinarily wasteful of both the parties' resources and the Court's resources." *Crossroads Sys.,* 2015 WL 3773014 at *3.

For all of the reasons stated above, the simplification factor weighs in favor of a stay.

## IV.  CONCLUSION

Because all relevant factors weigh in favor of a stay, Labcorp's motion should be granted and this action should be stayed in its entirety until final disposition, including the completion of any appeals, of the Labcorp '277 IPRs.

Dated:  November 16, 2021

By:   */s/ Olivia M. Kim*
_____

Aden M. Allen
Texas Bar No. 24064808
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
Telephone:  512-338-5400
Facsimile:  512-338-5499
aallen@wsgr.com

Edward G. Poplawski
Admitted *pro hac vice*
Olivia M. Kim
Admitted *pro hac vice*
Erik J. Carlson
Admitted *pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:  (323) 210-2900
Facsimile:  (866) 974-7329
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com

Matias Ferrario
Admitted *pro hac vice*
**KILPATRICK TOWNSEND & STOCKTON LLP**
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 734-2651
mferrario@kilpatricktownsend.com

Peter J. Chassman (SBN 00787233)
Admitted *pro hac vice*
Hallie H. Wimberly (SBN 24106587)
Admitted *pro hac vice*
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, TX 77002
Telephone: (713) 469-3800

-11-

Facsimile: (713) 469-3899
pchassman@reedsmith.com
hwimberly@reedsmith.com

*Attorneys for Defendant Laboratory
Corporation of America Holdings*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on November 16, 2021 all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system.

                                   */s/ Olivia M. Kim*
                                   Olivia M. Kim