# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |
|---|---|
| **RAVGEN, INC.,** | |
| **Plaintiff,** | **Civil Action No. 6:20-cv-00969-ADA** |
| **v.** | **JURY TRIAL DEMANDED** |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS,** | |
| **Defendant.** | |

## RAVGEN'S OPPOSITION TO DEFENDANT'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEWS

## **TABLE OF CONTENTS**

**Pages**

INTRODUCTION ..........................................................................................................1

FACTUAL BACKGROUND.......................................................................................1

LEGAL STANDARD...................................................................................................3

ARGUMENT ...............................................................................................................3

I.       A STAY WILL NOT SIMPLIFY THE ISSUES IN THIS CASE. .....................................3

         A.       LabCorp Cannot Show That The Board Is Likely To Invalidate All
                  Asserted Claims. ..........................................................................................3

         B.       LabCorp's IPRs Will Not Estop It From Continuing to Assert Invalidity. ............6

II.      THE CURRENT STAGE OF THIS CASE RENDERS A STAY
         INAPPROPRIATE. ........................................................................................7

III.     A STAY WILL CAUSE UNDUE PREJUDICE TO RAVGEN. ......................................9

CONCLUSION..........................................................................................................10

**TABLE OF AUTHORITIES**

**Pages**

<u>Cases</u>

*Advanced Electrolyte Techs. LLC v. Samsung SDI Co.*,
  No. A:17-CV-0030-LY, 2018 WL 11346890 (W.D. Tex. Sept. 24, 2018) ...................... 8

*Affinity Labs of Texas, LLC v. Netflix, Inc.*,
  No. 1:15-CV-849-RP (W.D. Tex. Jan. 17, 2017) .............................................. 8

*Cell. Comms. Equip. LLC v. HTC Corp.*,
  No. 16-CV-475-KNM, 2018 WL 4261194  (E.D. Tex. May 8, 2018) .......................... 3, 8

*CliniComp Int'l, Inc. v. Athenahealth, Inc.*,
  No. A-18-CV-00425-LY, 2020 WL 7011768 (W.D. Tex. Oct. 28, 2020) ........................ 6

*Cont'l Intermodal Group-Trucking LLC v. Sand Rev. LLC*,
  No. 18-cv-00147 (W.D. Tex. Jul. 22, 2020) .................................................... 10

*Danco, Inc. v. Lavelle Indus., Inc.*,
  No. 5:16CV48-CMC, 2017 WL 1732024 (E.D. Tex. Jan. 25, 2017) ........................... 4, 6

*Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*,
  A-12-CV-644-LY, 2014 WL 12570609 (W.D. Tex. Feb. 10, 2014) ................................. 8

*Intell. Ventures II LLC v. Kemper Corp.*,
  No. 6:16-CV-0081, 2016 WL 7634422 (E.D. Tex. Nov. 7, 2016) ..................................... 6

*Intellectual Ventures I LLC v. T Mobile USA, Inc*., et al.,
  No. 2:17-cv-00577-JRG, 2018 U.S. Dist. LEXIS 239587 (E.D. Tex. Dec. 13,
  2018) ................................................................................................................ 9

*Intellectual Ventures II LLC v. FedEx Corporation*,
  No. 2:16-CV-980-JRG, 2017 WL 4812434 (E.D. Tex. Oct. 24, 2017)............................. 9

*Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*,
  No. 6-20-CV-00200-ADA, 2021 WL 1298932 (W.D. Tex. Apr. 7, 2021) ...................... 8

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
  No. 6:20-CV-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021)........................ 5

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
  No. 6:20-CV-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021)........................ 5

*MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*,
  No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. Jan 5, 2015)........................... 3, 8, 9

## TABLE OF AUTHORITIES (cont'd)

**Pages**

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
No. 6:18-CV-00207-ADA, 2019 WL 11706231 (W.D. Tex. May 30, 2019) ........... 3, 8, 9

*Nat'l Oilwell Varco, L.P. v. Pason Sys. USA Corp.*,
No. A-12-CA-1113-SS, 2013 WL 6097578 (W.D. Tex. June 20, 2013) .................... 4, 10

*Network-1 Sec. Sols., Inc. v. Alcatel- Lucent USA Inc.*,
No. 6:11-CV-492 (E.D. Tex. Jan. 5, 2015)........................................................................ 9

*Ravgen, Inc. v. Natera, Inc.*,
No. 1:20-cv-00692 (W.D. Tex. Nov. 8, 2021)................................................................... 4

*Scorpcast, LLC v. Boutique Media Pty Ltd.*,
No. 220CV00193JRGRSP, 2020 WL 7631162 (E.D. Tex. Dec. 22, 2020).............. 4, 5, 6

*USC IP P'ship. v. Facebook, Inc.*,
No. 6:20-CV-00555-ADA (W.D. Tex. Aug. 5, 2021) ....................................................... 3

## **Statutes**

35 U.S.C. § 311(b) ............................................................................................................. 6

35 U.S.C. § 315(e) .......................................................................................................... 6, 7

U.S.C. § 314(a) .................................................................................................................. 4

## INTRODUCTION

The Court should deny Defendant Laboratory Corporation of America Holdings' ("LabCorp") Opposed Motion to Stay Pending Resolution of *Inter Partes Reviews*, Dkt. 69 ("Motion"), because LabCorp has failed to prove that a stay is warranted in this case.

**First**, LabCorp has not shown that a stay will simplify the issues; it cannot do so on this record. The Patent Trial and Appeal Board (the "Board") instituted LabCorp's *inter partes* review ("IPR") petitions on only one of two asserted patents in this case. LabCorp's IPR petition on the second asserted patent remains pending. Even with respect to the instituted IPRs, the Board has already stated that it **cannot characterize LabCorp's petitions as strong**. Thus, no matter what happens with the second patent, LabCorp has failed to meet its burden to show that **all** asserted claims are **likely** unpatentable. The Motion should be denied on this basis alone.

**Second**, the reasonably advanced stage of this case weighs against a stay. LabCorp waited over a year into this case to request a stay. The parties and the Court have consequently expended substantial resources resolving claim construction issues and litigating LabCorp's infringement. Those resources should not be wasted by a stay.

**Third**, a stay will cause Ravgen undue prejudice. Ravgen is a participant in the market for the accused products and has a strong interest in the timely enforcement of its patents. Moreover, LabCorp's IPR petitions will not fully resolve the disputes between the parties, including additional disputes as to validity. Denying a stay will provide a prompt and final resolution of **all** issues at trial, not the delayed, piecemeal litigation that LabCorp seeks.

Accordingly, for the reasons stated herein, Ravgen requests that the Motion be denied.

## FACTUAL BACKGROUND

Ravgen filed its complaint on October 16, 2020, asserting infringement of U.S. Patent Nos. 7,332,277 (the "'277 Patent") and 7,727,720 (the "'720 Patent") (collectively, the "Asserted

Patents"). Dkt. 1 ("Complaint"). Ravgen served its preliminary infringement contentions on April 30, 2021. Ex. 1.[1] Between May 3, 2021 and June 4, 2021, LabCorp filed three IPR petitions: two petitions against the '277 patent (IPR2021-00902 and IPR2021-01054 (collectively, the "'277 IPRs")) and one petition against the '720 patent (IPR2021-01026 (the "'720 IPR")). Exs. 2–3; Motion at 2. LabCorp served its preliminary invalidity contentions on June 25, 2021. Ex. 4. The Court appointed a technical advisor on August 10, 2021, and held a *Markman* hearing on September 20. Dkts. 51, 55. The Court ruled on disputed claim terms during that hearing. *See, e.g.*, Ex. 5.

Since that time, the Court issued a written claim construction Order, Dkt. 62, and the parties made initial disclosures, served and responded to interrogatories and requests for production, made initial and subsequent document productions, and conferred about alleged discovery deficiencies. *See* Exs. 6–12. Ravgen has also served six third-party subpoenas, (*see* Exs. 13–18), which Ravgen is actively litigating, and LabCorp has retained and disclosed multiple expert consultants. *See* Exs. 19–20.

The parties filed a joint proposed scheduling order on May 21, 2021, that set trial for July 2022. Dkt. 40. The parties have been proceeding according to that schedule, but recently agreed to a modified schedule setting trial for September 2022. Ex. 21.

On November 5, 2021, the Board instituted the '277 IPRs. Although the Board found that LabCorp "met its institution burden" and therefore that it was required to institute on all challenged claims and grounds in those petitions, the Board clarified that it was "not prepared on this preliminary record to characterize [LabCorp's] challenge as 'strong.'" Ex. A at 25; Ex. B at 24.

---

[1] Citations to Exhibits A-I refer to the exhibits filed with the Motion. Citations to Exhibits 1-21 refer to the exhibits filed with this opposition.

Notably, LabCorp did not challenge '277 patent, claim 126, which is asserted in this case. *See* Motion at 2. A decision whether to institute the '720 IPR is not due until December 16, 2021.

## LEGAL STANDARD

"The party seeking a stay bears the burden of showing that a stay is appropriate." *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd*., No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review . . . : (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *USC IP P'ship. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, Dkt. 66 at *2 (W.D. Tex. Aug. 5, 2021) (Albright, J.). However, whether a stay will simplify issues in the case is the most important factor. *Cell. Comms. Equip. LLC v. HTC Corp.*, No. 16-CV-475-KNM, 2018 WL 4261194, *2 (E.D. Tex. May 8, 2018).

## ARGUMENT

The Motion should be denied because none of the relevant factors favor a stay.

## I.   A STAY WILL NOT SIMPLIFY THE ISSUES IN THIS CASE.

### A.   LabCorp Cannot Show That The Board Is Likely To Invalidate All Asserted Claims.

**First**, there is no institution decision on one of the two Asserted Patents. The instituted IPRs on which the Motion relies address only the '277 patent; the '720 IPR has not been instituted. Motion at 1. This Court has held that an un-instituted IPR results in "nothing more than . . . a *potential* simplification of issues[.]" *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *3 (W.D. Tex. May 30, 2019) (Albright, J.). Because IPR proceedings have not been instituted for both Asserted Patents, LabCorp cannot show

3

that the Board is likely to invalidate **all** the asserted claims, and this factor weighs against a stay. *See, e.g., Scorpcast, LLC v. Boutique Media Pty Ltd.,* No. 220CV00193JRGRSP, 2020 WL 7631162, at *2 (E.D. Tex. Dec. 22, 2020) ("Defendants have not met their burden to show that a stay is appropriate as, most importantly, they did not show that the Board granted [a] petition for IPR.  Since Defendants did not show there is a reasonable likelihood that the Board will invalidate all the asserted claims, their Motion fails."); *Danco, Inc. v. Lavelle Indus., Inc.,* No. 5:16CV48-CMC, 2017 WL 1732024, at *2 (E.D. Tex. Jan. 25, 2017) (denying stay and finding case simplification "speculative" when institution decisions have not been granted on all asserted claims); *Nat'l Oilwell Varco, L.P. v. Pason Sys. USA Corp.*, No. A-12-CA-1113-SS, 2013 WL 6097578, at *1 (W.D. Tex. June 20, 2013) (denying stay in part because the Board "has not actually granted *inter partes* review of the subject patent yet").[2]

**Second,** the instituted '277 IPRs fail to establish that the challenged claims in those proceedings are likely unpatentable.  To succeed on its Motion, LabCorp must do "**more than just point[] to a successful [IPR] petition**[;]" it must show that "the Board **is likely to invalidate every asserted claim**."  *Scorpcast*, 2020 WL 7631162, at *3 (emphases added); *USC IP*, Dkt. 66 at *4–*5.[3]  "Unless the Board indicate[s] there is a serious chance it will invalidate all the asserted

---

[2] LabCorp says it is not relying on third-party IPR or re-examination proceedings to stay this case. *See* Motion at 8 n.3.  Indeed, those proceedings fail to establish a basis to stay for the same reasons stated herein.  Moreover, many of the other proceedings, including at least IPR2021-01026, IPR2021-01271, IPR2021-01272, IPR2021-01577, and the re-examination proceedings, involve prior art that uses EDTA and/or ACD as the claimed "agent" that inhibits cell lysis.  This Court recently issued a claim construction order in a related case that construed "agent" to exclude those compounds.  *Ravgen, Inc. v. Natera, Inc.*, No. 1:20-cv-00692, Dkt. 176 (W.D. Tex. Nov. 8, 2021).
[3] An institution decision, on its own, only establishes that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).  A "reasonable likelihood" merely "encompasses a 50/50 chance."  *See* Official 2012 message from the Chief Judge of the PTAB, available at https://www.uspto.gov/patents/laws/america-invents-act-aia/message-chief-judge-james-donald-smith-board (last accessed Nov. 22, 2021).  Moreover, today's institution decisions are not as

4

claims, [this] Court [should] not needlessly" delay resolution of this case. *Scorpcast*, 2020 WL 7631162, at *3. LabCorp cannot make its required showing on this record.

Far from indicating that there is a serious chance it will invalidate all asserted claims, the Board stated that it was "**not prepared on this preliminary record to characterize [LabCorp's] challenge as 'strong.'**"[4] Ex. A at 25; Ex. B at 24.[5] This Court has found that similar statements from the Board weigh against a likelihood of invalidating the claims and granting a stay. For example, in *USC IP*, this Court held that Facebook "[did] not show[] that the PTAB is likely to invalidate all asserted claims" because "the PTAB specifically noted in its institution decisions that it cannot say that the merits of Facebook's IPR petitions are particularly strong." *USC IP*, Dkt. 66 at *4–*5 (internal citations omitted). As in *Facebook,* LabCorp cannot show that the PTAB is likely to invalidate the challenged claims in the '277 IPRs (or the un-instituted '720 IPR).

LabCorp cites this Court's decisions in *Kirsch v. IKO*[6] and *Kirsch v. Tarco*[7] to argue that the claims challenged in '277 patent IPR2021-01054 are "likely invalid" because the Board "instituted on two separate obviousness grounds." Motion at 8 (citing Ex. B at 2, 4, 62). But the alleged multiple "grounds" in that petition comprise two three-reference combinations in which two of the references (including the primary reference) are the same. Ex. 2 at 9. Moreover, the Board refused to characterize those "separate" grounds as "strong" despite LabCorp's prompting.

---

"useful as they were in the past for providing an indication of whether all instituted claims would be found unpatentable" because "the PTAB can no longer partially institute IPR proceedings." *Scorpcast*, 2020 WL 7631162, at *3.

[4] The Board used that same language in the Quest institution decisions. Ex. D at 37; Ex. E at 33.

[5] The PTAB also repeatedly stated a need to further develop the factual record before it could further assess the strength of LabCorp's petition **and Ravgen's defenses**. *See, e.g.,* Ex. A at 25, 52–53, 58.

[6] *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021).

[7] *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 4, 2021).

Ex. B at 23–24.  Thus, LabCorp has failed to meet its burden to show case simplification—the most important stay factor.  *Scorpcast*, 2020 WL 7631162, at *3; *USC IP*, Dkt. 66 at *4–*5.

**Third**, as stated above, the instituted '277 IPRs do not even cover all of the asserted claims of the '277 patent.  LabCorp admits that it knew Ravgen accused it of infringing claim 126 of the '277 patent when it filed the '277 IPRs, but it still failed to challenge that claim.  Motion at 9.[8] Thus, resolution of the '277 IPRs cannot invalidate at least one asserted claim of the '277 patent, weighing against a stay.  *See, e.g., Danco*, 2017 WL 1732024, at *2.

The Board's institution of the '277 IPRs, without more, is insufficient to show that the Board is likely to invalidate each of the challenged claims in those IPRs, let alone **all** of the asserted claims.  For at least those reasons, LabCorp has failed to show its IPRs will simplify this case.

### B.    LabCorp's IPRs Will Not Estop It From Continuing to Assert Invalidity.

This Court should not stay this case because a stay will not estop LabCorp from challenging the validity of the Asserted Patents.  Congress limited the scope of IPR proceedings to "patents and printed publications," 35 U.S.C. § 311(b), and limited the scope of IPR estoppel to "any ground [of invalidity] that the petitioner raised or reasonably could have raised during" the IPR proceeding.  35 U.S.C. § 315(e); *CliniComp Int'l, Inc. v. Athenahealth, Inc*., No. A-18-CV-00425-LY, 2020 WL 7011768, at *1 n.2 (W.D. Tex. Oct. 28, 2020).

**First**, as courts have recognized, estoppel arising from IPR proceedings "may not actually simplify the issues at all" in district court because "regardless of any estoppel, defendants have considerable latitude in using prior art systems  . . . [allegedly] embodying the same patents or printed publications placed before the PTO in IPR proceedings." *Intell. Ventures II LLC v. Kemper Corp*., No. 6:16-CV-0081, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016).  Here, LabCorp has

---

[8] LabCorp's assertion that claim 126 is not "substantive" fails to explain its failure to challenge that claim.  Motion at 9.

indicated that it will indeed try to rely on prior art systems in the district court to avoid estoppel arising from its IPR petitions.  For example, LabCorp stated in its IPR petitions that it will assert in district court "alternative grounds of invalidity contentions as compared to those raised here." Ex. 2 at 60.  Additionally, LabCorp's invalidity contentions includes a reservation of the right to identify and rely on prior art systems—theories that cannot be raised in IPR proceedings—to challenge the validity of the Asserted Patents.  Ex. 5 at 17-18.

**Second,** LabCorp asserts numerous invalidity defenses in this case **other than** prior art. LabCorp's invalidity contentions have entire sections asserting invalidity under 35 U.S.C. § 101 and 35 U.S.C. § 112.  Id. at 64-68.  For instance, LabCorp asserts that 17 claims of the '720 patent are invalid under 35 U.S.C. § 101 for lacking utility, being directed to non-statutory subject matter, or both.  Id. at 64-65.  LabCorp further asserts that 7 claim terms of that patent appearing in 13 claims are indefinite, lack written description, and/or are not enabled.  Id. at 67-68.  LabCorp makes similar assertions in relation to 9 claim terms that appear in 14 claims of the '277 patent. Id. at 65-67.

Thus, although LabCorp may be estopped from asserting certain prior art theories that could have been raised at the PTAB, LabCorp intends to challenge the validity of the Asserted Patents on other grounds in this case.  *See* 35 U.S.C. §§ 311(b), 315(e).  For those reasons, a stay is **not** likely simplify the issues.  *USC IP*, Dkt. 66 at *4–*5.

## II.  THE CURRENT STAGE OF THIS CASE RENDERS A STAY INAPPROPRIATE.

Contrary to LabCorp's characterization of this case as "in the early stages" (Motion at 5), the parties and the Court have already invested significant resources litigating this case, and the agreed-upon trial date is only 10 months away.  Ex. 21.  "Courts regularly measure the early stages of a case by whether the parties have started discovery and whether the court has issued a claim construction order."  *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA,

2021 WL 1298932, at *3 (W.D. Tex. Apr. 7, 2021); *cf. Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd*., A-12-CV-644-LY, 2014 WL 12570609, at *3 (W.D. Tex. Feb. 10, 2014) ("This case is in its early stages; a claim-construction order has not be rendered, discovery has not begun, and a scheduling order has not been rendered."). Here, the parties have already completed claim construction briefing, and the Court has conducted a *Markman* hearing and entered a claim construction order on all disputed terms. Dkt. 62. Thus, "this Court has expended considerable time and effort to get this case resolved – to stay the case now would squander those efforts." *Kerr*, 2021 WL 1298932, at *3; *Advanced Electrolyte Techs. LLC v. Samsung SDI Co*., No. A:17-CV-0030-LY, 2018 WL 11346890, at *2 (W.D. Tex. Sept. 24, 2018) (denying stay when trial was over a year away but the parties' claim construction disputes had been resolved).

Additionally, fact discovery is well underway—the parties have served and responded to discovery requests, produced documents, and begun negotiations regarding ESI discovery. Exs. 6–12. The parties also recently agreed to a modified schedule setting trial for September 2022. Ex. 21. The significant resources already expended by the parties and the Court in this case, as well as the trial date being less than 10 months away, weighs strongly against a stay. *See MiMedx*, 2015 WL 11573771, at *2 (finding stage of the case factor weighed against stay prior to claim construction briefing but when the parties had exchanged contentions and written discovery); *Multimedia Content*, 2019 WL 11706231, at *2 (finding stage of case factor weighed against stay even when "discovery ha[d] not yet begun"); *Affinity Labs of Texas, LLC v. Netflix, Inc.*, No. 1:15-CV-849-RP, Dtk. 95 (W.D. Tex. Jan. 17, 2017) (denying stay when "parties [had] engaged in discovery and retained experts" and the "claim construction process [was] nearing completion"); *Cell. Comms.*, 2018 WL 4261194, *1-*3 (denying stay with less than a year until trial); *Intellectual Ventures II LLC v. FedEx Corporation*, No. 2:16-CV-980-JRG, 2017 WL 4812434, *1-*2 (E.D.

Tex. Oct. 24, 2017) (denying stay when parties had briefed claim construction and trial was set in about seven months).

## III.    A STAY WILL CAUSE UNDUE PREJUDICE TO RAVGEN.

**First**, a stay would unduly prejudice Ravgen by thwarting Ravgen's legitimate interest in the timely enforcement of its patent rights.  *Intell. Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive.").  The IPR process will not be completed until at least a month after the Court's jury trial, and the IPR timeframe may be extended even further by appeal. *See, e.g., Multimedia Content*, 2019 WL 11706231, at *2 ("In short, in view of the advanced nature of the Court's proceedings, including the completion of the *Markman* hearing, the rendering of claim constructions by the Court, and the fact that a jury trial has been set for [14 months from now], the Court finds that this factor weighs against granting a stay."); *see also, Network-1 Sec. Sols., Inc. v. Alcatel- Lucent USA Inc.*, No. 6:11-CV-492, Dkt. 429 at 10 n.8 (E.D. Tex. Jan. 5, 2015) (additional delay imposed by appeals is considerable and maintaining a stay through such appeals would be very costly).

LabCorp's assertion that Ravgen will not be prejudiced because, in LabCorp's view, "Ravgen and LabCorp are not direct competitors," Motion at 5, is incorrect.  Ravgen is a practicing entity that participates in the market for the accused products, (*see, e.g.,* Complaint ¶¶ 2, 16), even if a large player like LabCorp does not consider Ravgen's presence in the market to be meaningful.  Moreover, even if Ravgen and LabCorp were not competitors, "the Court has noted that '[a] patent holder has an interest in the timely enforcement of its patent right,' even when the patent holder has only sought monetary relief." *USC IP*, Dkt. 66 at *6 (quoting *MiMedx*, 2015 WL 11573771, at *2).  In addition, LabCorp's assertion that Ravgen "waited at least nine years to file this lawsuit

9

against LabCorp" also fails to undercut any prejudice caused by a stay.  Motion at 1, 7.  Within that timeframe, Ravgen **was attempting to negotiate a license to its patents with LabCorp and/or entities that LabCorp later acquired**.  *See* Complaint ¶¶ 87–108.  The timing of Ravgen's Complaint does not undermine the prejudice to Ravgen caused by a stay.  *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine*, Inc., No. A-12-CA-773-SS, 2013 WL 6097571, at *1 (W.D. Tex. June 10, 2013) (finding defendant's argument that delay in filing lawsuit shows lack of prejudice has "dubious merits").

**Second**, the instituted '277 IPRs address only a narrow subset of the issues to be tried in this case; thus, allowing this case to proceed to trial will "provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages."  *Kerr*, 2021 WL 1298932, at *2; *see also Cont'l Intermodal Group-Trucking LLC v. Sand Rev. LLC*, No. 18-cv-00147 (W.D. Tex. Jul. 22, 2020) (Albright, J.) (Text Order) (same).  As discussed above, the instituted IPRs cover only one of the two Asserted Patents and do not involve all of the asserted claims.  And, there is high potential for prejudice to Ravgen given the likelihood of incomplete estoppel resulting from the Board's final written decisions.  *Intell. Ventures II LLC*, 2016 WL 7634422, at *4 (agreeing that "the lack of statutory estoppel tips the prejudice factor against a stay").  Because a stay would unduly prejudice Ravgen, this factor also favors denying the Motion.

## CONCLUSION

For the foregoing reasons, Ravgen respectfully requests that the Court deny the Motion.

Dated: November 23, 2021           By:     */s/ Benjamin N. Luehrs*
————————————————————

Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430

Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

John M. Desmarais (*pro hac vice*)
Gabrielle Higgins (*pro hac vice*)
Kerri-Ann Limbeek (*pro hac vice*)
Jamie L. Kringstein (*pro hac vice*)
Kyle G. Petrie *(pro hac vice)*
Joze Welsh *(pro hac vice)*
Jun Tong *(pro hac vice)*
Deborah J. Mariottini *(pro hac vice)*
Peter Zhu (*pro hac vice*)
Benjamin N. Luehrs (Texas Bar No. 440317)
Vi T. Tran (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
ghiggins@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
kpetrie@desmaraisllp.com
jwelsh@desmaraisllp.com
jtong@desmaraisllp.com
dmariottini@desmaraisllp.com
pzhu@desmaraisllp.com
bluehrs@desmaraisllp.com
vtran@desmaraisllp.com

*Attorneys for Ravgen, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document and all attachments thereto have been served via the Court's CM/ECF system to counsel of record on November 23, 2021.

Dated:  November 23, 2021            */s/ Benjamin N. Luehrs*