IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RAVGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendant. | Civil Action No. 6:20-cv-00969-ADA <br><br> JURY TRIAL DEMANDED |

**RAVGEN'S OPPOSITION TO DEFENDANT'S OPPOSED MOTION FOR LEAVE OF COURT TO FILE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

                                                                                                                **Pages**

INTRODUCTION ........................................................................................................................1

FACTUAL BACKGROUND ......................................................................................................1

LEGAL STANDARDS ...............................................................................................................2

ARGUMENT ...............................................................................................................................3

I.       LABCORP'S TRANSFER MOTION IS NOT TIMELY. ..................................................3

II.     LABCORP'S TRANSFER MOTION, IF GRANTED, WILL RESULT IN A
        WASTE OF RESOURCES CAUSED BY LABCORP'S UNTIMELINESS. ....................4

III.    LABCORP FAILS TO SHOW GOOD CAUSE TO AMEND THE COURT'S
        TRANSFER DEADLINE. ................................................................................................5

        A.      LABCORP FAILS TO CREDIBLY EXPLAIN ITS DELAY. ..............................5

              1.      THERE HAS BEEN NO RELEVANT CHANGE IN THE LAW. ............5

              2.      THERE HAS BEEN NO CHANGE IN THE FACTS. .............................6

        B.      LABCORP FAILS TO SHOW THE IMPORTANCE OF TRANSFER. ................7

        C.      LABCORP'S UNTIMELY MOTION WILL CAUSE RAVGEN UNDUE
              PREJUDICE AND GIVE LABCORP A TACTICAL ADVANTAGE. ..................9

        D.      A CONTINUANCE WILL NOT CURE RAVGEN'S PREJUDICE ....................10

CONCLUSION ..........................................................................................................................10

# **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*ATD Combusters, LLC v. Ameritube, LLC*,
    No. 618CV00077ADAJCM, 2019 WL 4087491 (W.D. Tex. July 3, 2019) ...................... 8

*Charter Sch. Sols. v. GuideOne Mut. Ins. Co.*,
    333 F.R.D. 97 (W.D. Tex. 2019) ................................................................................ 2

*Deckers Corp. v. United States*,
    752 F.3d 949 (Fed. Cir. 2014)................................................................................... 6

*Diem LLC v. BigCommerce, Inc.*,
    No. 6:17-CV-00186-JRG, 2017 WL 6729907 (E.D. Tex. Dec. 28, 2017) ................... 4, 10

*Doe v. St. Stephen's Episcopal Sch.*,
    No. CIV.A.C-08-299, 2009 WL 1835155 (S.D. Tex. June 26, 2009) ............................... 4

*F.T.C. v. Multinet Mktg., LLC*,
    959 F. Supp. 394 (N.D. Tex. 1997) ........................................................................... 3

*Godo Kaisha IP Bridge 1 v. Broadcom Lmtd.*,
    2017 WL 750290 (E.D. Tex. Feb. 27, 2017) ............................................................. 4, 9

*IBEW-NECA Sw. Health & Ben. Fund v. Duvall Elec., LLC*,
    No. 3:10-CV-1079-B, 2011 WL 711005 (N.D. Tex. Feb. 28, 2011) .................. 4, 5, 9, 10

*In re Micron Tech., Inc.*,
    875 F.3d 1091 (Fed. Cir. 2017)............................................................................. 6, 7

*In re Quest Diagnostics Inc.*,
    No. 2021-193, 2021 WL 5230757 (Fed. Cir. Nov. 10, 2021) ......................................... 6

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)................................................................................. 2

*In re Wyeth*,
    406 F. App'x 475 (Fed. Cir. 2010) ..................................................................... 2, 3, 4

*Intellectual Ventures I LLC v. T Mobile USA, Inc.*, et al.,
    No. 2:17-cv-00577-JRG, 2018 WL 11363370 (E.D. Tex. Dec. 13, 2018)........................ 9

*Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*,
    2009 WL 781134 (E.D.Tex. Mar.23, 2009) ............................................................ 4, 9

# TABLE OF AUTHORITIES (cont'd)

**Pages**

*McGraw-Edison Co. v. Van Pelt*,
    350 F.2d 361 (8th Cir. 1965) ............................................................................................. 3

*Norman IP Holdings, LLC v. Casio Computer Co.*,
    No. 6:09-CV-270, 2010 WL 4238879 (E.D. Tex. Oct. 27, 2010) .................................... 10

*Novartis Vaccines & Diagnostics, Inc. v. Wyeth*,
    No. 208-CV-00067 TJW-CE, 2010 WL 1374806 (E.D. Tex. Mar. 31, 2010) ................... 8

*O'Connor v. Smith*,
    No. CIV.A. C-10-77, 2010 WL 4366914 (S.D. Tex. Oct. 28, 2010) ............................. 2, 3

*Ocean Semiconductor LLC v. Renesas Elecs. Corp et al.*,
    No. 20-CV-1213-ADA, Dkt. 60 (W.D. Tex. Dec. 3, 2021) ............................................... 9

*Pat. Harbor, LLC v. Twentieth Century Fox Home Ent., LLC,*
    No. 6:10-CV-229 LED-JDL, 2012 WL 1903875 (E.D. Tex. May 25, 2012) .................... 5

*Peteet v. Dow Chem. Co.*,
    868 F.2d 1428 (5th Cir. 1989) ...................................................................................... 2, 3, 4

*Sw. Bell Tel. Co. v. City of El Paso*,
    315 F.3d 533 (5th Cir. 2003) ............................................................................................. 2

*Sw. Bell Tel. Co. v. City of El Paso*,
    346 F.3d 541 (5th Cir. 2003) ............................................................................................. 2

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    137 S.Ct. 1514 (2017) ....................................................................................................... 6

*TIG Ins. Co. v. Woodsboro Farmers Coop.*,
    No. 5:18-CV-191, 2020 WL 12573286 (S.D. Tex. Jan. 28, 2020) ............................... 9, 10

# TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Taylor Jensen, LinkedIn Profile |
| 2 | Michael Sapeta, LinkedIn Profile |
| 3 | Average Time to Trial in SDCA, DocketNavigator |

## INTRODUCTION

The Court should deny Defendant Laboratory Corporation of America Holdings' ("LabCorp") Opposed Motion For Leave of Court to File Motion to Transfer Venue Under 28 U.S.C. § 1404(a), Dkt. 72 ("Motion").

LabCorp's Motion is too late. Despite knowing of evidence and witnesses in the Southern District of California ("SDCA") with purported relevance to this case since Ravgen, Inc. ("Ravgen") filed its complaint over a year ago in October 2020, LabCorp waited **13 months** to seek transfer. LabCorp's Motion should be denied because it is untimely, would result in the exact waste of resources that this Court's individual rules of practice are designed to prevent, and because it plainly lacks good cause. Indeed, LabCorp fails to provide any credible explanation for its delay—it fails to show any change in law or fact that justifies its waiting over a year to seek transfer while this case proceeded through *Markman* and into fact discovery. LabCorp further fails to show, or even allege, that transfer in this case is sufficiently important to excuse LabCorp's delay. It cannot. Nor can LabCorp show how the indisputable prejudice to Ravgen caused by LabCorp's delay can be cured. For at least those reasons, LabCorp's Motion should be denied.

## FACTUAL BACKGROUND

Ravgen filed its complaint on October 16, 2020, asserting infringement of U.S. Patent Nos. 7,332,277 and 7,727,720. Dkt. 1 ("Complaint"). Ravgen served its preliminary infringement contentions on April 30, 2021. Dkt. 73-2. LabCorp served its preliminary invalidity contentions on June 25, 2021. Dkt. 73-5. The Court held a *Markman* hearing on September 20, 2021. Dkt. 55. The Court ruled on disputed claim terms during that hearing. *See, e.g.*, Dkt. 73-6.

Since that time, the Court issued a written claim construction Order, Dkt. 62, and the parties made initial disclosures, served and responded to discovery, made document productions, and conferred about discovery. *See* Dkts. 73-7–74-13. Ravgen also served six third-party subpoenas

(*see* Dkts. 73-14–73-19), and LabCorp retained and disclosed multiple expert consultants. *See* Dkts. 73-20–73-21. The parties have agreed to a trial date in September 2022. Dkt. 75.

LabCorp first informed the Court of its intention to seek transfer in a footnote to LabCorp's motion to stay this case, filed on November 16, 2021. Dkt. 69 at 3 n.2. LabCorp filed its Motion a week later on November 23—more than 13 months after the Complaint was filed, more than 2 months after the *Markman* hearing, and fewer than 10 months before the parties' agreed trial date.

## **LEGAL STANDARDS**

Motions to transfer patent cases are governed by regional circuit law. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). A party seeking transfer "should not delay filing" and must act with "reasonable promptness." *In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Otherwise, "the court [will] expend time and effort that might become wasted upon transfer." *In re Wyeth,* 406 F. App'x at 477.

A transfer motion filed after a court deadline should only be allowed if the motion is timely and shows good cause for the delay. *O'Connor v. Smith*, No. CIV.A. C-10-77, 2010 WL 4366914, at *1 n.1 (S.D. Tex. Oct. 28, 2010) (denying transfer motion "as moot because it is untimely and not filed with good cause"); *see also, e.g., Charter Sch. Sols. v. GuideOne Mut. Ins. Co.*, 333 F.R.D. 97, 102 (W.D. Tex. 2019) (denying amendment to court deadlines because movant "has not shown its inability to meet the [] deadlines despite any diligence, and [the relevant] factors weigh against good cause"); *Sw. Bell Tel. Co. v. City of El Paso*, 315 F.3d 533, 535 (5th Cir. 2003) (party seeking relief from court deadlines must show [] the deadlines cannot reasonably be met despite [] diligence"). "Courts consider four factors in determining good cause: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the extension to the moving party, (3) potential prejudice to the non-movant . . . , and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

2

## ARGUMENT

LabCorp's transfer motion is untimely and allowing it at this late stage would result in a waste of resources and undue prejudice to Ravgen. The Court should deny LabCorp leave because the good cause factors show that LabCorp's delay in seeking transfer is not justified.

### I. LABCORP'S TRANSFER MOTION IS NOT TIMELY.

**First**, LabCorp's transfer motion is not timely under the Court's rules. The Court sets a deadline to file transfer motions without leave eight weeks in advance of the *Markman* hearing. *See* Second Amended Standing Order Regarding Motion For Inter-District Transfer [for Patent Cases], (W.D. Tex. Aug. 18, 2021) ("Transfer Order"). LabCorp failed to meet that deadline in this case, which passed over four months ago on July 26, 2021. *See* Dkt. 55.

Within eight weeks prior to a *Markman* hearing, transfer motions may be filed only with good cause and leave of court. Transfer Order at 2. LabCorp also failed to meet that deadline, which passed on September 20—the date of the *Markman* hearing in this case. *See* Dkt. 55.

LabCorp's Motion seeks transfer over eight weeks **after** *Markman*. The Court's rules **do not even contemplate** such post-*Markman* transfer motions. *See* Transfer Order. LabCorp's decision to forego transfer during the 11 months prior to *Markman* should preclude it from doing so now—2 months after *Markman* and more than **13 months** after the Complaint was filed.

**Second**, LabCorp's transfer motion is not timely under Fifth Circuit law, which requires transfer to be sought with "reasonable promptness." *In re Wyeth*, 406 F. App'x at 477; *Peteet*, 868 F.2d at 1436. Courts have found that transfer motions filed after much shorter delays than LabCorp's fail to meet that test. *See, e.g., O'Connor*, 2010 WL 4366914, at *1 (denying transfer as untimely after four month delay); *F.T.C. v. Multinet Mktg., LLC*, 959 F. Supp. 394, 395 (N.D. Tex. 1997) (seven-month delay); *see also, e.g., McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361, 364 (8th Cir. 1965) (five-month delay). At minimum, LabCorp's delay weighs heavily against

3

transfer. *Godo Kaisha IP Bridge 1 v. Broadcom Lmtd.*, 2017 WL 750290 at *7–9 (E.D. Tex. Feb. 27, 2017) (six month delay "weighs heavily against transfer"); *IBEW-NECA Sw. Health & Ben. Fund v. Duvall Elec., LLC*, No. 3:10-CV-1079-B, 2011 WL 711005, at *4 (N.D. Tex. Feb. 28, 2011) (four month delay); *Doe v. St. Stephen's Episcopal Sch.*, No. CIV.A.C-08-299, 2009 WL 1835155, at *3 (S.D. Tex. June 26, 2009) (seven month delay); *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, 2009 WL 781134, at *7 (E.D. Tex. Mar.23, 2009) (six month delay).

Here, LabCorp waited **13 months** to seek transfer. That delay renders LabCorp's transfer motion not reasonably prompt.[1] *In re Wyeth*, 406 F. App'x at 477; *Peteet*, 868 F.2d at 1436.

## II. LABCORP'S TRANSFER MOTION, IF GRANTED, WILL RESULT IN A WASTE OF RESOURCES CAUSED BY LABCORP'S UNTIMELINESS.

Allowing LabCorp's untimely transfer motion would result in the exact waste of resources that this Court's rules are designed to prevent.[2] Indeed, LabCorp's failure to timely seek transfer "requir[ed] the court to [proceed and] expend time and effort that [will] become wasted upon transfer." *In re Wyeth*, 406 Fed. Appx. at 477. For example, because of LabCorp's delay, this case proceeded through claim construction and a *Markman* hearing, and the Court issued its final *Markman* order. *See* Dkt. 62. The parties are now in the midst of fact discovery, and trial is 10 months away. Courts have repeatedly held that those expenditures—by the Court and the parties— weigh heavily against transfer. *See, e.g., Godo*, 2017 WL 750290, at *9 ("[I]n the name of preserving judicial efficiency, as well as time, energy and money, the Court finds that this factor weighs strongly against transfer."); *Diem LLC v. BigCommerce, Inc.,* No. 6:17-CV-00186-JRG, 2017 WL 6729907, at *5 (E.D. Tex. Dec. 28, 2017) ("This case is currently in discovery, *Markman*

---

[1] As explained in Section III.C below, the undue prejudice to Ravgen caused by LabCorp's delay is another independent basis to find that LabCorp's transfer motion is not reasonably prompt.
[2] For instance, this Court will not hold a *Markman* hearing while a timely transfer motion is pending and sets rules to ensure transfer motions are resolved pre-*Markman*. Transfer Order at 1.

4

briefing is underway, and is set for trial in approximately 10 months. . . . The significant expenditure of party and judicial resources based upon [the] . . . significant delay in bringing this motion weighs against transfer."); *Pat. Harbor, LLC v. Twentieth Century Fox Home Ent., LLC*, No. 6:10-CV-229 LED-JDL, 2012 WL 1903875, at *6 (E.D. Tex. May 25, 2012) ("As a result of Defendants' delay . . . , the Court and the parties expended considerable time and effort into preparing for and conducting a claim construction hearing that might be wasted upon transfer."); *IBEW-NECA*, 2011 WL 711005, at *4 ("[T]ransferring the case at this stage . . . will cause a duplication of efforts by this court and the transferee court as well as the parties.").

If LabCorp had adhered to this Court's rules, the Court and the parties never would have expended the significant efforts they have to-date before resolving LabCorp's transfer motion. *See* Transfer Order. LabCorp's untimeliness should result in denial of LabCorp's Motion.

### III. LABCORP FAILS TO SHOW GOOD CAUSE TO AMEND THE COURT'S TRANSFER DEADLINE.

LabCorp's Motion should be denied because the good cause factors show that LabCorp's failure to meet the Court's transfer deadline—the *Markman* hearing date—is not justified.

#### A. LabCorp Fails To Credibly Explain Its Delay.

LabCorp states that it waited 13 months to seek transfer because: (1) the Federal Circuit allegedly recently "provided further guidance" on the transfer factors, and (2) there are no related cases before this Court. Mot. at 1–2. Neither excuse provides good cause for LabCorp's Motion.

##### 1. There Has Been No Relevant Change In The Law.

LabCorp's Motion lists four recent Federal Circuit opinions that allegedly provide "further guidance" on the transfer factors. Mot. at 2. But LabCorp fails to explain how any of those opinions changed the law. They did not. Indeed, **none** of those opinions is designated precedential, and **none** of those opinions identify a law change. To the contrary, each opinion

5

cites back to earlier decisions to support its holding. *See, e.g., In re Quest Diagnostics Inc.,* No. 2021-193, 2021 WL 5230757, at *2 n.3 (Fed. Cir. Nov. 10, 2021) ("[W]e have repeatedly said . . . ."); *id.* at *3 ([W]e have repeatedly explained . . . ."). Further, **none** of those opinions issued after *en banc* review. Because one Federal Circuit panel cannot overrule another, the panel decisions identified by LabCorp **cannot** constitute a change in the law, especially not one that excuses LabCorp's delay. *See, e.g., Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014) ("[A] later [Federal Circuit] panel is bound by the determinations of a prior panel, unless relieved of that obligation by an *en banc* order of the court or a decision of the Supreme Court.").

The absence of a law change here is emphasized by a case LabCorp cites: *In re Micron Tech., Inc.*, 875 F.3d 1091 (Fed. Cir. 2017). In *In re Micron*, the Federal Circuit recognized a change in venue law and explained that a venue objection based on the Supreme Court's decision in *TC Heartland*[3] was "not available" until that case was decided "because, before then, it would have been improper . . . for the district court to dismiss or to transfer[.]" *In re Micron*, 875 F.3d at 1096. The Federal Circuit also cited exemplary cases holding that, if a position is "futile" prior to a law change, a party may still be able to raise that position after a law change. *Id*. at 1097–98.

Here, LabCorp does **not** allege that transfer relief was unavailable or futile prior to the Federal Circuit's recent non-precedential panel decisions, nor that it would have been improper for LabCorp to seek transfer before those decisions issued. There has therefore been no change in the law that is "sufficiently sharp" to justify LabCorp's 13 month delay. *See Id* at. 1097.[4]

2. **There Has Been No Change In The Facts.**

The only allegedly changed circumstance identified in LabCorp's Motion is the current

---

[3] *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514 (2017).
[4] Even if there were a law change, LabCorp's Motion fails to (1) identify those changes, (2) explain why they are "sufficiently sharp," or (3) show how they impacted LabCorp's transfer motion.

lack of related cases before this Court, Mot. at 2–3, which LabCorp argues "plainly tips . . . private factor 4 . . . to favor transfer." *Id.* at 2. LabCorp is wrong; the dispositions of Ravgen's related cases does not reduce the judicial economies of retaining this case before this Court.

Previously, Ravgen had three other cases before this Court that involved the same two patents, substantially overlapping asserted claims, and substantially similar accused products that use the same blood collection tube that is material to infringement and provided by the same third party (Streck, Inc.). *See, e.g., Ravgen, Inc. v. Quest, Inc.*, No. 20-cv-00972 ("Quest Action"), Dkt. 33 at 1–2. In those cases, this Court held two *Markman* hearings and issued multiple claim construction orders. Quest Action, Dkt. 65; *Ravgen, Inc. v. PerkinElmer et al.*, No. 20-cv-00822, Dkt. 78; *Ravgen, Inc. v. Natera, Inc. et al.*, No. 20-cv-00692 ("Natera Action"), Dkt. 88; *id.*, Dkt. 176. The Natera Action proceeded through summary judgment, and the parties submitted pre-trial filings, including motions *in limine*. *See, e.g.,* Natera Action at Dkts. 113–114, 116–117. This Court determined during its review of those summary judgment motions that a supplemental claim construction was required, and issued a supplemental order on November 8, 2021. Natera Action, Dkt. 176. The Court's time, effort, and experience in those cases do not evaporate when Ravgen's cases are transferred—the Court retains its knowledge related to infringement, claim construction, and evidentiary issues. Indeed, LabCorp's delay **ensured** that this Court would become intimately familiar with this case by allowing it and Ravgen's other cases to proceed without seeking transfer.

### B. LabCorp Fails To Show The Importance Of Transfer.

LabCorp does not identify any reason why its transfer motion is so important as to excuse its 13 month delay in seeking transfer. Indeed, that contention is meritless as the facts upon which LabCorp's transfer motion is based were known at the time the Complaint was filed.[5]

---

[5] Ravgen reserves its arguments as to the merits of LabCorp's transfer motion, but addresses herein certain facts that show that motion is not sufficiently important to excuse LabCorp's delay.

LabCorp's transfer motion identifies purported evidence and witnesses related to the accused products allegedly located in SDCA. *See* Dkt. 72-1 ("Transfer Motion") at 3–5. However, Ravgen's Complaint identified those accused products, *see, e.g.,* Compl. ¶ 4, which LabCorp admits were developed years ago. *See* Dkt. 69 at 1. Because "[t]he parties remain the same, the witnesses remain the same, and the documents remain the same" now as when Ravgen filed its Complaint, LabCorp cannot show good cause. *Novartis Vaccines & Diagnostics, Inc. v. Wyeth*, No. 208-CV-00067 TJW-CE, 2010 WL 1374806, at *5 (E.D. Tex. Mar. 31, 2010); *ATD Combusters, LLC v. Ameritube, LLC*, No. 618CV00077ADAJCM, 2019 WL 4087491, at *4 (W.D. Tex. July 3, 2019) (denying motion to raise theory because "the facts underlying" that theory "were known" at the pleading stage). Thus, LabCorp cannot credibly allege that it could not have made the same arguments regarding witnesses and evidence in a timely transfer motion.

In addition, the purported connections between the six witnesses identified in LabCorp's transfer motion, this case, and SDCA are highly suspect. *See* Transfer Mot. at 4–5. Two party employees identified in LabCorp's transfer motion—Graham McLennan and Vachras Angkachatchai—were **not** identified in LabCorp's initial disclosures, served on September 21, 2021, as possessing relevant information. *See* Dkt. 73-7 at 3–5. It appears LabCorp identified those employees for transfer simply because of their residence. And although the other two party witnesses LabCorp identifies in its transfer motion—Taylor Jensen and Michael Sapeta—were listed in LabCorp's initial disclosures, public sources indicate that those witnesses reside in North Carolina, not California. Dkt. 73-7 at 3–5; Exs. 1–2. While LabCorp alleges that those employees "divide[]" their time in California, Transfer Mot. at 4, the details of that "divi[sion]" and the extent of the employees' connections to SDCA are not clear. LabCorp also identifies in its transfer motion Harry Hixson, Bill Welch, and Resolution Bioscience, Inc. ("ResBio") as "key third-party

witnesses," Transfer Mot. at 5, but excluded those individuals from its initial disclosures, *see* Dkt. 73-7 at 3–5.[6] Accordingly, this factor weighs against a finding of good cause.

### C. LabCorp's Untimely Motion Will Cause Ravgen Undue Prejudice And Give LabCorp A Tactical Advantage.

**First**, LabCorp's untimely transfer motion will unduly prejudice Ravgen by delaying the parties' agreed-upon schedule, and thereby thwart Ravgen's legitimate interest in the timely enforcement of its patent rights. *Cf. Intell. Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights[.]"). The average time to a patent jury trial in SDCA is nearly three years. Ex. 3. This Court routinely brings cases to trial in approximately two years. *See, e.g., Ocean Semiconductor LLC v. Renesas Elecs. Corp et al.*, No. 20-CV-1213-ADA, Dkt. 60 at *14–*15 (W.D. Tex. Dec. 3, 2021) (collecting cases). Further, transfer to another Court would cause duplication of judicial efforts, including with respect claim construction, causing further delays. Disruption to, and delay of, a schedule caused by LabCorp's untimely transfer motion prejudices Ravgen and is a sufficient basis to deny the Motion. *See, e.g., Konami*, 2009 WL 781134, at *7 (If a "transfer motion would result in prejudice solely due to the delay in bringing the motion . . . , then the movant has failed to show 'reasonable promptness.'"); *Godo*, 2017 WL 750290, at *7 (same); *IBEW-NECA*, 2011 WL 711005, at *4 ("The Court finds that transferring the case will cause prejudice to the parties because key dates on the Scheduling Order . . . will be eliminated."); *TIG Ins. Co. v. Woodsboro Farmers Coop.*, No. 5:18-CV-191, 2020 WL 12573286, at *2 (S.D. Tex. Jan. 28, 2020) (granting transfer would "nullify [the court's]

---

[6] In any event, as LabCorp admits, those witnesses **were identified in Ravgen's Complaint**, as was ResBio. Transfer Mot. at 5; Compl. ¶¶ 78, 95, 96; *see also IBEW-NECA*, 2011 WL 711005, at *4 (witnesses' relevance "seems obvious from the face of the Original Complaint"). Thus, as with the party witnesses, those alleged "key third-party witnesses" cannot establish good cause.

9

scheduling order, delay discovery, and require another court to familiarize itself with the legal issues in this case. . . . [T]he Court finds that [defendant's] motion to transfer is not 'reasonably prompt.'"); *Diem LLC*, 2017 WL 6729907, at *5 (denying transfer when it "would result in a delay in the already established schedule"); *Norman IP Holdings, LLC v. Casio Computer Co.,* No. 6:09-CV-270, 2010 WL 4238879, at *6 (E.D. Tex. Oct. 27, 2010) ("Defendants' delay . . . would unnecessarily prejudice Plaintiff and delay this case by upsetting" court deadlines).

**Second**, LabCorp's transfer motion will prejudice Ravgen by requiring it to focus on transfer discovery while the parties are in the midst of fact discovery. As explained above, the facts on which LabCorp's transfer motion is based are highly suspect and may require discovery. If LabCorp had timely sought transfer, all such discovery would already have been completed, as the Court's rules intend. *See* Transfer Order. Forcing Ravgen to pursue discovery on multiple fronts at this late stage when trial is 10 months away would unduly prejudice Ravgen.

**Third**, LabCorp's untimely transfer motion, if successful, will provide LabCorp an unfair tactical advantage as it would effectively allow LabCorp another attempt at claim construction. That is the exact type of gamesmanship this Court's rules are designed to prevent. *Id.* Therefore, this factor weighs against a granting LabCorp's Motion.

### D. A Continuance Will Not Cure Ravgen's Prejudice.

Courts in the Fifth Circuit have made clear that a continuance to resolve late-filed transfer motions will not cure prejudice to the non-movant—a continuance **is** the prejudice caused by the late-filed motion that must be **prevented**. *IBEW-NECA*, 2011 WL 711005, at *4; *TIG Ins. Co.*, 2020 WL 12573286, at *2; *Diem LLC*, 2017 WL 6729907, at *5; *Norman*, 2010 WL 4238879, at *6. Thus, this good cause factor, like the others, shows that LabCorp's Motion should be denied.

### CONCLUSION

For the foregoing reasons, Ravgen respectfully requests that the Court deny the Motion.

10

| | | |
|---|---|---|
| Dated: December 7, 2021 | By: | */s/ Benjamin N. Luehrs* |

        Deron R. Dacus
        State Bar No. 00790553
        **THE DACUS FIRM, P.C.**
        821 ESE Loop 323, Suite 430
        Tyler, TX 75701
        Phone: (903) 705-1117
        Fax: (903) 581-2543
        ddacus@dacusfirm.com

        John M. Desmarais (*pro hac vice*)
        Gabrielle Higgins (*pro hac vice*)
        Kerri-Ann Limbeek (*pro hac vice*)
        Jamie L. Kringstein (*pro hac vice*)
        Kyle G. Petrie *(pro hac vice)*
        Joze Welsh (*pro hac vice*)
        Jun Tong (*pro hac vice*)
        Deborah J. Mariottini *(pro hac vice)*
        Peter Zhu (*pro hac vice*)
        Vi Tran (*pro hac vice*)
        Benjamin N. Luehrs (Texas Bar No. 440317)
        **DESMARAIS LLP**
        230 Park Avenue
        New York, NY 10169
        Telephone: 212-351-3400
        Facsimile: 212-351-3401
        jdesmarais@desmaraisllp.com
        ghiggins@desmaraisllp.com
        klimbeek@desmaraisllp.com
        jkringstein@desmaraisllp.com
        kpetrie@desmaraisllp.com
        jwelsh@desmaraisllp.com
        jtong@desmaraisllp.com
        dmariottini@desmaraisllp.com
        pzhu@desmaraisllp.com
        vtran@desmaraisllp.com
        bluehrs@desmaraisllp.com

        ***Attorneys for Plaintiff Ravgen, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document and all attachments thereto have been served via the Court's CM/ECF system to counsel of record on December 7, 2021.

Dated: December 7, 2021  /s/ Benjamin N. Luehrs
Benjamin N. Luehrs