# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **RAVGEN, INC.,** | § | |
| *Plaintiff* | § | |
| | § | **W-20-CV-00969-ADA** |
| **-vs-** | § | |
| | § | |
| **LABORATORY CORPORATION OF** | § | |
| **AMERICA HOLDINGS,** | § | |
| *Defendant* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Laboratory Corporation of America Holdings' ("LabCorp") Opposed Motion for Leave of Court to File Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (the "Motion"). ECF No. 72. After review of the relevant briefing, including Plaintiff Ravgen, Inc.'s ("Ravgen") Response (ECF No. 77) and LabCorp's Reply (ECF No. 78), the Court **DENIES** LabCorp's Motion.

## I.      BACKGROUND

Ravgen filed suit against LabCorp in October of 2020. ECF No. 1. On January 11, 2021, Defendant filed its Answer and asserted certain counterclaims against Ravgen. ECF No. 19. On January 18, 2021, Ravgen filed the Case Readiness Status Report, indicating no motions were pending and that three other related cases were in this district.[1] In May of 2021, the parties filed a joint proposed scheduling order, and on September 20, 2021, the Court held the *Markman* for the instant case and its companion case, *Ravgen, Inc. v. Quest Diagnostics Inc.*, 6:20-cv-00972-ADA. The Court issued its written claim construction order (ECF No. 62), and the parties are in the midst of fact discovery. ECF No. 77 at 1. Months after the *Markman* hearing, on November

---

[1] *Ravgen, Inc. v. PerkinElmer Inc. et al.*, 1:20-cv-00822-ADA; *Ravgen, Inc. v. Natera, Inc. et al.*, 1:20-cv-00692-ADA; and *Ravgen, Inc. v. Quest Diagnostics Inc.*, 6:20-cv-00972-ADA.

23, 2021, Defendant LabCorp filed this Motion, seeking leave to file a motion to transfer venue under 28 U.S.C. § 1404(a). ECF No. 72. Trial is scheduled for September of this year. The Motion has been fully briefed and is ripe for review.

## II.      LEGAL STANDARD

Motions to transfer patent cases are governed by regional circuit law. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). A party seeking transfer "should not delay filing" and must act with "reasonable promptness." *In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Otherwise, "the court [will] expend time and effort that might become wasted upon transfer." *In re Wyeth,* 406 F. App'x at 477.

A transfer motion filed after a court deadline should only be allowed if the motion is timely and shows good cause for the delay. *O'Connor v. Smith*, No. CIV.A. C-10-77, 2010 WL 4366914, at *1 n.1 (S.D. Tex. Oct. 28, 2010) (denying transfer motion "as moot because it is untimely and not filed with good cause"); *see also, e.g., Charter Sch. Sols. v. GuideOne Mut. Ins. Co.*, 333 F.R.D. 97, 102 (W.D. Tex. 2019) (denying amendment to court deadlines because movant "has not shown its inability to meet the Court's deadlines despite any diligence, and all four factors weigh against good cause").

Good cause requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Sw. Bell Tel. Co. v. City of El Paso*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)) (internal quotation marks omitted). Courts consider four factors in determining good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in

allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

## III.     ANALYSIS

### A.     Motion for Leave

Defendant LabCorp argues that good cause exists to file its Motion to Transfer "as circumstances of the instant litigation have recently changed, making the Southern District of California clearly a more convenient forum." ECF No. 72 at 1. In support of its argument, LabCorp relies on two propositions: (1) the Federal Circuit allegedly provided a "sharp change of law" that is now grounds for transfer, and (2) no related co-pending cases remain before the Court. *Id.* at 1–2. Of the related cases previously mentioned, LabCorp highlights that one was dismissed, one was transferred to the Central District of California, and one was transferred to another judge within the Western District of Texas. *Id.* LabCorp therefore believes that the convenience factors now tip in favor of transfer.

Ravgen plainly disagrees and asks that this Court deny LabCorp's Motion because it is untimely, would result in a waste of resources, and lacks good cause. Ravgen emphasizes that LabCorp waited thirteen months to seek transfer and fails to provide any credible explanation for its delay. Such delay, Ravgen argues, presents indisputable prejudice that cannot be cured.

### 1.     *LabCorp's transfer motion is not timely.*

LabCorp and Ravgen dispute the timeliness of LabCorp's transfer motion. The central issue is whether the Motion's timeliness is predicated on the date of the Court's standing order, or the date of the alleged change in law and transfer of the last co-pending case. Parties are free to file transfer motions without leave until eight weeks before *Markman* hearings. *See* Second Amended Standing Order Regarding Motion for Inter-District Transfer [for Patent Cases], (W.D.

Tex. Aug. 18, 2021). LabCorp did not meet that deadline—the motion, absent good cause, is not timely.

The Court's standing order reflects Fifth Circuit law, which requires that parties "not delay [the] filing of a motion to transfer" and that transfer to be sought with "reasonable promptness." *In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). As our sister courts have stated, "late-filed motions to transfer are looked upon with extreme disfavor." *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 126 n.4 (E.D. Tex. 2009). LabCorp's timeliness argument is particularly null given the weakness of its foundational propositions—that a change in law and disposition of co-pending cases triggers the Motion's timeliness.

### 2.    LabCorp lacks good cause.

"LabCorp's position is that the Federal Circuit clarified and provided further guidance as to the weight and specificity of the factors pertinent to transfer motions." ECF No. 78 at 2. LabCorp cites to three orders of this Court wherein the Court amended prior orders. Specifically, LabCorp argues that the Federal Circuit changed the calculus in favor of transfer to the Southern District of California with respect to the sources of proof, compulsory process, convenience of the witnesses, practical problems, court congestion, and local interest factors.

Ravgen contends that none of the Federal Circuit opinions identified a law change, nor were any precedential. Similarly, Ravgen argues there has been no change in the facts. For example, "the disposition of Ravgen's related cases does not reduce the judicial economies of retaining this case before this Court." Ravgen further argues that LabCorp fails to show the importance of transfer, and even alleges LabCorp identified certain witness employees solely for the purpose of its transfer motion. ECF No. 77 at 8. Last, Ravgen posits the Motion will cause Ravgen undue prejudice that cannot be cured by a continuance.

First, LabCorp's explanation for its failure to meet the deadline falls on deaf ears. Notably, LabCorp does not identify with any specificity *how* the calculus changed, but vaguely lists off six of the eight transfer factors and notes that this Court amended certain transfer orders. LabCorp's reliance on this Court's amended orders is similarly futile. In an exercise of discretion, this Court reviewed its analysis of the law and of the facts in a few cases. But such amended orders were the product of timely filed motions to transfer, and not every amended order resulted in transfer. *See Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Techs., Ltd.*, No. 6:20-cv-00876-ADA, Dkt. 87, slip op. at 1 (W.D. Tex. Nov. 5, 2021). Here, LabCorp never filed a transfer motion. Yet, more than thirteen months into the case, it seeks to uproot the litigation for unspecified reasons. Furthermore, the Federal Circuit opinions that provided a "new calculus," per LabCorp, cite back to prior opinions to illustrate that such a calculus was *not* new. *See, e.g., In re Quest Diagnostics Inc.*, No. 2021-193, 2021 WL 5230757, at *2 n.3 (Fed. Cir. Nov. 10, 2021) ("[W]e have repeatedly said . . . ."); *id.* at *3 ("[W]e have repeatedly explained . . . ."); *In re Apple Inc.*, No. 2021-181, 2021 U.S. App. LEXIS 33788, at *10 (Fed. Cir. Nov. 15, 2021) ("We have repeatedly held . . . ."); *id.* at *10 ("But we have repeatedly . . . ."); *id.* at 14 ("We have repeatedly rejected . . . ."); *In re Atlassian Corp. PLC*, No. 2021-177, 2021 U.S. App. LEXIS 33790, at *9 (Fed. Cir. Nov. 15, 2021) ("[W]hich we have repeatedly explained . . . .").

Second, LabCorp also fails to show why such an extension is important. Again, LabCorp relies on "new guidance from the Federal Circuit." But LabCorp's failure to file a transfer motion with "reasonable promptness" mitigates the importance of transfer to the Southern District of California. The witnesses and underlying facts at the time of the Complaint remain the same. And, as noted above, no "sufficiently sharp change in law" occurred to justify such a

delay. Ravgen's failure to present its convenience arguments before substantive proceedings began cuts against the importance of an extension. At the very least, such delay would weigh heavily against transfer. *See F.T.C. v. Multinet Mktg., LLC*, 959 F. Supp. 394, 395 (N.D. Tex. 1997) (seven-month delay is not "reasonable promptness" and "likely to upset the discovery and trial schedule and waste judicial resources"); *Konami Digital Ent. Co. v. Harmonix Music Sys., Inc.*, No. CIV A 6:08-CV-286, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009) (six-month delay weighed against transfer); *West Coast Trends, Inc. v. Ogio Int'l, Inc.*, 2011 WL 5117850, at *4 (E.D. Tex. Oct. 27, 2011) (nine-month delay weighed against transfer); *TQP Dev., LLC v. LinkedIn Corp.*, No. 2:12-CV-191-JRG-RSP, 2013 WL 12247813, at *6 (E.D. Tex. Mar. 28, 2013) (five-month delay weighed against transfer); *N5 Techs., LLC v. Bank of Am., N.A.*, No. 2:12-CV-685-MHS-RSP, 2014 WL 558762, at *4–5 (E.D. Tex. Feb. 10, 2014) (six-month delay weighed against transfer); *Good Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-0134-JRG-RSP, 2017 WL 750290, at *9 (E.D. Tex. Feb. 27, 2017) (six-month delay weighed heavily against transfer).

Third, LabCorp's untimely transfer motion would unduly prejudice Ravgen. The parties are currently in the midst of fact discovery. If the Court were to grant leave for LabCorp to file its motion to transfer, jurisdictional discovery would ensue, complicating and likely delaying fact discovery and future deadlines in preparation for trial. At the very least, trial would be delayed upon transfer, prejudicing Ravgen. *Compare* ECF No. 77-4 *with Ocean Semiconductor LLC v. Renesas Elecs. Corp et al.*, No. 20-CV-1213-ADA, Dkt. 60 at *14–15 (W.D. Tex. Dec. 3, 2021) (collecting cases). *See also Konami*, 2009 WL 781134, at *7 (If a "transfer motion would result in prejudice solely due to the delay in bringing the motion . . . , then the movant has failed to show 'reasonable promptness.'"); *Godo*, 2017 WL 750290, at *7 (same); *IBEW-NECA*, 2011

WL 711005, at *4 ("The Court finds that transferring the case will cause prejudice to the parties because key dates on the Scheduling Order . . . will be eliminated."); *TIG Ins. Co. v. Woodsboro Farmers Coop.*, No. 5:18-CV-191, 2020 WL 12573286, at *2 (S.D. Tex. Jan. 28, 2020) (granting transfer would "nullify [the court's] scheduling order, delay discovery, and require another court to familiarize itself with the legal issues in this case. . . . [T]he Court finds that [defendant's] motion to transfer is not 'reasonably prompt.'"); *Diem LLC*, 2017 WL 6729907, at *5 (denying transfer when it "would result in a delay in the already established schedule"); *Norman IP Holdings, LLC v. Casio Computer Co.*, No. 6:09-CV-270, 2010 WL 4238879, at *6 (E.D. Tex. Oct. 27, 2010) ("Defendants' delay . . . would unnecessarily prejudice Plaintiff and delay this case by upsetting" court deadlines).

Last, a continuance would not cure the prejudice against Ravgen, but further magnify it. *See, e.g.*, *IBEW-NECA*, 2011 WL 711005, at *4; *TIG Ins. Co.*, 2020 WL 12573286, at *2; *Diem LLC*, 2017 WL 6729907, at *5; *Norman*, 2010 WL 4238879, at *6. After review of the four factors, the Court finds that LabCorp's Motion is untimely and cannot be saved by "good cause."

## IV.    CONCLUSION

For the reasons stated above, Defendant Laboratory Corporation of America Holdings' Opposed Motion for Leave of Court to File Motion to Transfer Venue Under 28 U.S.C. § 1404(a) [ECF No. 72] is **DENIED**.

SIGNED this 28th day of January, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE