IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RAVGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendant. | Civil Action No. 6:20-CV-00969-ADA <br><br> **JURY TRIAL DEMANDED** |

**RAVGEN'S OPPOSITION TO DEFENDANT LABCORP'S
OPPOSED MOTION TO EXTEND THE TRIAL DATE**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

LEGAL STANDARDS .........................................................................................................4

ARGUMENT .........................................................................................................................5

I.      EXTENDING THE TRIAL DATE WOULD UNDULY PREJUDICE RAVGEN............5

II.     THE ADVANCED STAGE OF THIS CASE, WITH TRIAL LESS THAN TWO MONTHS AWAY, RENDERS AN EXTENSION OF THE TRIAL DATE INAPPROPRIATE. ..................................................................................................7

III.    EXTENDING THE TRIAL DATE WOULD NOT SIMPLIFY THE ISSUES IN THIS CASE. ..................................................................................................................8

IV.    LABCORP'S MOTION IS AN UNTIMELY MOTION FOR RECONSIDERATION. ...............................................................................................10

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*,
    No. 2:19-CV-02754-JMP, 2020 WL 7865959 (W.D. Tenn. Nov. 24, 2020) ..................... 5

*Cont'l Can Co. USA v. Monsanto Co.*,
    948 F.2d 1264 (Fed. Cir. 1991) ....................................................................................... 6

*Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*,
    No. 6:20-CV-00200-ADA, 2021 WL 1298932 (W.D. Tex. Apr. 7, 2021) ...................... 10

*Kirsch Rsch. & Dev., LLC v. Epilay, Inc.*,
    No. 2:20-CV-03773-RGK (JPR), 2021 WL 4732578 (C.D. Cal. May 7, 2021) ............... 6

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
    No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) ............................ 4, 6

*Procter & Gamble Co. v. Team Techs., Inc.*,
    No. 1:12-CV-552, 2014 WL 533494 (S.D. Ohio Feb. 11, 2014) ...................................... 6

*Ravgen, Inc. v. Quest Diagnostics, Inc.*,
    No. 2:21-CV-09011-RGK (GJS), 2022 WL 2047615 (C.D. Cal. Feb. 2, 2022) ............ 7, 9

*SAS Inst., Inc. v. Iancu*,
    138 S. Ct. 1348 (2018) .................................................................................................... 9

*Scorpcast, LLC v. Boutique Media Pty Ltd.*, No.
    2:20-CV-00193-JRG (RSP), 2020 WL 7631162 (E.D. Tex. Dec. 22, 2020) ................ 8, 9

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
    No. 6:21-CV-00168-ADA, 2022 WL 2307475 (W.D. Tex. June 27, 2022) ............... 6, 10

*Toshiba Tec Cor v. Katun Cor*,
    No. 15-cv-1979-SJO (JCx), 2016 WL 9137646 (C.D. Cal. Sept. 21, 2016) ..................... 5

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ........................................................................... 6

*USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200
    (W.D. Tex. Aug. 5, 2021) ....................................................................................... 4, 6, 9

*VideoShare, LLC v. Meta Platforms Inc.*,
    No. 6-21-CV-00254-ADA, 2022 WL 2718986 (W.D. Tex. July 12, 2022) ..................... 8

*Wsou Invs. LLC v. Microsoft Corp.*,
    No. 6:20-CV-00454-ADA, 2022 WL 2078216 (W.D. Tex. June 9, 2022) .................. 5, 10

**Rules**

Rule 54(b) of the Federal Rules of Civil Procedure ........................................................ 5

**INTRODUCTION**

Defendant Laboratory Corporation of America Holdings ("LabCorp") has already litigated and lost this motion. On January 28, 2022, this Court denied LabCorp's Motion to Stay Pending Resolution of *Inter Partes* Review, Dkt. 69 ("First Stay Motion"). Dkt. 83. The Court should again deny LabCorp's Motion to Extend the Trial Date, Dkt. 162 ("Motion"), which is similarly premised on pending *Inter Partes* Review ("IPR") petitions. LabCorp has failed to show any meaningful change in circumstances warranting a different decision. To the contrary, in the six months since the Court denied LabCorp's First Stay Motion, the parties and the Court have only expended additional resources preparing this case for trial, which is now less than sixty days away.

***First***, extending the trial date will cause Ravgen undue prejudice. Ravgen and LabCorp both compete in the non-invasive prenatal genetic testing market and a stay will harm Ravgen, as LabCorp continues to use Ravgen's technologies without a license. Further, Ravgen has a strong interest in the timely and complete enforcement of its patents.

***Second***, the advanced stage of this case weighs heavily against extending the trial date. The parties' September 19 trial is less than two months away. *See* Dkt. 82. And, since the Court denied LabCorp's last attempt to delay the consequences of its infringement, this case has progressed significantly. The parties and the Court have expended substantial resources litigating LabCorp's infringement through the completion of fact and expert discovery, summary judgment and *Daubert* briefings, and the initiation of pre-trial disclosure. Indeed, LabCorp does not discuss the stage of the case in its Motion, and, thus, concedes that the stage of this case weighs significantly against extending the trial date.

***Third***, extending the trial date will not simplify the issues for trial. As explained in Ravgen's Opposition to Defendant's First Stay Motion, the Patent Trial and Appeal Board ("the

1

Board") considered the IPR petitions and explicitly stated that it **cannot characterize those petitions as strong**. The pending IPRs will also not resolve all issues of validity or infringement.

For at least the reasons herein, Ravgen respectfully requests that the Court deny the Motion.

## BACKGROUND

Ravgen is a biotechnology company that provides state of the art genetic testing. *See* Ex. 1 (Ravgen Website) at 1.[1] It was founded with the goal of developing methods of preparing and analyzing fetal DNA for patients seeking a prenatal test that is both safe and highly accurate. *Id.* Ravgen met that goal with the inventions disclosed in several United States patents, including U.S. Patent Nos. 7,332,277 ("the '277 patent") and 7,727,720 ("the '720 patent") (the "Patents-in-Suit"). Dkt. 1 ¶¶ 1, 16–40. Ravgen's inventions claimed in the Patents-in-Suit for preparing samples for analysis and detecting free nucleic acids were so innovative and important that LabCorp—like other competitors of Ravgen—adopted those technologies in its own non-invasive prenatal tests such as the MaterniT21 PLUS, MaterniT Genome, and InformaSeq. *Id.* at ¶¶ 42–53.

Ravgen and LabCorp both participate in the non-invasive prenatal testing market and offer prenatal Down syndrome testing. *See* Ex. 1 at 1; Ex. 2 at 1 ("MaterniT 21 PLUS screens for certain chromosomal abnormalities called trisomies, including trisomy 21 (Down syndrome), trisomy 18 (Edwards syndrome), and trisomy 13 (Patau syndrome)"). And Ravgen's and LabCorp's competitor status and market participation is recognized in the industry. *See* Ex. 3 at 2 (identifying both Ravgen and LabCorp as "prominent players" in the "prenatal and newborn genetic testing market"); *Ravgen, Inc. v. Quest Diagnostics, Inc.*, No. 2:21-CV-09011, Dkt. 21-2 (Ex. 4) at 13 (identifying LabCorp as one of Ravgen's "[c]losest [i]ndustry [p]eers.").

---

[1] Exhibits 1–10 refer to the exhibits attached with the Declaration of Benjamin Luehrs ("Luehrs Decl."), filed concurrently herewith.

2

Ravgen filed its complaint against LabCorp on October 16, 2020, asserting infringement of the Patents-In-Suit. Dkt. 1. Between filing the complaint and LabCorp's First Stay Motion, the parties and the Court dedicated considerable resources to resolving claim construction issues and litigating LabCorp's infringement including by serving preliminary invalidity and infringement contentions, serving interrogatories, requests for production, and six third party subpoenas, and making document productions. *See* Dkt. 73 (Ravgen's Opp. to First Stay Motion) at 1–2.

Between October 19 and December 14, 2021, the Board instituted three IPR petitions against the '277 patent and three IPR petitions against the '720 patent. Notably, in its decision instituting the LabCorp petitions, the Board clarified that it was "not prepared on this preliminary record to characterize [LabCorp's] challenge as 'strong.'" Dkt 69-1 at 25; Dkt. 69-2 at 24. On January 26, 2022, the Board instituted two IPR petitions against the '277 patent and '720 patent but, again, clarified that it would not characterize those petitions as "strong." *See* Ex. 5 at 31; Ex. 6 at 33. On April 22, 2022, the Board instituted one IPR petition against the '277 patent. Ex. 9.

On November 16, 2021, LabCorp filed its First Stay Motion pending the IPRs. Dkt. 69. And on November 23, 2021, LabCorp filed a delinquent Motion for Leave of Court to File a Motion to Transfer Venue—LabCorp's second attempt to avoid a September trial in this Court. Dkt. 72. This Court correctly denied LabCorp's First Stay Motion and its untimely Motion to Transfer on January 28, 2022. Dkts. 83, 81.

Since the Court denied the First Stay Motion, this case has progressed significantly and is rapidly approaching complete resolution. On February 11, 2022, Ravgen and LabCorp served final infringement and invalidity contentions. Exs. 7, 8. On April 7, 2022, fact discovery closed after the parties completed approximately 20 fact depositions. Luehrs Decl. ¶ 13. Between April 21 and

June 9, 2022, the parties served 11 expert reports and deposed 7 experts witnesses. *Id.* at ¶ 14. On April 12 and June 21, 2022, the Court conducted two discovery hearings. Dkts. 94, 95, 106, 107.

On June 30, 2022, the parties filed opening summary judgement and *Daubert* motions. Dkts. 110–124. Rebuttal and replies to these motions were filed on July 14 and July 21, 2022. Dkts. 136–161. On July 13, 2022, the parties served pretrial disclosures. Luehrs Decl. ¶ 15. And, on July 22, 2022, the parties served objections and rebuttals to pre-trials disclosures. *Id.* at ¶ 16. The pre-trial hearing is currently scheduled for August 25, 2022. Trial is set to open on September 19. But on July 22, 2022, with trial less than two months away, LabCorp filed this Motion, attempting for the third time to avoid trial in this Court. Dkt. 162 (Motion).

## **LEGAL STANDARDS**

"The party seeking a stay bears the burden of showing that a stay is appropriate." *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review . . . : (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *1 (W.D. Tex. Aug. 5, 2021) (Albright, J.).

LabCorp's Motion is effectively an untimely motion for reconsideration of the First Stay Motion pending IPRs. Rule 54(b) of the Federal Rules of Civil Procedure embraces a "flexible approach permit[ing] [courts] to require a showing of one of the following factors to justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice." *Wsou Invs. LLC v. Microsoft Corp.*, No. 6:20-CV-00454-ADA, 2022 WL 2078216, at *2 (W.D. Tex. June 9, 2022)

4

(internal citations omitted). "[T]he critical inquiry is whether justice requires relief from the interlocutory order." *Id.* (citing *Kroger*, 864 F.3d at 337).

## ARGUMENT

The Motion should be denied because none of the relevant factors favor a stay.

### I. Extending The Trial Date Would Unduly Prejudice Ravgen.

*First*, Ravgen and LabCorp are competitors in the non-invasive prenatal testing market and delaying the trial will harm Ravgen's ability to compete in that market. For instance, Ravgen and LabCorp both offer prenatal Down syndrome testing and Ravgen accuses LabCorp's Down Syndrome tests (*e.g.*, MaterniT21 Plus) of infringement in this case. *See, e.g.*, Ex. 1 at 1; Ex. 2 at 1. And the industry recognizes Ravgen's and LabCorp's competitor status by, for example, identifying both parties as "prominent players" in the "prenatal and newborn genetic testing market." *See* Ex. 3 at 2; Ex. 4 at 13 (identifying LabCorp as one of Ravgen's "[c]losest [i]ndustry [p]eers"). Courts recognize that the parties' competitor status heightens the prejudice to the patentee if trial is delayed. *See, e.g., Toshiba Tec Cor v. Katun Cor*, No. 15-cv-1979-SJO (JCx), 2016 WL 9137646, at *4 (C.D. Cal. Sept. 21, 2016) ("[the undue prejudice] factor weighs strongly against granting a stay where the parties are direct competitors.") (internal citations omitted).

Ravgen's relative market share also heightens the prejudice to Ravgen if the trial were delayed. The longer that the other "prominent players" in the market, such as LabCorp, continue to benefit from Ravgen's inventions without attribution, the more customers and recognition Ravgen will lose. Those harms—"permanent loss of marketshare and goodwill" (*see Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 2:19-CV-02754-JMP, 2020 WL 7865959, at *2 (W.D. Tenn. Nov. 24, 2020))—are "difficult to quantify[.]" *Procter & Gamble Co. v. Team Techs., Inc.*, No. 1:12-CV-552, 2014 WL 533494, at *2 (S.D. Ohio Feb. 11, 2014). And for smaller, practicing entities like Ravgen, receiving a timely judgment for past damages will make "a material

5

difference to [Ravgen's] business." *Kirsch Rsch. & Dev., LLC v. Epilay, Inc.*, No. 2:20-CV-03773-RGK (JPR), 2021 WL 4732578, at *4 (C.D. Cal. May 7, 2021).

LabCorp's only basis for its assertion that the "slight delay of the trial date would not unduly prejudice Ravgen" is that "Ravgen is only seeking monetary damages." Motion at 3. But Ravgen's litigation decision to only seek monetary damages "does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay[.]" *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013). Ravgen's patent rights should not be sidelined while LabCorp continues to gain market share using Ravgen's patented technologies.

**Second**, this Court has recognized that "'[a] patent holder has an interest in the timely enforcement of its patent right,' even when the patent holder has only sought monetary relief." *USC IP*, 2021 WL 6201200, *2 (citing *MiMedx*, 2015 WL 11573771, at *2). Indeed, "[t]he Federal Circuit has long held that '[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation.'" *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *2 (W.D. Tex. June 27, 2022) (Albright, J.) (internal citations omitted)); *Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1266 (Fed. Cir. 1991) ("[T]he patent property is a wasting asset, and justice is ill served by delay in final resolution.").

Additionally, the Patents-In-Suit expire in March 2023, only three months after LabCorp's requested trial date, and courts have previously recognized that "placing an asserted patent in limbo for the majority of its remaining life would create a clear tactical disadvantage for [p]laintiffs.'" *Ravgen, Inc. v. Quest Diagnostics, Inc.*, No. 2:21-CV-09011-RGK (GJS), 2022 WL 2047615, at

6

\*4 (C.D. Cal. Feb. 2, 2022) (internal citations omitted).[2] With trial **two months** away, delaying the trial three months unduly harms Ravgen's interest in a timely and complete resolution of this case.

**Third**, LabCorp's assertion that "the trial date of September 19, 2022 became difficult for Labcorp recently" is a thinly-veiled attempt to evade this Court's denial of LabCorp's First Stay Motion.  LabCorp has known about the trial date since November 18, 2021.[3] Dkt. 73-22.  And LabCorp has not offered any explanation of why "Labcorp's Global Leadership Meeting" was scheduled for the week it knew its "leaders of Labcorp" were "expect[ed] to or may[be] call[ed] at trial." Motion at 3.  And LabCorp has not identified with particularity which of the six witnesses listed in its Motion LabCorp intends to call at trial.[4]  Nor has LabCorp explained why such witness would be "an integral part of Labcorp's Global Leadership Meeting." Motion at 3.  Nor does LabCorp explain how a three-day conference scheduled for September 20-22, 2022 necessitates delaying trial by **three months** until after December 14, 2022.[5]  LabCorp's unsupported assertions pale in comparison to the prejudice Ravgen will face if the trial is delayed.

**II.     The Advanced Stage Of This Case, With Trial Less Than Two Months Away, Renders An Extension Of The Trial Date Inappropriate.**

The advanced stage of this case weighs heavily against extending the trial date.  Since this Court considered and denied LabCorp's First Stay Motion six months ago, the parties and the

---

[2] In denying a motion to stay pending IPRs brought by another of Ravgen's competitors—Quest Diagnostics, Inc.— a Central District of California Court found that Ravgen would be prejudiced by a stay placing the same patents-in-suit in limbo for the majority of their remaining life.  *Id*.
[3] Indeed, delaying the trial at this point would place a great burden on Ravgen and its witnesses who have already made hotel and travel arrangements to attend the September 19, 2022 trial.
[4] Notably, LabCorp's witness list identifies **thirteen** fact witnesses (and three expert witnesses) that it allegedly plans to call live at trial as well as eight witnesses it plans to call by deposition). Ex. 10.  Contravening this Court's March 7, 2022 Standing Order on Pretrial Procedures, that witness list fails to provide the order in which the witnesses will be called or the estimated times for each examination.  *See, e.g.*, *id*.
[5] Ravgen is willing and able to begin trial on September 12, 2022, the week prior to the scheduled date, to obviate the purported burden on LabCorp's witnesses.

Court have only expended additional resources. Now the parties have been litigating LabCorp's infringement for over *twenty months* and trial is less than *two months* away.

"If 'the court has expended significant resources, then courts have found that this factor weighs against a stay.'" *VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-CV-00254-ADA, 2022 WL 2718986, at *4 (W.D. Tex. July 12, 2022) (Albright, J.) (internal citations omitted). The early stages of this case have long past—a claim construction order has issued, fact discovery—during which the parties completed approximately 20 depositions—has closed, expert discovery—during which the parties served 11 expert reports and deposed 7 expert witnesses—has closed, the Court has conducted multiple discovery hearings, summary judgment and *Daubert* briefing is complete, trial preparations are well underway, and the pre-trial conference is set for approximately four weeks from now. In litigating this case—a case over 90% complete by time pending—the Court and parties have already expended significant resources, and "the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion." *Id.*

### III. Extending The Trial Date Would Not Simplify The Issues In This Case.

Like its First Stay Motion, LabCorp points to instituted IPR petitions but fails to show that "the Board is *likely* to invalidate *every asserted claim*." *Scorpcast, LLC v. Boutique Media Pty Ltd.*, No. 2:20-CV-00193-JRG (RSP), 2020 WL 7631162, at *3 (E.D. Tex. Dec. 22, 2020) (emphases added). "Unless the Board indicate[s] there is a serious chance it will invalidate all the asserted claims, [this] Court [should] not needlessly" delay resolution of this case. *Id*.

As explained in Ravgen's Opposition to the First Stay Motion, the Board stated that it was "not prepared on this preliminary record to characterize [LabCorp's] challenge as 'strong.'" *See* Dkt. 73 at 5 (citing Dkt 69-1 at 25; Dkt. 69-2 at 24). LabCorp now relies on three more IPR Petitions in a feeble attempt to differentiate this Motion from the denied First Stay Motion. Motion at 3. But again, the Board could not characterize those new petitions as "strong." *See* Ex. 5 at 31;

8

Ex. 6 at 33.[6]  This Court has found similar language weighs against a likelihood of invalidating the claims.  *See USC IP*, 2021 WL 6201200, at *2 (finding that movant "[did] not show[] that the PTAB is likely to invalidate all asserted claims" because it "specifically noted . . . that it cannot say that the merits of [movant's] IPR petitions are particularly strong.") (internal citations omitted).

Indeed, the Institution Decisions only hold that the Petitioner established a "reasonable likelihood of prevailing in showing that at least *one* of the challenged claims is unpatentable[.]" *See, e.g.*, Ex. 5 at 57–58 (emphasis added).  After *SAS Inst., Inc. v. Iancu*, if the Board decides to institute IPR on even one claim, it must institute on all claims.  138 S. Ct. 1348, 1354 (2018).  Thus, institution decisions are not as "useful as they were in the past for providing an indication of whether all instituted claims would be found unpatentable." *Scorpcast*, 2020 WL 7631162, at *3; *see also Ravgen v. Quest*, 2022 WL 2047615, at *4.  For example, the Board in IPR2021-01577 stated that "Petitioner has met its threshold burden and established to a reasonable likelihood that at least [independent] *claim 55* would have been obvious[.]"  Ex. 9 at 51.  However, the Institution Decision does not include similar statements in support of the 27 other challenged claims (such as asserted dependent claims 91, 130, and 132).  Thus, the Institution Decision offers no persuasive analysis indicating that there is any likelihood that the Board will invalidate *every* asserted claim.  LabCorp therefore has not shown that the issues will be simplified by an extension for the IPRs.

Further, IPR estoppel does not prevent LabCorp from asserting invalidity based on U.S.C. § 112.  *See* 35 U.S.C. § 315(e).  Indeed, LabCorp continues to assert a number of § 112 invalidity

---

[6] LabCorp's reliance on three new IPR petitions is misplaced.  The petitions that LabCorp admits pre-date its First Stay Motion already covered the same asserted claims.  *See* Motion at 1–2.  And LabCorp offers no evidence or argument that these new IPR petitions have a higher likelihood of invalidating the asserted claims than the prior petitions and, thus, do not materially change the circumstances surrounding the denial of the First Stay Motion.

defenses. For example, LabCorp's only motion for summary judgment of invalidity was based on indefiniteness under 35 U.S.C. § 112. *See, e.g.*, Dkt. 110.

"This Action is slated to resolve all the patent disputes separating the parties—either at the summary judgment stage or trial—before the PTAB adjudicates only invalidity based only on prior prior-art publications." *Sonrai,* No. 2022 WL 2307475, at *3. Thus, there is "little sense in putting off trial (and [Ravgen]'s potential recovery) in favor of a lagging, limited adjudication that may not ultimately obviate the need for a jury trial." *Id*. This Court should deny LabCorp's motion and allow this case to proceed to trial to "provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages." *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, 2021 WL 1298932, at *2 (W.D. Tex. Apr. 7, 2021).

## IV.     LabCorp's Motion Is An Untimely Motion For Reconsideration.

LabCorp's Motion effectively requests this Court reconsider its previous denial of its First Stay Motion. LabCorp does not show that there has been an intervening change in controlling law, meaningful new evidence not previously available, or a need to correct a clear error of law or prevent manifest unjust. LabCorp's Motion, which comes ***six months*** after this Court's order and ***three months*** after the last IPR institution decision on April 22, 2022 upon which it is allegedly based, is untimely and unjustified. *See Wsou*, 2022 WL 2078216, at *4 (denying a motion for reconsideration noting the Defendant "waited more than four months" after clarifications in controlling law and "could have promptly urged this Court to reconsider[, but] [i]nstead, it waited until three months before trial."). LabCorp's delay in seeking reconsideration and failure to show intervening changes since its First Stay Motion justifying a stay, warrants denial of this Motion.

## **CONCLUSION**

For the foregoing reasons, Ravgen respectfully requests that the Court deny LabCorp's Motion.

10

| | | |
|---|---|---|
| Dated: July 27, 2022 | By: | /s/ Kerri-Ann Limbeek |

                                                   Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

John M. Desmarais (*pro hac vice*)
Gabrielle Higgins (*pro hac vice*)
Kerri-Ann Limbeek (*pro hac vice*)
Jamie L. Kringstein (*pro hac vice*)
Kyle G. Petrie *(pro hac vice)*
Joze Welsh *(pro hac vice)*
Jun Tong *(pro hac vice)*
Deborah J. Mariottini *(pro hac vice)*
Peter Zhu (*pro hac vice*)
Benjamin N. Luehrs (Texas Bar No. 440317)
Vi T. Tran (*pro hac vice*)
Brian D. Matty (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
ghiggins@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
kpetrie@desmaraisllp.com
jwelsh@desmaraisllp.com
jtong@desmaraisllp.com
dmariottini@desmaraisllp.com
pzhu@desmaraisllp.com
bluehrs@desmaraisllp.com
vtran@desmaraisllp.com
bmatty@desmaraisllp.com

***Attorneys for Plaintiff Ravgen, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and all attachments thereto are being served on all counsel of record via the Court's ECF system on July 27, 2022.

Dated: July 27, 2022

/s/ *Kerri-Ann Limbeek*
Kerri-Ann Limbeek
klimbeek@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401