**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

RAVGEN, INC.,

                  Plaintiff,

       v.

LABORATORY CORPORATION OF
AMERICA HOLDINGS,

                 Defendant.

**Civil Action No. 6:20-cv-00969-ADA**

**JURY TRIAL DEMANDED**

## JOINT PRETRIAL ORDER

# TABLE OF CONTENTS

I.      APPEARANCE OF COUNSEL ............................................................................... 1

        A.      Attorneys For Plaintiff Ravgen, Inc. ...................................................... 1

        B.      Attorneys For Defendant Laboratory Corporation of America Holdings ............... 2

II.     JURISDICTION ................................................................................................. 3

III.    STATEMENT OF THE CASE .............................................................................. 4

        A.      Claim Construction ............................................................................... 5

IV.     CONTENTIONS OF THE PARTIES ................................................................... 8

        A.      Ravgen's Statement of Contentions ....................................................... 8

        B.      Labcorp's Statement of Contentions .................................................... 11

V.      JOINT STATEMENT OF UNCONTESTED FACTS .......................................... 12

VI.     DISPUTED ISSUES OF FACT AND LAW ........................................................ 12

VII.    EXHIBITS ....................................................................................................... 13

        A.      Trial Exhibits ..................................................................................... 13

        B.      Demonstrative Exhibits ....................................................................... 16

                1.      Direct Examination .................................................................. 16

                2.      Opening Statements ................................................................. 17

                3.      Closing Argument .................................................................... 18

VIII.   WITNESSES ................................................................................................... 18

        A.      Live Witnesses ................................................................................... 19

        B.      Testimony By Deposition ..................................................................... 19

        C.      Impeachment With Prior Inconsistent Testimony ................................. 21

        D.      Objections To Expert Testimony .......................................................... 21

IX.     DEPOSITION AND DISCOVERY DESIGNATIONS ......................................... 22

X.      JURY MATERIALS .......................................................................................... 22

XI.     MOTIONS *IN LIMINE* ................................................................................................ 22

XII.     LENGTH OF TRIAL ................................................................................................... 24

XIII.    LIST OF PENDING MOTIONS ................................................................................. 25

XIV.    ADDITIONAL MATTERS ......................................................................................... 26

      A.     Motions For Judgment As A Matter Of Law ...................................................... 26

      B.     Handling Of Confidential Information At Trial ................................................... 26

      C.     Juror Notebooks ................................................................................................... 27

XV.     CERTIFICATION ...................................................................................................... 28

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, W.D. Tex. Local Rule CV-16, the Court's March 7, 2022 Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, and the Court's January 28, 2022 Scheduling Order (Dkt. 82), Plaintiff Ravgen, Inc. and Defendant Laboratory Corporation of America Holdings submit this Joint Pretrial Order governing trial of this action. This Joint Pretrial Order is being submitted in advance of the Final Pretrial Conference scheduled on August 25, 2022. Jury selection and Trial are scheduled to begin on September 19, 2022 at 9:00 a.m.[1, 2]

This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

The parties reserve the right to seek leave to supplement or amend this Joint Pretrial Order based on the Court's forthcoming rulings, other subsequent events, or by agreement.

## I. APPEARANCE OF COUNSEL

### A. Attorneys For Plaintiff Ravgen, Inc.

Deron R. Dacus
Texas Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

John M. Desmarais (*pro hac vice*)
Gabrielle Higgins (*pro hac vice*)

---

[1] Unless otherwise indicated, all times referenced in this Joint Pretrial Order are to local time in Waco, Texas. Unless otherwise indicated, all days are in calendar days.

[2] **Labcorp's Position:** Labcorp filed Opposed Motion to Extend the Trial Date (Dkt. 162), moving to continue the trial to a date after December 14, 2022.

**Ravgen's Positions:** For the reasons stated in Ravgen's Opposition (Dkt. 163), Labcorp's Motion to Extend the Trial Date should be denied and trial should proceed as scheduled on September 219, 2022.

Kerri-Ann Limbeek (*pro hac vice*)
Brian D. Matty (*pro hac vice*)
Jamie L. Kringstein (*pro hac vice*)
Benjamin N. Luehrs (Texas Bar No. 440317)
Kyle G. Petrie *(pro hac vice)*
Joze Welsh *(pro hac vice)*
Jun Tong *(pro hac vice)*
Deborah J. Mariottini *(pro hac vice)*
Peter Zhu (*pro hac vice*)
Vi T. Tran (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
ghiggins@desmaraisllp.com
klimbeek@desmaraisllp.com
bmatty@desmaraisllp.com
jkringstein@desmaraisllp.com
bluehrs@desmaraisllp.com
kpetrie@desmaraisllp.com
jwelsh@desmaraisllp.com
jtong@desmaraisllp.com
dmariottini@desmaraisllp.com
pzhu@desmaraisllp.com
vtran@desmaraisllp.com

**B.     Attorneys For Defendant Laboratory Corporation of America Holdings**

Aden M. Allen
Texas Bar No. 24064808
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone:  512-338-5400
Facsimile:  512-338-5499
aallen@wsgr.com

Edward G. Poplawski
Admitted *pro hac vice*
Olivia M. Kim
Admitted *pro hac vice*
Erik J. Carlson
Admitted *pro hac vice*

Naoya Son
Admitted *pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI** Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com
nson@wsgr.com

Matias Ferrario
Admitted *pro hac vice*
Nicole L. Regna
Admitted *pro hac vice*
**KILPATRICK TOWNSEND & STOCKTON LLP**
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 734-2651
mferrario@kilpatricktownsend.com
nregna@kilpatricktownsend.com

Peter J. Chassman (SBN 00787233)
Admitted *pro hac vice*
Hallie H. Wimberly (SBN 24106587)
Admitted *pro hac vice*
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, TX 77002
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
pchassman@reedsmith.com
hwimberly@reedsmith.com

## II.  JURISDICTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. No party contests personal or subject matter jurisdiction for purposes of this action, and this Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, *et seq*., and 28 U.S.C. §§ 1331 and 1338(a).

2.      No party contests venue for purposes of this action.

## III.    STATEMENT OF THE CASE

3.      This is a patent case. The plaintiff in this case is Ravgen, Inc. ("Plaintiff" or "Ravgen").   The defendant in this case is Laboratory Corporation of America Holdings ("Defendant" or "Labcorp").

4.      On October 16, 2020, Ravgen filed suit against Labcorp alleging infringement of Ravgen's United States Patent Nos. 7,332,277 (the "'277 Patent") and 7,727,720 (the "'720 Patent") (collectively, the "Asserted Patents").  *See* Dkt. 1.  Dr. Ravinder S. Dhallan is the named inventor of the Asserted Patents, which are titled "Methods for Detection of Genetic Disorders." Ravgen alleges that Labcorp's sale, offer for sale, and performance of (1) the MaterniT21 Plus Test and the MaterniT Genome Test infringe claims 67, 91, 130, and 132 of the '277 Patent and claim 6 of the '720 Patent; (2) the informaSeq Test infringe claims 91, 130, and 132 of the '277 Patent and claim 6 of the '720 Patent; and (3) the Resolution ctDx Lung Assay Test infringe claim 6 of the '720 Patent.[3]

5.      Ravgen seeks a judgment that Labcorp infringes the Asserted Claims of the '277 and '720 Patents, and that such infringement has been and continues to be willful.  Ravgen seeks damages to compensate it for Labcorp's alleged acts of infringement in the form of a reasonable royalty.  Ravgen also seeks both pre-verdict and post-verdict damages up to the time of judgment and the payment of a post-judgment ongoing enhanced reasonable royalty.  Ravgen also seeks an accounting of damages from the last date of financial discovery provided by Labcorp through at least to the date of judgment, pre-judgment and post-judgment interest and costs, attorneys' fees,

---

[3] All asserted claims are collectively referred to as "Asserted Claims"; and all accused tests are collectively referred to as "Accused Tests."

and enhanced damages against Labcorp pursuant to 35 U.S.C. §§ 284, 285 and Fed. R. Civ. P. 54. Ravgen also seeks any further relief that the Court deems just or proper.

6.      On January 1, 2021, Labcorp filed its Answer to Ravgen's Complaint. *See* Dkt. 19. Labcorp denies that it infringes—directly or indirectly—any of the Asserted Claims of the Asserted Patents. Labcorp also denies that any alleged infringement has been or continues to be willful. In addition, Labcorp alleges that all of the Asserted Claims of the Asserted Patents are invalid for anticipation (35 U.S.C. § 102), obviousness (§ 103), lack of written description (§ 112), and/or lack of enablement (§ 112).

7.      For requests for relief, Labcorp seeks: (a) a judgment in favor of Labcorp on all of its counterclaims; (b) dismissal of all of Ravgen's claims in their entirety with prejudice; (c) a declaration that Labcorp does not infringe, literally or by the doctrine of equivalents, any Asserted Claims of the Asserted Patents; (d) a declaration that the Asserted Claims are invalid; (e) a judgment that this is an "exceptional case" and an award of Labcorp's reasonable attorneys' fees, expenses, and costs in this action under § 285; and (f) an award of any other relief as the Court may deem appropriate and just under the circumstances.

8.      Ravgen denies that any of the Asserted Claims are invalid or unenforceable and asserts that Labcorp's declaratory and other relief should be denied.

A.      **Claim Construction**

9.      **[Ravgen's Position:** The Court has held two claim construction hearings in four separate actions regarding certain claim terms from the '277 and '720 Patents. *See* Dkt. 84; *Ravgen, Inc. v. PerkinElmer, Inc.*, No. 1:20-cv-00822, Dkt. 78 (W.D. Tex. June 2, 2021); *Ravgen, Inc. v. Natera, Inc.*, No. 1:20-cv-00692, Dkt. 95 (W.D. Tex. Sept. 13, 2021); *Ravgen, Inc. v. Quest, Diagnostics, Incorporated*, No. 2:21-cv-09011-RGK-GJS, Dkt. 74 (C.D. Cal. Oct. 5, 2021). The Court entered the below constructions for those claim terms.

| Claim Term | Court's Claim Construction |
|---|---|
| "free fetal DNA isolated"/"isolating free fetal nucleic acid"/"isolating free nucleic acid" ('277 Patent, Claims 55, 58, 81, 130; '720 Patent, Claims 1, 21) | Plain and ordinary meaning |
| "free … DNA"/"free … nucleic acid" ('277 Patent, Claims 55, 58, 81, 130; '720 Patent, Claim 1, 21) | Plain and ordinary meaning |
| "said sample" ('277 Patent, Claims 85, 88; '720 Patent, Claim 5, 6) | Plain and ordinary meaning |
| "method for preparing a sample for analysis comprising isolating free fetal nucleic acid from the sample" ('277 Patent, Claim 81) | Plain and ordinary meaning |
| "a the sample" ('277 Patent, Claim 81) | "the sample" |
| "relative amount of alleles"/"relative amount of the alleles" ('277 Patent, Claims 1, 116) | Plain and ordinary meaning |
| "agent that [inhibits cell lysis to inhibit the lysis of cells/inhibits lysis of cells/impedes cell lysis] . . .wherein said agent is selected from the group consisting of membrane stabilizer, crosslinker, and cell lysis inhibitor" ('277 Patent, Claims 55, 81; '720 Patent, Claim 1) | Plain and ordinary meaning |
| "if cells are present" ('277 Patent, Claims 55, 81; '720 Patent, Claim 1) | Conditions "[inhibits cell lysis to inhibit the lysis of cells/inhibits lysis of cells/impedes cell lysis]" |
| "[A] method for detecting a free nucleic acid, where said method comprises: (a) isolating free nucleic acid and (b) detecting the presence or absence of the free nucleic acid." ('720 Patent, Claim 1) | Plain and ordinary meaning |

10.　　Additionally, the Court issued a Supplemental Claim Construction Order in *Ravgen, Inc. v. Natera, Inc.*, No. 1:20-cv-00692 (W.D. Tex.) regarding "the agent limitation" in claims 55 and 81 of the '277 Patent and claim 1 of the '720 Patent (*see Ravgen, Inc. v. Natera,*

*Inc.*, No. 1:20-cv-00692, Dkt. 176 (W.D. Tex. Nov. 8, 2021)).  Ravgen has filed a motion to adopt

the same construction in the present case.  *See* Dkt. 89.  The Court's Supplemental Claim

Construction for the agent limitation for the Asserted Patents is reproduced in the chart below.

| Claim Term ("agent limitation") | Original Construction | Supplemental Construction |
|---|---|---|
| "agent that [inhibits lysis of cells/impedes cell lysis] … wherein said agent is select from the group consisting of membrane stabilizer, cross-linker and cell lysis inhibitor" <br><br> ('277 Patent, Claims 55, 81; '720 Patent, Claim 1) | Plain and ordinary meaning | "a substance that inhibits the rupture of cells that is selected from the group consisting of membrane stabilizer, cross-linker and cell lysis inhibitor, and does not include chelators used as anticoagulants nor endogenous substances" |

]⁴

> 11.    **[Labcorp's Position:** The Court issued a Claim Construction Order on October 5,

2021 in this case (Dkt. 62).  The following terms found in the Asserted Claims were construed by

the Court as follows:

| Claim Term | Construction |
|---|---|
| "free fetal DNA isolated" / "isolating free fetal nucleic acid" / "isolating free nucleic acid" <br><br> ('277 Patent, Claims 55 and 81; '720 Patent, Claim 1) | Plain and ordinary meaning. |

---

⁴ **Ravgen's Position:** The Court has spent significant resources across four cases and two *Markman* hearings construing the disputed claim terms of the Asserted Patents.  And during claim construction, Labcorp explicitly relied on the Court's previous constructions.  *See* Dkt. 50 at 19–20 ("Disputed Terms Adopting Arguments and Evidence From Other Cases").  Each of the Court's previous constructions of the terms relevant to the Asserted Claims are relevant to this case. Labcorp should be precluded from hiding the Court's constructions it believes are detrimental to its case.

**Labcorp's Position:** *See* n.5 below.

| Claim Term | Construction |
|---|---|
| "free . . . DNA" / "free . . . nucleic acid"<br><br>('277 Patent, Claims 55 and 81;<br>'720 Patent, Claim 1) | Plain and ordinary meaning. |
| "method for preparing a sample for analysis comprising isolating free fetal nucleic acid from the sample"<br><br>('277 Patent, Claim 81) | Plain and ordinary meaning. |

]⁵

## IV.    CONTENTIONS OF THE PARTIES

12.    By providing the below contentions, the parties do not concede that any of the following issues are appropriate for trial (at all or to a jury).  The parties also do not waive any of their pending motions.

### A.    Ravgen's Statement of Contentions

13.    Ravgen is the assignee and owner of all substantial rights, title, and interest in and to the '277 Patent.

14.    Ravgen is the assignee and owner of all substantial rights, title, and interest in and to the '720 Patent.

15.    Ravgen has standing to bring this suit.

---

⁵ **Labcorp's Position:** Ravgen filed a motion to adopt a supplemental claim construction order from the *Natera* matter (Dkt. 89), which Labcorp opposed (Dkt. 92).  It appears that Ravgen is now seeking to adopt all claim constructions from all other different Ravgen cases.  Labcorp objects to the Court adopting any claim constructions from other cases.

**Ravgen's Position:** The Court has spent significant resources across four cases and two *Markman* hearings construing the disputed claim terms of the Asserted Patents.  And during claim construction, Labcorp explicitly relied on the Court's previous constructions.  *See* Dkt. 50 at 19–20 ("Disputed Terms Adopting Arguments and Evidence From Other Cases").  Each of the Court's previous constructions of the terms relevant to the Asserted Claims are relevant to this case.  Labcorp should be precluded from hiding the Court's constructions it believes are detrimental to its case.

16.     The priority date of the Asserted Claims is December 28, 2001 and in any event no later than May 8, 2002.

17.     Labcorp directly infringed, and continues to directly infringe, claim 6 of the '720 Patent and claims 67, 91, 130, and 132 of the '277 Patent, either literally or under the doctrine of equivalents, by selling, offering for sale, and performing the MaterniT21 Plus Test and MaterniT Genome Test.

18.     Labcorp directly infringed claim 6 of the '720 Patent and claims 91, 130, and 132 of the '277 Patent, either literally or under the doctrine of equivalents, by selling, offering for sale, and performing the informaSeq Test.

19.     Labcorp directly infringed, and continues to directly infringe, claim 6 of the '720 by selling, offering for sale, and performing the Resolution ctDx Lung Assay test, including by directing and controlling one or more claim steps performed by, Resolution Bioscience, Inc. ("ResBio").

20.     Labcorp indirectly infringed, and continues to indirectly infringe, claim 6 of the '720 Patent by inducing ResBio to directly infringe by performing its Resolution ctDx Lung Assay test.

21.     Labcorp has had actual or constructive knowledge of the '277 and '720 Patents and its infringement of the '277 and '720 Patents.

22.     Labcorp's infringement of the Asserted Claims of the '277 and '720 Patents has been, and continues to be, willful.

23.     The Asserted Claims of the '277 and '720 Patents are not invalid for any reason, including under 35 U.S.C. §§ 102, 103, and 112.

24.     Ravgen's claims regarding the '277 and/or '720 Patents are not barred, in whole or in part, by equitable estoppel.[6]

25.     The Asserted Claims of the '277 and '720 Patents are not unenforceable for any reason.

26.     Ravgen has suffered damages by Labcorp's infringement and is entitled to compensation, including the dollar amount that will compensate Ravgen for infringement of the Asserted Claims of the '277 and '720 Patents, including the amount of a reasonable royalty.

27.     Ravgen is entitled to a post-judgment ongoing enhanced royalty to compensate Ravgen for Labcorp's future infringement.

28.     Ravgen is entitled to an accounting of damages at least up to the date of judgment.

29.     Labcorp's infringement and conduct in this case justifies a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and Ravgen is entitled to an award of its costs and attorneys' fees.

30.     Ravgen is entitled to an award of pre-judgment and post-judgment interest.

31.     Ravgen is entitled to enhanced damages due to Labcorp's willful infringement under 35 U.S.C. § 284.

32.     Ravgen is entitled to any further relief that the Court deems just or proper.

33.     To the extent not explicitly addressed, Ravgen disagrees with each of Labcorp's contentions below.

---

[6] **Ravgen's Position**: Ravgen's pending Motion *in Limine* No. 5 seeks to preclude any argument, evidence, testimony, or reference that Ravgen is equitably estopped from asserting claims of patent infringement against LabCorp. *See* Dkt. 169 at 7-9.

**Labcorp's Position:** Labcorp's Opposition to Ravgen's Motion *in Limine* No. 5 is being filed concurrently herewith.  As discussed below, Labcorp requests a separate bench trial after the jury trial for the issue of equitable estoppel.

**B.    Labcorp's Statement of Contentions**

34.    The priority date of the Asserted Claims is August 29, 2003.

35.    The Asserted Claims are all method claims.  Therefore, the Asserted Claims cannot be infringed by either selling or offering to sell under the law.

36.    Labcorp has not directly infringed, and does not continue to directly infringe, claim 6 of the '720 Patent and claims 67, 91, 130, and 132 of the '277 Patent, either literally or under the doctrine of equivalents, by performing the MaterniT21 Plus Test and MaterniT Genome Test.

37.    Labcorp has not directly infringed claim 6 of the '720 Patent or claims 91, 130, and 132 of the '277 Patent, either literally or under the doctrine of equivalents, by performing the informaSeq Test.

38.    Labcorp has not directly infringed, and does not continue to directly infringe, claim 6 of the '720 Patent by performing the Resolution ctDx Lung Assay test.  Labcorp has not or does not continue to direct or control any claim steps allegedly performed by ResBio.

39.    Labcorp has not indirectly infringed, and does not continue to indirectly infringe, claim 6 of the '720 Patent by inducing ResBio to directly infringe by performing its Resolution ctDx Lung Assay test.

40.    Labcorp has not had actual or constructive knowledge of any infringement of the '277 and '720 Patents.

41.    Labcorp has not, or does not continue to, infringe or willfully infringe the Asserted Claims of the '277 and '720 Patents.

42.    The Asserted Claims of the '277 and '720 Patents are invalid, including under 35 U.S.C. §§ 102, 103, and 112.

43.    Ravgen's claims regarding the '277 and/or '720 Patents are barred, in whole or in part, by equitable estoppel.

44.     Ravgen is not entitled to any damages, including any pre-judgment or post-judgment interest, or any enhanced royalty.

45.     Ravgen is not entitled to any finding that this case is exceptional pursuant to 35 U.S.C. § 285 and Ravgen is not entitled to an award of its costs or attorneys' fees.

46.     Ravgen is not entitled to enhanced damages under 35 U.S.C. § 284.

47.     Ravgen is not entitled to any further relief that the Court deems just or proper.

48.     Ravgen's conduct in this case justifies a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and Labcorp is entitled to an award of its costs and attorneys' fees.

49.     Labcorp is entitled to any further relief that the Court deems just or proper.

50.     To the extent not explicitly addressed, Labcorp disagrees with each of Ravgen's contentions above.

## V.     JOINT STATEMENT OF UNCONTESTED FACTS

51.     The parties' Joint Statement of Uncontested Facts is attached as **Exhibit 1**.

52.     Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the jury, and will be charged for the time used to do so.  If one party reads a portion of the uncontested facts, the other party may immediately thereafter read any additional portion as appropriate for purposes of completeness.

## VI.    DISPUTED ISSUES OF FACT AND LAW

53.     The parties identify the following issues that remain to be litigated. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motion, or ruling made at the pretrial conference in this action.  By providing this statement, the parties do not concede that all of these issues are appropriate for trial (at all or to a jury).  The parties do not waive any of their pending motions.

54.     Ravgen's Disputed Issues of Fact and Law is attached as **Exhibit 2**.

55.     Labcorp's Disputed Issues of Fact and Law is attached as **Exhibit 3**.

## VII.   EXHIBITS

### A.     Trial Exhibits

56.     Ravgen's First Supplemental Exhibit List is attached as **Exhibit 4**. Ravgen identified its exhibits with PTX numbers, starting with PTX-1. Labcorp's Objections to Ravgen's Exhibit List are also provided.

57.     Labcorp's Exhibit List is attached as **Exhibit 5**. Labcorp identified its exhibits with DTX numbers, starting with DTX-1.  Ravgen's Objections to Labcorp's Exhibit List are also provided.

58.     A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

59.     With the exception of discovery admissions, *e.g.*, pleadings, interrogatory responses, request for admission responses, Joint Statement of Uncontested Facts (**Ex. 1**), no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

60.     Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections.  Any exhibit, once admitted, may be used by either party.  The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.  In other words, a party does not waive its objections to an

exhibit by including that exhibit on its own exhibit list, or by the exhibit's inclusion on the joint exhibit list.

61.     A party will provide a list of exhibits to be used in connection with direct examination, including indicating with which witness the exhibit will be used, by **7:00 p.m.** the day before their intended use, and objections will be provided no later than **9:00 p.m.** the day before their intended use. The parties are to meet and confer to resolve any objections at **10:00 p.m.** the day before the exhibits' intended use. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

62.     If a party proposes to read a statement by a party opponent from any pleading, request for admission response, interrogatory response, or from the Joint Statement of Uncontested Facts (**Ex. 1**), they will provide notice of exactly the portion they intend to use by at least **7:00 p.m.** the day before the statement is intended to be used at trial. This notice provision does not apply when a party intends to use the statement during cross-examination or for impeachment purposes.

63.     If a party intends to use an exhibit during its opening statement to which the other party has objected, the party shall disclose the exhibit(s) by **5:00 p.m.** the day before opening statements. If the opposing party continues to object to any such exhibit(s), it will provide any objections by **6:00 pm** the day before opening statements. The parties are to meet and confer to resolve any objections to these exhibit(s) at **7:00 p.m.** the day before opening statements. If good faith efforts to resolve objections to the exhibits to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention after the meet and confer.

64. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the exhibit or waiver of objection to the exhibit.

65. The parties agree that they will not pre-exchange or identify exhibits to be used with any witness on cross examination. Documents, deposition transcripts, or portions thereof, or other items, not specifically identified on the parties' Exhibit Lists or offered into evidence, may still be used at trial for purposes of cross examination, impeachment, or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

66. Exhibits not objected to will be received into evidence by the operation of this Joint Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness and moved into evidence consistent with the ¶ 59 above and Federal Rules of Evidence and this Order.

67. A legible copy of an exhibit may be offered and received into evidence in lieu of the original, unless a genuine question is raised as to the authenticity of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

68. Legible copies of U.S. patents, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

69. For exhibits that are Excel spreadsheets, PowerPoint presentations, images, video files, or other electronic files, the parties may use electronic versions of such exhibits in their native format. For demonstratives, the parties may copy-and-paste portions from original native versions of exhibits that are included on the parties' exhibit lists.

70.     The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

71.     The parties will use their best efforts to ensure that only one version of a copy of a document is admitted into evidence.  The parties agree that other versions of exhibits listed in the parties Exhibit Lists that have been produced, cited, considered, or marked during the course of this litigation may be substituted for versions of exhibits listed therein with otherwise substantively identical documents.

**B.     Demonstrative Exhibits**

**1.     Direct Examination**

72.     Ravgen's demonstrative exhibits will be identified by numbers prefixed with "PDX." Labcorp's demonstrative exhibits will be identified by numbers prefixed with "DDX."

73.     A party will provide demonstrative exhibits to be used in connection with direct examination, including indicating with which witness the demonstrative exhibits will be used, by **7:00 p.m.** the day before their intended use, and objections will be provided no later than **9:00 p.m.** the day before their intended use. The parties are to meet and confer to resolve any objections at **10:00 p.m.** the day before the demonstrative exhibits' intended use. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall promptly bring its objections to the Court's attention prior to the applicable witness being called to the witness stand.

74.     If any of the demonstrative exhibits change after they have been provided to the opposing party, including non-substantive edits and typographical corrections, the party intending to use the demonstrative exhibit will promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the changes before the demonstrative exhibits are presented to the jury.

75.     Where a demonstrative exhibit refers to information found in a trial exhibit, the party offering the demonstrative exhibit shall disclose to the other party all trial exhibits that form the basis of the demonstrative exhibit at the same time the party discloses the demonstrative exhibit.

76.     The party seeking to use demonstrative exhibits will provide a color representation of the demonstrative exhibits to the other side in PDF form in their order of intended use and with slide numbers as they will be numbered for use in Court. However, for video animations, the party seeking to use the demonstrative exhibit will provide it to the other side on a DVD, CD, or an external drive or make it available via a secure file share. For physical demonstrative exhibits, the party seeking to use the demonstrative exhibit will provide a color representation as an 8.5" x 11" PDF document. For physical demonstrative exhibits for which a color representation as a PDF is not feasible, the party must identify it in writing with specificity by the **7:00 p.m.** deadline and, upon request, make it available for inspection no later than the **9:00 p.m.** deadline for objections.

77.     This provision does not apply to demonstrative exhibits created during testimony, demonstrative exhibits created live in court, or demonstrative exhibits to be used for cross-examination, none of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

78.     Failure to comply with these procedures, absent an order from the Court or an agreement by the parties, will result in waiver of the use of the demonstrative exhibit or waiver of objection to the demonstrative exhibit.

### 2.     Opening Statements

79.     The parties will exchange demonstratives to be used in opening statements by **5:00 p.m.** the day before opening statements. The parties will provide any objections to such

demonstratives by **6:00 p.m.** on the day before opening statements. The parties are to meet and confer to resolve any objections to the demonstratives for opening statements at **7:00 p.m.** the day before opening statements. If good faith efforts to resolve objections to demonstratives to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention after the meet and confer on the morning of opening statements.

80.     This provision does not apply to demonstrative exhibits created during opening statements, which do not need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of trial exhibits or parts of trial exhibits, without more, are not required to be provided to the other side in advance of their use under this provision.

81.     No party can use any of the other party's disclosed demonstratives in its opening statement presentation before the disclosing party has used it in its own opening statement.

### 3.     Closing Argument

82.     The parties will not exchange demonstratives to be used in closing.

## VIII.     WITNESSES

83.     Ravgen's list of witnesses that may be called to testify at trial, either live or by deposition, is attached as **Exhibit 6**.

84.     Labcorp's list of witnesses that may be called to testify at trial, either live or by deposition, is attached as **Exhibit 7**.

85.     Any witness not listed in **Exhibits 6** and **Exhibit 7** will be precluded from testifying, absent good cause shown.

86.     A party will provide a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition) by **7:00 p.m.** two (2) days before they are expected to testify. A party shall identify the order in which it intends to call such witnesses by **7:00 p.m.** the day before the trial

day during which those witnesses are expected to testify. Any objections to a witness will be provided no later than **9:00 p.m.** the day before they are expected to testify. The parties are to meet and confer to resolve any objections at **10:00 p.m.** the day before the witness is expected to testify. If good faith efforts to resolve the objections fail, the party objecting to the witness shall bring its objections to the Court's attention prior to the witness being called to the stand. Each party shall update its list of expected witnesses and exhibits by **7:00 p.m.** at the end of each trial day.

### A. Live Witnesses

87. Any fact witness who will be made available to testify live in court: a) will be called only once; and b) will not be presented by either party by deposition testimony. Notwithstanding the preceding sentence, parties may use deposition testimony for purposes of impeachment.

88. In the absence of an alternative agreement between the parties, fact witnesses to be called for live testimony, including rebuttal fact witnesses, shall be sequestered and may not be present in the courtroom during witness testimony until after they provide their live testimony, have been excused, and will not testify again at the trial. Fact witnesses shall not review the transcripts of the trial testimony of other fact witnesses. This provision does not apply to one designated corporate representative for Ravgen and one designated corporate representative for Labcorp, who will be permitted to attend the entire trial (subject to exclusion as appropriate for certain highly confidential information). Expert witnesses and a party's corporate representative need not be sequestered and may be present in the courtroom during trial and/or review transcripts of trial testimony.

### B. Testimony By Deposition

89. If a party identifies a witness that it intends to call to testify at trial by deposition, then the party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play by **7:00 p.m.** three days before the trial day during which the

deposition testimony is expected to be read or played.  For each such witness, the other party shall then identify its counter-designations to the identified testimony by **7:00 p.m.** two days before the deposition testimony is expected to be read or played.  Anticipated designated testimony is listed in **Exhibit 8** and **Exhibit 9**, and the parties shall not be permitted to add designations to deposition testimony designated or counter-designated in **Exhibit 8** and **Exhibit 9**.  The mere removal of designated testimony does not mean that a corresponding counter-designation does not apply to other testimony.

90.     The parties shall meet and confer to resolve any objections to designated testimony by **10:00 p.m.** two days before the deposition testimony is expected to be read or played. Anticipated objections are listed in **Exhibit 8** and **Exhibit 9**.

91.     The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, minus any attorney objections, and provide a final version of the video to the other party as soon as any final rulings are obtained from the Court and the video editing has been completed and to provide the video to the other party for review by **7:00 p.m.** the day before it is to be shown to the jury. Deposition video will include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.

92.     Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

93.     At trial, the compilation of a witness's deposition testimony designated by the sponsoring party and counter-designated by the non-sponsoring party shall be read or played by video in chronological order. The above chronological order requirement for deposition testimony

does not apply to the use of deposition transcripts or deposition video for impeachment. Regardless of whether deposition testimony is read or played by video, the time for each party's designated portions will be charged to the designating party.

94.     All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

95.     When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions to be provided by the parties.

96.     In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

### C.      Impeachment With Prior Inconsistent Testimony

97.     Pursuant to Fed. R. Evid. 613, deposition and other testimony or statements not specifically identified on a party's deposition designation list or exhibit list may be used at trial for the purpose of impeachment, if otherwise competent for such purpose. The Court will rule at trial on any objections based on lack of completeness and/or lack of inconsistency.

### D.      Objections To Expert Testimony

98.     The parties have submitted *Daubert* motions and motions *in limine* that may affect the scope of expert testimony. The Court will rule on any objections to expert testimony as beyond the scope of expert disclosures at trial, taking time from the objecting parties' trial presentation to argue and decide such objections.

## IX.   DEPOSITION AND DISCOVERY DESIGNATIONS

99.   Ravgen's deposition designations—including Labcorp's objections and rebuttal designations and Ravgen's objections and counters to rebuttal designations—are attached as **Exhibit 8**.

100.   Labcorp's deposition designations—including Ravgen's objections and rebuttal designations and Labcorp's objections and counters to rebuttal designations—are attached as **Exhibit 9**.

101.   Ravgen's discovery designations, including Labcorp's objections, are attached as **Exhibit 10**.

## X.   JURY MATERIALS

102.   The parties' Joint Proposed Jury Instructions with disputes are attached as **Exhibit 11**.

103.   Ravgen's proposed Verdict Form is attached as **Exhibit 12**.

104.   The Labcorp's proposed Verdict Form is attached as **Exhibit 13**.

105.   The parties' joint proposed *voir dire* questions are attached as **Exhibit 14**.

## XI.   MOTIONS *IN LIMINE*

106.   The parties' agreed motions *in limine* are listed below.  In particular, the parties have agreed that they will not present the following at trial without first approaching the Court:

(1)   Any argument, evidence, testimony, or reference commenting on the nationality, ethnicity, national origin, place of residence, religion, political affiliation, or language of a party or witness;

(2)   Any argument, evidence, testimony, or reference to any motion or order to strike, exclude, or preclude (*e.g.*, *Daubert* challenges) testimony of any witness;

(3)   Any argument, evidence, testimony, or reference relating to purported litigation misconduct or discovery disputes by the parties or their attorneys in this case;

(4)   Any argument, evidence, testimony, or reference to potential or existing downstream uses of information or data from either party's products by clinicians or patients in decisions to terminate pregnancies;

(5) Any argument, evidence, testimony, or reference to forum shopping, litigation abuse, or that the Western District of Texas is a popular venue for patent litigation or otherwise improper; and

(6) Any argument, evidence, testimony, or reference to the parties' narrowing of the Asserted Claims and prior art references prior to trial.

107. Ravgen's motions *in limine* are attached as **Exhibit 15**, which includes Ravgen's

opening motions. *See also* Dkt. 169. Labcorp's oppositions are being filed concurrently with this

Joint Pretrial Order. Ravgen filed motions *in limine* on the following:

(1) Preclude Any Argument or Evidence Regarding Other Potential Licensing Or Litigation Targets;

(2) Preclude Any Argument, Evidence, Testimony, or Reference Regarding Labcorp's (Including Sequenom's or Genzyme's) Patents, Whether Owned, or Licensed, to Argue That LabCorp Does Not Infringe, That The Patents-in-Suit Are Invalid, or as a Defense to Willful Infringement;

(3) Preclude Any Argument, Evidence, Testimony, or Reference Regarding Theories of Non-Infringing Alternatives Not Disclosed During Fact Discovery;

(4) Preclude Any Argument, Evidence, Testimony, or Reference Regarding LabCorp's (Including Sequenom's or Genzyme's) Investigation of or the Formation of a Good Faith Belief of Non-Infringement or Invalidity;

(5) Preclude Any Argument, Evidence, Testimony, or Reference that Ravgen is Equitably Estopped from Asserting Claims of Patent Infringement Against LabCorp;

(6) Preclude Any Fact Witness Testimony Opining on Non-Infringement or Invalidity;

(7) Preclude Any Argument, Evidence, Testimony, or Reference In Support Of LabCorp's Additional Agent Non-Infringement Theory, Which is Based on an Incorrect Legal Standard and was Not Timely Disclosed During Fact Discovery;

(8) Preclude Any Argument, Evidence, Testimony, or Reference that Streck Tubes Themselves Infringe or that Streck is the Appropriate Defendant in this Case;

(9) Preclude Any argument, Evidence, Testimony, or Reference to the Fact that Any Expert was Previously Retained by or Worked with the Lawyers and/or Law Firms Representing the Parties in this case in Other Matters;

(10) Preclude Any Argument or Evidence Regarding the Number or Location of Attorneys, the Cost of the Litigation, or How it is Funded (e.g., Investors in the Litigation, Litigation Financing, Attorney's Fee Arrangements, and/or Any Fees Obtained or Potentially Obtained by Counsel From This Case;

(11) Preclude Any Argument or Evidence Regarding Other Proceedings Involving the Patents-In-Suit, Including Other Litigations and Patent Office Proceedings;

(12) Preclude Any Argument, Evidence, Testimony, or Reference Disparaging the

USPTO or its Examiners; and

**(13)** Preclude Any Argument or Evidence That a Damages Award May Lead to Adverse Events.

108.     Labcorp's motions *in limine* are attached as **Exhibit 16**, which includes Labcorp's

opening motions.  *See also* Dkt. 170.  Ravgen's oppositions are being filed concurrently with this

Joint Pretrial Order.  Labcorp filed motions *in limine* on the following:

**(1)** Preclude Reference to Irrelevant Allegations of Misconduct by Sequenom to Unaccused Test;

**(2)** Preclude Any Reference to Invalidity of U.S. Patent No. 6,258,540;

**(3)** Preclude Reference to Labcorp's Overall Revenues;

**(4)** Preclude Reference to Overall Revenues of Accused Tests;

**(5)** Preclude Ravgen's Experts from Offering Duplicative Testimony; and

**(6)** Preclude Ravgen from Introducing Expert Testimony on the Same Subject Matter as the Natera Action.

## XII.   LENGTH OF TRIAL

109.     This matter is scheduled to begin at 9:00 a.m. on September 19, 2022, with the

subsequent trial days beginning at 9:00 a.m.

110.     The trial will be timed. Unless otherwise ordered, time will be charged to a party

for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination

of witnesses called by any other party, closing argument, its argument on any motions for judgment

as a matter of law, and all sides' arguments on objections a party raises (outside the presence of

the jury) to another party's exhibits and demonstrative exhibits.

111.     **Ravgen's Position**:  Considering that this matter is scheduled for a 5-day jury trial,

the procedures for counting time, and considering the nature and extent of the parties' disputes,

the parties request a total of 26 hours for their trial presentation, allocated as 13 hours per side.

112.     **Labcorp's Position**:  Given the complicated nature of the case with two patents-

in-suit and four accused tests with multiple relevant entities, Labcorp requests an 8-day jury trial

with 40 hours of total trial presentation, allocated as 20 hours per side.  In addition, to the extent necessary, Labcorp requests a separate bench trial after the jury trial for Labcorp's affirmative defense of equitable estoppel.

113.    By no later than **noon** two (2) days before the day on which a party intends to rest its case-in-chief, that party will provide notice to the other party of its intent to rest.

## XIII.   LIST OF PENDING MOTIONS

114.    The following chart contains pending motions, other than motions *in limine*, with the Court.

| Date | Motion |
|---|---|
| 3/17/2022 | Plaintiff Ravgen's Motion to Adopt the Court's Previous Supplemental Claim Construction Order (Dkt. 89) |
| 6/30/2022 | Defendant Labcorp's Motion for Summary Judgement of Invalidity Under Indefiniteness or In the Alternative, Non-Infringement (Dkt. 110) |
| 6/30/2022 | Defendant Labcorp's Motion to Exclude Certain Infringement Opinions of Dr. Brian Van Ness (Dkt. 111) |
| 6/30/2022 | Defendant Labcorp's Motion to Exclude Opinions of Paul K. Myer (Dkt. 113) |
| 6/30/2022 | Plaintiff Ravgen's Motion for Summary Judgment of No Anticipation by Lee, Holodniy, and Landes (Dkt. 117) |
| 6/30/2022 | Plaintiff Ravgen's Motion to Exclude and Preclude Certain Expert Testimony of Drs. Paul T. Spellman and Larry J. Dumont (Dkt. 120) |
| 6/30/2022 | Plaintiff Ravgen's Motion to Strike and Exclude Labcorp's Fed. R. Civ. P. 26(A)(2)(C) Disclosure (Dkt. 122) |
| 6/30/2022 | Plaintiff Ravgen's Motion to Exclude, In Part, the Expert Opinion of Dr. Stephen D. Prowse (Dkt. 123) |
| 7/22/2022 | Defendant Labcorp's Opposed Motion to Extend the Trial Date (Dkt. 162) |

## XIV.   ADDITIONAL MATTERS

115.   The parties respectfully submit the following agreed-upon matters for the Court's consideration:

### A.   Motions For Judgment As A Matter Of Law

116.   The parties propose that motions for judgment as a matter of law be made orally and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed. The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

### B.   Handling Of Confidential Information At Trial

117.   **[Ravgen's Position:** The parties do not anticipate requesting that the Courtroom be sealed during any portion of the trial.

118.   The parties agree to follow the provisions in the Protective Order (Dkt. 68) regarding the confidentiality of exhibits used at trial.  Insofar as the Protective Order restricts the dissemination and use of documents marked "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," such restrictions shall not apply to the introduction of evidence at trial.**]**

119.   **[Labcorp's Position:** The parties generally agree that the Court should be open to the public for the entirety of the presentation of evidence at trial. The parties agree to follow the provisions in the Protective Order (Dkt. 68) entered in this case regarding the confidentiality of exhibits used at trial.

120.   Exhibits marked "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" may be displayed on monitors visible to the Court, the jury, and outside counsel, but will not otherwise be displayed in the courtroom during trial and will not be

filed publicly. Further, the parties agree to meet and confer as needed regarding the use of confidential exhibits (e.g., financial data) at trial.**]**

121. The parties agree that any "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" documents introduced into evidence at trial shall not be provided to any party representative or witness not permitted to see or possess such documents under the terms of the Protective Order. To the extent such documents are published to the jury at trial on monitors, this shall not constitute a violation of the Protective Order. Nor shall it waive the restrictions of the Protective Order.

122. The parties agree that they will not remove any confidentiality markings from any documents. The parties agree that they should be precluded from any intimation that the marking of materials produced in discovery with any confidentiality designation had any improper purpose.

123. The parties jointly request the Court to instruct the jury, the first time a confidential document is shown, that certain documents were marked as such before trial and that the jury should give no consideration to such markings.

### C. Juror Notebooks

124. The parties agree that jurors be permitted to write notes in the provided Juror Notebooks during the presentations of the parties and that jurors be permitted to bring these notes into the deliberation room. The parties propose that jurors be instructed not to exchange or share their notes with other jurors (though they may discuss the contents of their notes) and that the juror's notes be collected by the clerk each evening after the jury has been excused, and collected and destroyed without review after the jury is discharged.

125. The proposed contents of Juror Notebooks are set forth in the parties' disputed Joint Proposed Jury Instructions are attached as **Exhibit 11.**

# XV.  CERTIFICATION

126.    The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

    a.    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

    b.    Subject to the parties' pending motions, discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with; and

    c.    Each exhibit in the parties' lists of exhibits attached hereto:

        i.  exists;

        ii.  is numbered; and

        iii.  has been disclosed and shown to opposing counsel.

**IT IS HEREBY ORDERED** that this Joint Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED:_____                 _____

                                                     United States District Judge

Approved as to form and substance:

| | |
|---|---|
| */s/ Kerri-Ann Limbeek*_____ | */s/ Olivia M. Kim*_____ |
| Deron R. Dacus | Aden M. Allen |
| Texas Bar No. 00790553 | Texas Bar No. 24064808 |
| **THE DACUS FIRM, P.C.** | **WILSON SONSINI GOODRICH & ROSATI** |
| 821 ESE Loop 323, Suite 430 | Professional Corporation |
| Tyler, TX 75701 | 900 South Capital of Texas Highway |
| Phone: (903) 705-1117 | Las Cimas IV, Fifth Floor |
| Fax: (903) 581-2543 | Austin, Texas 78746-5546 |
| ddacus@dacusfirm.com | Telephone: 512-338-5400 |
| | Facsimile: 512-338-5499 |
| John M. Desmarais (*pro hac vice*) | aallen@wsgr.com |
| Gabrielle Higgins (*pro hac vice*) | |
| Kerri-Ann Limbeek (*pro hac vice*) | |
| Brian D. Matty (*pro hac vice*) | Edward G. Poplawski |
| Jamie L. Kringstein (*pro hac vice*) | Admitted *pro hac vice* |
| Benjamin N. Luehrs (Texas Bar No. 440317) | Olivia M. Kim |
| Kyle G. Petrie *(pro hac vice)* | Admitted *pro hac vice* |
| Joze Welsh (*pro hac vice*) | Erik J. Carlson |
| Jun Tong *(pro hac vice)* | Admitted *pro hac vice* |
| Deborah J. Mariottini *(pro hac vice)* | Naoya Son |
| Peter Zhu (*pro hac vice*) | Admitted *pro hac vice* |
| Vi T. Tran (*pro hac vice*) | **WILSON SONSINI GOODRICH & ROSATI** Professional Corporation |
| **DESMARAIS LLP** | 633 West Fifth Street, Suite 1550 |
| 230 Park Avenue | Los Angeles, CA 90071 |
| New York, NY 10169 | Telephone: (323) 210-2900 |
| Telephone: 212-351-3400 | Facsimile: (866) 974-7329 |
| Facsimile: 212-351-3401 | epoplawski@wsgr.com |
| jdesmarais@desmaraisllp.com | okim@wsgr.com |
| ghiggins@desmaraisllp.com | ecarlson@wsgr.com |
| klimbeek@desmaraisllp.com | nson@wsgr.com |
| bmatty@desmaraisllp.com | |
| jkringstein@desmaraisllp.com | Matias Ferrario |
| bluehrs@desmaraisllp.com | Admitted *pro hac vice* |
| kpetrie@desmaraisllp.com | Nicole L. Regna |

jwelsh@desmaraisllp.com
jtong@desmaraisllp.com
dmariottini@desmaraisllp.com
pzhu@desmaraisllp.com
vtran@desmaraisllp.com

***Attorneys for Plaintiff Ravgen, Inc.***

Admitted *pro hac vice*
**KILPATRICK TOWNSEND &
STOCKTON LLP**
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 734-2651
mferrario@kilpatricktownsend.com
nregna@kilpatricktownsend.com

Peter J. Chassman (SBN 00787233)
Admitted *pro hac vice*
Hallie H. Wimberly (SBN 24106587)
Admitted *pro hac vice*
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, TX 77002
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
pchassman@reedsmith.com
hwimberly@reedsmith.com

***Attorneys for Defendant Laboratory
Corporation of America Holdings***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and any attachments thereto via the Court's CM/ECF system on August 5, 2022.

Dated: August 5, 2022

/s/ *Kerri-Ann Limbeek*
Kerri-Ann Limbeek
klimbeek@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401