**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **RAVGEN, INC.,** | § | |
| *Plaintiff* | § | |
| | § | **W-20-CV-00969-ADA** |
| **-vs-** | § | |
| | § | |
| **LABORATORY CORPORATION OF** | § | |
| **AMERICA HOLDINGS,** | § | |
| *Defendant* | § | |

**ORDER DENYING DEFENDANT LABCORP'S OPPOSED**
**MOTION TO EXTEND THE TRIAL DATE**

Came on for consideration this date is Defendant Laboratory Corporation of America Holding's Opposed Motion to Extend the Trial Date, filed July 22, 2022. ECF No. 162 (the "Motion"). Plaintiff Ravgen, Inc. ("Ravgen") filed an opposition on July 27, 2022. ECF No. 163. Laboratory Corporation of America Holdings ("Labcorp") did not file a reply brief. Labcorp previously filed a Motion to Stay Pending Resolution of *Inter Partes* Reviews (ECF No. 69), which the Court denied (ECF No. 83). After careful consideration of the Motion, the parties' briefing, and the applicable law, the Court **DENIES** Labcorp's Opposed Motion to Extend the Trial Date, ECF No. 162.

## I. BACKGROUND

Ravgen filed this action on October 16, 2020, alleging that Labcorp infringes U.S. Patent Nos. 7,332,277 ("the '277 Patent") and 7,727,720 ("the '720 Patent"). Specifically, Ravgen asserts claims 67, 91, 130, and 132 of the '277 Patent and claim 6 of the '720 Patent (collectively, the "Asserted Claims"). *See* ECF No. 1. Thereafter, Labcorp, and others, began petitioning the Patent Trial and Appeal Board (the "PTAB") for IPRs of the Asserted Patents. The PTAB has instituted review of various subsets of the Asserted Claims based on eight

1

different IPR petitions. ECF No. 162 at 1. Final Written Decisions ("FWDs") for the eight IPRs

must issue between October 19, 2022 and April 22, 2023.

The Court previously denied Labcorp's Motion to Stay (ECF No. 83), but Labcorp notes

that three of the eight IPRs have been instituted since that order. Both the '277 Patent and '720

Patent expire on March 13, 2023. In light of the IPRs, witness scheduling issues, and that Ravgen

seeks only monetary damages, Labcorp asks this Court to continue the trial to a date convenient

to the Court and both parties after December 14, 2022. ECF No. 162 at 3.

## II.   LEGAL STANDARD

"The party seeking a stay bears the burden of showing that a stay is appropriate."

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at

*2 (W.D. Tex. Jan. 5, 2015). "District courts typically consider three factors when determining

whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will

unduly prejudice the nonmoving party, (2) whether the proceedings before the court have

reached an advanced stage, including whether discovery is complete and a trial date has been set,

and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*

*LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015);

*see also CyWee Grp. Ltd. V. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL

11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.).

## III.   ANALYSIS

Ravgen argues that Labcorp's Motion is in fact a motion for reconsideration of its prior

motion to stay pending IPRs. ECF No. 163 at 4. Under that analysis, Rule 54(b) embraces a

"flexible approach permit[ing] [courts] to require a showing of one of the following factors to

justify reconsideration: an intervening change in law; availability of previously unavailable new

evidence; or a need to correct a clear legal error or to prevent manifest injustice." *WSOU Invs. LLC v. Microsoft Corp.*, No. 6:20-CV-00454-ADA, 2022 WL 2078216, at \*2 (W.D. Tex. June 9, 2022). Even assuming that the newly instituted IPRs constitute availability of previously unavailable new evidence, Labcorp *again* cannot carry its burden to justify a stay.

Labcorp provides two reasons for the requested stay (under the guise of a continuance). First, Labcorp relies on the instituted IPRs, including three since the Court's last order denying a stay. And second, Labcorp states that the September 19, 2022 trial date has recently become difficult due to a scheduled Labcorp Global Leadership Meeting to be held September 20-22, 2022. Per Labcorp, "all of Labcorp's witnesses that Labcorp expects to and may call at trial are an integral part of Labcorp's Global Leadership Meeting." ECF No. 162 at 3. Interestingly, Labcorp seeks a continuance to a date after December 14, 2022, the deadline for the FWDs of the five already contemplated IPRs addressed in the prior motion to stay. Despite highlighting the three new IPRs in its Motion, Labcorp does not seek a continuance that aligns with the FWDs for the new IPRs. Further, Labcorp supports its motion by arguing that Ravgen will not be prejudiced because the patents expire March 13 of next year and Ravgen only seeks monetary damages. *Id.* Per Labcorp, a continuance will not harm Ravgen, puts great burden on Labcorp's witnesses, and could prevent potential waste. *Id.* at 4. Labcorp's barren and recycled arguments fail to convince this Court that a continuance is proper.

## A. Undue Prejudice to the Non-Moving Party

The Court finds that a stay would inflict undue prejudice upon non-movant Ravgen for at least the following four reasons. First, Ravgen and Labcorp are competitors in the non-invasive prenatal testing market. As competitors, prejudice is nearly inherent in granting a stay. *See NFC Tech. v. HTC America*, 2015 WL 1069111, at \*2 (collecting cases); *see also Toshiba Tec Corp.*

*v. Katun Corp.*, No. 15-cv-1979-SJO (JCx), 2016 WL 9137646, at *4 (C.D. Cal. Sept. 21, 2016) ("[the undue prejudice] factor weighs strongly against granting a stay where the parties are direct competitors") (internal citations omitted). Generally, courts lessen the weight of alleged prejudice absent requests for injunctive relief. However, Ravgen argues that its relative market share suffers prejudice if justice is delayed. ECF No. 163 at 5. The Court agrees. Specifically, "[t]he longer that the other 'prominent players' in the market, such as LabCorp, continue to benefit from Ravgen's inventions without attribution, the more customers and recognition Ravgen will lose." *Id.* Such harms constitute "permanent loss of marketshare and goodwill." *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 2:19-CV-02754-JMP, 2020 WL 7865959, at *2 (W.D. Tenn. Nov. 24, 2020). Additionally, receiving money damages for a practicing entity can make a "material difference to [Ravgen's] business." *Kirsch Rsch. & Dev., LLC v. Epilay, Inc.*, No. 2:20-CV-03773-RGK (JPR), 2021 WL 4732578, at *4 (C.D. Cal. May 7, 2021). "The fact that Plaintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay in the case." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013).

The second reason a stay may unduly prejudice Ravgen is that Ravgen, like all patentees, has an interest in the timely enforcement of its patent rights. *See Kirsch*, 2021 WL 4555804, at *2 (citing *MiMedx*, 2015 WL 11573771, at *2). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed.") (quoting *Gordon v.*

*FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970)). Congress has recognized as much, establishing the PTAB to provide a forum for the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). Succinctly put, "the patent property is a wasting asset, and justice is ill served by delay in final resolution." *Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1266 (Fed. Cir. 1991).

Third, the '277 Patent and '720 Patent expire on March 13, 2023, only three months after Labcorp's requested trial date. Faced with the same question, United States District Judge Klausner of the United States District Court for the Central District of California denied a stay, holding that "placing an asserted patent in limbo for the majority of its remaining life would create a clear tactical disadvantage for plaintiffs." *Ravgen, Inc. v. Quest Diagnostics, Inc.*, No. 221CV09011RGKGJS, 2022 WL 2047615, at *4 (C.D. Cal. Feb. 2, 2022) (internal quotation marks omitted) (cleaned up). This Court agrees.

Last, Labcorp filed its Motion less than two months from trial. It is expected that both parties would have made hotel and travel arrangements in anticipation of trial. *See* ECF No. 163 at 7 n.3. A continuance will indeed cause additional financial hardships to Ravgen, including potential cancellation fees and likely increases in travel costs for the new proposed trial date.

Labcorp points to its own witness conflicts in view of Labcorp's Global Leadership Meeting—"an important meeting for Labcorp to strategize about its business and goals globally." ECF No. 162 at 3. But these conflicts are Labcorp's own doing. It is clear from the briefing that this Court's order scheduling the trial date for September 19, 2022 predated Labcorp's meeting. *Id.* ("In addition, the trial date of September 19, 2022 became difficult for Labcorp *recently*."). While the Court is sensitive to conflicting schedules, the Court is de-sensitized by self-inflicted scheduling difficulties. Here, Labcorp emphasizes that all of its

expected witnesses are an integral part of the meeting. Curiously, neither Labcorp, nor any of its numerous expected witnesses, emphasized the importance of this trial date when scheduling the meeting, *a date it jointly proposed* with Ravgen. *See* ECF Nos. 75, 82. Now, facing the prospects of trial, Labcorp boldly asks this Court and Ravgen to continue the trial date and accommodate Labcorp and its witnesses only after clearly contravening this Court's order setting trial for September 19, 2022. Were the Court to entertain such a request, future scheduling orders would carry little to no weight rendering trial dates meaningless. The problem is simple: Labcorp jointly proposed the upcoming trial date, then scheduled all of its witnesses for a Global Leadership Meeting during the heart of the trial, waited three months since its last reasoning for the motion to extend, and then requested this Court and Ravgen adjust their calendars to accommodate Labcorp's failure to adhere to the Court's (and its own proposed) order. The solution, however, should not be Ravgen's burden. Instead, Labcorp must solve the problem it created.

Labcorp fails to account for any of the above prejudice in its Motion and fails to dispute these arguments with a reply. Given the foregoing, this factor weighs against granting a continuance.

### B.  Stage of the Proceedings

The advanced stage of this action counsels against a stay. "[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014). This case is no longer in its early stages. The Court considered and denied Labcorp's prior stay motion over six months ago. That denial accounted for significant resources dedicated to the case, including the *Markman* hearing held on September 20, 2021, the opening of fact

6

discovery, and the claim construction order. The Court has dedicated far more resources since Labcorp's first motion, such as: denying a Motion for Leave to File an Opposed Motion to Transfer Case (ECF No. 81), discovery hearings (ECF Nos. 101, 109), and standard trial preparations. This Court has already begun review of the parties' substantive briefs for summary judgment and *Daubert* issues with the pretrial conference less than two weeks away.

Furthermore, the parties have expended significant resources, including completion of fact discovery with approximately 20 depositions and the close of expert discovery during which the parties served 11 expert reports and deposed 7 expert witnesses. ECF No. 163 at 8.

Because the Court has expended significant resources, this factor weighs against a stay. *See CANVS*, 118 Fed. Cl. at 595–96 (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1031–32 ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.")); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6 (D. Del. Jan. 11, 2013) ("[Once] the Court and the parties have already expended significant resources . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.").

## C.  Simplification of Issues

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Uniloc USA, Inc. v. Acronis, Inc.*, No. 6:15-CV-01001-RWS-KNM, 2017 WL 2899690, at *3 (E.D. Tex. Feb. 9, 2017) (citing *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG, 2016 WL 7634422, at *2 (E.D. Tex. Nov. 7, 2016); *NFC Tech.*, 2015 WL 1069111, at *4). "Simplification of the issues depends on whether the PTAB decides to grant the petition." *Id.* (citing *Trover*, 2015 WL

1069179, at *4; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655-WCB, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014)).

Labcorp makes the same fatal error in its second bite at the apple, failing to show that "the Board is likely to invalidate every asserted claim." *Scorpcast, LLC v. Boutique Media Pty Ltd.*, No. 2:20-CV-00193-JRG (RSP), 2020 WL 7631162, at *3 (E.D. Tex. Dec. 22, 2020). Institution alone is not enough. *Id.* (citing *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390-RWS-RSP, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019)). That is particularly true when the Board states that it is "not prepared on this preliminary record to characterize Petitioner's challenge as 'strong.'" ECF Nos. 69-1 at 25, 69-2 at 24, 163-6 at 31, 163-7 at 33; *see also USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021) (finding that movant "[did] not show[] that the PTAB is likely to invalidate all asserted claims" because it "specifically noted . . . that it cannot say that the merits of [movant's] IPR petitions are particularly strong.") (internal citations omitted).

Denying a motion to continue the trial date does not prevent Labcorp from asserting its invalidity defenses based on 35 U.S.C. § 112. As this Court has previously found,

> This Action is slated to resolve all the patent disputes separating the parties—either at the summary judgment stage or trial—before the PTAB adjudicates *only* invalidity based *only* on prior-art publications. The Court sees little sense in putting off trial (and the plaintiff's potential recovery) in favor of a lagging, limited adjudication that may not ultimately obviate the need for a jury trial.

*Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *3 (W.D. Tex. June 27, 2022) (collecting cases).

Additionally, Labcorp waited three months after the latest IPR institution before filing this Motion. Any arguments as to simplification are therefore mitigated due to the delay as the

parties engaged in expert reports, closed expert discovery, met and conferred to narrow the asserted claims and prior art references, reached the dispositive motion deadline, and exchanged pretrial disclosures with corresponding objections. Only after each of these case milestones did Labcorp file this Motion. Bearing in mind the ample opportunities since the last instituted IPR to request that this Court continue the trial date, Labcorp's arguments regarding simplification of the issues ring hollow. At this stage, "allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages." *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA, 2021 WL 1298932, at *2 (W.D. Tex. Apr. 7, 2021). This factor weighs against granting a continuance.

## IV.    CONCLUSION

The Court finds that no factor weighs in favor of granting a continuance. Ravgen would be prejudiced by delay of this trial, slated to occur before the PTAB issues a FWD in the referenced IPRs. This case is in an advanced stage, indeed on the eve of trial. And Labcorp has not made a strong showing regarding the strength of the IPRs. For the foregoing reasons, Labcorp's Motion to Extend the Trial Date, ECF No. 162, is **DENIED**.

SIGNED this 16th day of August, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE