IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **RAVGEN, INC.,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**LABORATORY CORPORATION<br>OF AMERICA HOLDINGS,**<br><br>　　　　　　Defendant. | Case No. 6:20-cv-00969-ADA |

**ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE AND PRECLUDE
CERTAIN EXPERT TESTIMONY OF DRS. PAUL T. SPELLMAN AND LARRY J.
DUMONT [ECF NO. 120]**

Before the Court is Plaintiff Ravgen, Inc.'s ("Ravgen") Motion to Exclude and Preclude Certain Expert Testimony of Drs. Paul T. Spellman and Larry J. Dumont ("the Motion"). ECF No. 120. Defendant Laboratory Corporation of America Holdings ("Laborp") filed a Response. ECF No. 140. Ravgen then filed a Reply. ECF No. 159. The Court heard oral argument on the Motion at the Pre-Trial Conference on August 31, 2022. ECF No. 195. At the Pre-Trial Conference, the Court granted the Motion in-part. ECF No. 195; *see also* ECF 199 at 2. This opinion memorializes that ruling.

## I.　　BACKGROUND

Ravgen filed this lawsuit accusing Labcorp of infringing United States Patent Nos. 7,727,720 (the "'720 Patent") and 7,332,277 (the "'277 Patent") (collectively the "Patents-in-Suit"). ECF No. 1 ¶ 1. The Patents-in-Suit "are directed to unconventional, non-routine techniques for preparing and analyzing extracellular circulatory DNA, including for the detection of genetic disorders." ECF No. 1 ¶ 34. In support of its defense against allegations of infringement, Labcorp

1

served the opening expert reports of Drs. Spellman and Dumont regarding the validity of the Asserted Patents. ECF. No. 120 at 2. Ravgen filed this Motion to exclude and preclude certain expert testimony of Drs. Spellman and Dumont, asserting that the experts' reports do not contain any analysis of: (1) the priority dates of the Asserted Patents; (2) the validity of '277 Patent claim 67; and (3) obviousness of '277 Patent claims 67, 130, 132, and 91 based on Lee alone, Lee in view of Ryan, Lo 1999 in view of Ryan, and Lo 1999 in view of Granger. ECF No. 1 at 1.

## II. LEGAL STANDARD

An expert witness may provide opinion testimony only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

This Court has previously held that "Rule 26 requires an expert witness to disclose an expert report that contains 'a complete statement of all opinions the witness will express [in testimony] and the basis and reasons for them.'" *511 Techs., Inc. v. Microchip Tech. Inc.*, No. 6:20-cv-00245-ADA, Dkt. 241 at 9 (W.D. Tex. June 27, 2022) ("*511 Techs.*") (citing *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013); *see also* FED. R. CIV. P. 26. "Parties must make these expert-witness disclosures within the deadlines set by the Court's Scheduling Order." *Daedalus Blue LLC, v. SZ DJI Tech. Co., Ltd.*, No. 6:20-cv-00073-ADA, Dkt. 171 at 3 (W.D. Tex. Feb. 24, 2022) ("*Daedalus*") (citing *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019).

An expert's unsupported conclusory assertion may be excluded as unreliable. *Matosky v. Manning*, 428 F. App'x 293, 298 (5th Cir. 2011) (per curiam) (holding that the district court did

not abuse its discretion in determining that the expert's conclusory assertion was unreliable, and thus in excluding his testimony); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Experts must undertake their own analyses and may not blindly rely on the opinions of others. *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14- cv-00033-JRG-RSP, 2015 WL 12911530, at *2 (E.D. Tex. Sept. 30, 2015).

If a party fails to timely provide information as required by Rule 26, the party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In determining whether the failure was substantially justified or harmless, the Fifth Circuit considers the following factors: (1) The importance of the witness' testimony; (2) The prejudice to the opposing party of allowing the testimony; (3) The possibility of curing such prejudice by a continuance; and (4) The explanation for the party's failure. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

### III.   DISCUSSION

**A. Labcorp's Experts' Opinions Provided No Analysis Regarding the Priority Date of the Asserted Patents.**

An expert's opinions should be excluded if they fail to apply any "scientific, technical or other specialized knowledge" to "help the trier of fact to understand the evidence or determine a fact in issue." FED. R. EVID. 702(a); see also *United Services Auto. Ass'n v. Wells Fargo Bank, N.A.*, 2019 WL 6896674, *2–*3 (E.D. Tex. 2019) ("Expert testimony that does not meet [FRE 702(a)] should be excluded."). Dr. Spellman's opinions in paragraph 23 of his Opening Report and Dr. Dumont's opinions in paragraphs 44, 50, and 51 of his Opening Report regarding priority of the Asserted Patents fail to meet this standard, and thus, should be excluded.

3

Although Labcorp asserts that Drs. Dumont and Spellman provide their opinions through "clear statements" regarding priority date, ECF No. 140 at 2, Labcorp does not provide an explanation for the lack of technical analysis in support of that assertion. Dr. Spellman admitted that he did not read any priority applications to the '277 patent and did not do any technical analysis to determine the priority date of the '277 patent. ECF No. 120-6, 89:11-22, 92:8-11, 142:6-11, 143:6-9. Dr. Dumont similarly failed to provide any analysis regarding priority date but relied only on Labcorp's *inter partes* review ("IPR") petitions without further investigation. ECF No. 120-7 ¶ 44, 50–51. Dr. Dumont's opening report states, "I have been informed and understand that the date of the invention for the Asserted Patents is August 29, 2003." ECF No. 120-7 ¶ 44; *see also id* at ¶¶ 50 ("I understand [various claims] of the '277 Patent do not have support in the earlier filed applications), 51 ("I understand claim 1 and its dependent claims . . . do not have support in the application filed on May 8, 2002. Rather, I understand the claims only have priority to August 29, 2003, as the earliest description of membrane stabilizers"). Expert testimony that does not employ the expert's expertise to help the jury understand facts or issues should be stricken. *See United Services Auto. Ass'n*, 2019 WL 6896674, at *2.

Alternatively, Labcorp argues that Dr. Spellman's opinions in his deposition properly rebutted Ravgen's expert Dr. Van Ness's testimony, and thus, his testimony should not be excluded. ECF No. 140 at 4. Indeed, under Rule 26, expert rebuttal may be provided "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D)(ii). However, Labcorp cannot rely on new opinions to rebut Ravgen's priority claims, because such opinions were untimely. Ravgen's priority claim was available before the deadline for its initial expert reports. *CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-cv-

4

01470-JRG-RSP, 2018 WL 453732, at *4 (E.D. Tex. Jan. 17, 2018). Because Dr. Spellman had notice of Ravgen's experts' opinions on the priority date of the Asserted Patents before he wrote his opening report, his newly disclosed opinions at his deposition cannot properly be seen as either rebuttal or supplemental. *See id.* at *3 ("A defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one.") (quoting *Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 556 (5th Cir. 1979)).

Labcorp further asserts that, at worst, Dr. Spellman's opinion given during his deposition was harmless error that would not be excluded under Rule 37(c). *See* ECF No. 140 at 6. However, the factors that the Fifth Circuit uses to determine whether any error was harmless or substantially justified weigh in favor of excluding Dr. Spellman's opinion. *See Betzel*, 480 F.3d at 707 ((1) The importance of the witness' testimony; (2) The prejudice to the opposing party of allowing the testimony; (3) The possibility of curing such prejudice by a continuance; and (4) The explanation for the party's failure to comply with the discovery order). The evidence is important to Labcorp, but just as certainly, Ravgen would be prejudiced if the Court were to allow the testimony. Labcorp tries to argue that Ravgen is not prejudiced because it had a chance to question Dr. Spellman during his deposition. *See* ECF No. 140 at 8. However, Ravgen had no opportunity to "digest and address the contents" of the opinions to prepare to question Dr. Spellman on these issues, which this Court has previously held to be prejudicial. *See Daedalus*, at *6. Additionally, a continuance at this stage of the proceedings is impractical and would greatly undermine the Court's trial schedule. Further, Labcorp fails to adequately justify the reason why Dr. Spellman's opinions given during his deposition were not in his report.

Because neither Dr. Spellman nor Dr. Dumont provided any analysis of the Asserted Patents' priority application disclosures and because their testimony regarding priority date cannot properly be considered rebuttal testimony, Drs. Dumont and Spellman are excluded from providing any testimony or opinions regarding the priority dates of the Patents-in-Suit.

**B. Labcorp's Experts Provided No Analysis Regarding Anticipation or Obviousness of Claim 67.**

Claim 67 of the '277 Patent claims "[t]he method of claim 55, wherein said locus of interest is a mutation" (the "mutation limitation"). Ravgen contends that Drs. Dumont and Spellman should be precluded from proffering expert testimony regarding claim 67, because none of the expert reports contain analysis regarding the mutation limitation. ECF No. 120 at 3; *see also* ECF No. 120-6 ¶ 173. The Court agrees.

Ravgen asserts that Dr. Dumont solely relied on Dr. Spellman's opinion regarding the disclosure of the mutation limitation of claim 67 of the '277 Patent, and Dr. Spellman does not provide an opinion on whether any reference disclosed that limitation. ECF No. 120 at 7–8; ECF No. 120-7 ¶¶ 173, 221, 239; ECF No. 120-9 at 171:6- 12. However, Labcorp contends that Dr. Dumont's Opening Report discloses the fact that sequencing a mutation was widely known in the prior art, ECF No. 140 at 9, and further asserts that Ravgen was put on notice that Dr. Dumont's opinion included this limitation being found in prior art, even as an anticipation of claim 67. *Id.* at 10. Notably, however, Dr. Dumont explicitly stated that he relied on Dr. Spellman's report and relied on Dr. Spellman's conclusions and opinions regarding the invalidity of the claim. *Id.* However, Dr. Spellman did not analyze whether the sequencing-a-mutation limitation of claim 67 was disclosed nor opine on its validity in his report. ECF 120-5, 86:24-87:23. Dr. Dumont also explicitly disclaimed any expertise regarding sequencing technology. ECF No. 120-6 ¶ 173.

6

Further, Dr. Spellman similarly stated that he did not have the expertise to opine on the "determining the sequence" limitation. *See, e.g.*, ECF No. 120-7 ¶¶163, 245; ECF No. 120-9 at 172:3-16. Accordingly, neither expert should be allowed to opine on the validity of claim 67 at trial. *See 511 Techs.*, at 9 ("Rule 26 requires an expert witness to disclose an [] report that contains a complete statement of all opinions the witness will express [in testimony] and the basis and reasons for them.").

Therefore, because neither expert provided testimony regarding anticipation or obviousness of claim 67, Drs. Dumont and Spellman are precluded from opining on the validity of claim 67 at trial.

**C. Drs. Dumont and Spellman are excluded from providing any testimony or opinions that any of Labcorp's asserted reference combinations of Lee and Ryan, Lo (1999) and Ryan, and Lo (1999) and Granger disclose the claim limitation "determining the sequence of a locus of interest."**

Rule 26 requires an expert witness to disclose an expert report that contains 'a complete statement of all opinions the witness will express [in testimony] and the basis and reasons for them. *See 511 Techs.*, at 9; *see also* FED. R. CIV. P. 26. Ravgen contends that Labcorp's experts should be precluded from testifying about the above obviousness combinations because Labcorp's experts do not provide any analysis that Lee, Lee in view of Ryan, Lo 1999 in view of Ryan, or Lo 1999 in view of Granger discloses claims 67, 120, and 132. ECF No. 120 at 10. Additionally, Ravgen argues that nowhere in their reports do Labcorp's experts provide analysis that Lee in view of Ryan, Lo 1999 in view of Ryan, or Lo 1999 in view of Granger render claim 91 obvious. *See id.*

Labcorp argues, however, that Labcorp's experts disclosed the very combinations Ravgen seeks to exclude. ECF No. 140 at 11. Labcorp asserts that Dr. Dumont relied on Dr. Spellman's report in "forming a conclusion regarding the state of the prior art," and that Dr. Dumont then applied his and Dr. Spellman's knowledge and understanding of this well-known prior art teaching

7

in the specific combinations identified above. *See id.* at 12–13. However, relying on Dr. Spellman, Dr. Dumont identified only Landes for the "determining the sequence" limitation. ECF No. 120-8, 172:17-22. Neither expert opined that "determining the sequence" would have been obvious over Lee or Lo 1999 in view of general knowledge. In fact, for claim 55 of the '277 Patent and its dependents 67, 130, and 132, Dr. Dumont specifically stated that "Lee does not teach a method of 'determining the sequence of a locus of interest on free fetal DNA,'" ECF No. 120-6, ¶¶ 205, 227. He further stated that "Lo (1999) . . . does not determine the sequence of a locus of interest.'" *Id*. ¶ 244. Additionally, Dr. Spellman never opined that determining the sequence as disclosed in Landes was well known or general knowledge.

Further, Labcorp argues that Ravgen's expert, Dr. Van Ness analyzed and responded to each of the specific obviousness combinations, and in effect, negates Ravgen's assertion of surprise or prejudice. ECF No. 140 at 12. However, Dr. Van Ness indicates only that he understood Labcorp's experts to be opining that Lee and Lo (1999) rendered the "determining the sequence" limitation obvious only in view of Landes. *See* ECF No. 159-4 ¶¶ 625 ("Dr. Dumont opines that Lee renders claims 59, 67, and 130 obvious in view of Landes."), 776 ("Dr. Dumont opines that Lo (1999) renders claims 59, 67, and 130 obvious in view of Landes.").

Therefore, for the foregoing reasons, Drs. Dumont and Spellman are excluded from providing any testimony or opinions that any of Labcorp's asserted reference combinations of Lee and Ryan, Lo (1999) and Ryan, and Lo (1999) and Granger disclose the claim limitation "determining the sequence of a locus of interest."

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** Plaintiff Ravgen, Inc.'s ("Ravgen") Motion to Exclude and Preclude Certain Expert Testimony of Drs. Paul T. Spellman

and Larry J. Dumont. ECF No. 120. Drs. Dumont and Spellman are excluded from providing any testimony or opinions regarding the priority dates of the Patents-in-Suit. Drs. Dumont and Spellman are further excluded from providing any testimony or opinions that any of Labcorp's asserted reference combinations of Lee and Ryan, Lo (1999) and Ryan, and Lo (1999) and Granger disclose the claim limitation "determining the sequence of a locus of interest" or from providing any testimony concerning claim 67.

SIGNED on this 4th day of October, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE