IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **RAVGEN, INC.,** *Plaintiff* | **Civil Action No. 6:20-cv-00969-ADA** |
| -v- | **JURY TRIAL DEMANDED** |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS,** *Defendant* | |

### MEMORANDUM OPINION AND ORDER GRANTING-IN-PART PLAINITIFF'S MOTION TO AMEND THE JUDGMENT TO INCLUDE SUPPLEMENTAL DAMAGES, PRE-JUDGMENT INTEREST, AND POST-JUDGMENT INTEREST, AND TO ADJUDGE CLAIM 132 NOT INVALID (ECF NO. 238)

Before the Court is Plaintiff Ravgen, Inc.'s ("Ravgen's") Motion to Amend the Judgment to Include Supplemental Damages, Pre-Judgment Interest, and Post-Judgment Interest, and to Adjudge Claim 132 Not Invalid (ECF No. 238). Defendant Laboratory Corporation of America Holdings ("Labcorp") filed an opposition to the motion on October 27, 2022 (ECF No. 250) and Ravgen filed a reply on November 3, 2022 (ECF No. 269). After careful consideration of the motion, the parties' briefing, and the applicable law, the Court **GRANTS-IN-PART** Ravgen's motion.

### I. BACKGROUND

Ravgen brought a patent infringement suit against Labcorp on October 16, 2018, alleging infringement of U.S. Patent No. 7,332,277 ("the '277 patent"), *inter alia*. *See* ECF No. 1. The '277 patent is directed to methods of detection of genetic disorders. *Id*. at 11. Ravgen alleged that Labcorp manufactures, provides, sells, offers for sale, imports, and/or distributes products and services directly infringing the '277 patent. *Id*. at 57, 66. This Court conducted a jury trial on

September 19–23, 2022, resulting in a unanimous verdict that Labcorp infringed the '277 patent. ECF No. 222 at 3.

## II. LEGAL PRINCIPLES

### A. Supplemental Damages

"Under 35 U.S.C. §284, upon a finding of infringement, a prevailing 'patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict.'" *Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*, No. 6:20-CV-00018-ADA, 2023 WL 2415281, at *18 (W.D. Tex. Mar. 8, 2023) (quoting *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248, 2011 WL 4899922, at *1 (E.D. Va. Oct. 14, 2011)). "[S]upplemental damages are compensatory in nature and calculated in accordance with the damages awarded in the jury verdict." *Id*. The Court has "discretion to award damages for periods of infringement not considered by the jury." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 38 (Fed. Cir. 2012).

### B. Ongoing Royalty

It is within the Court's equitable discretion to determine whether an ongoing royalty need be imposed. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314–15 (Fed. Cir. 2007). Although an ongoing royalty is not automatic, "the Federal Circuit has indicated that a prevailing patentee should receive compensation for any continuing infringement." *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK, 2014 WL 6687122, at *7 (N.D. Cal. Nov. 25, 2014) (citing *Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1379 (Fed. Cir. 2010)).

In determining the ongoing royalty rate, the Court must consider: (i) the "change in the parties' bargaining positions, and the resulting change in economic circumstances, resulting from

the determination of liability"; (ii) "changed economic circumstances, such as changes related to the market for the patented products"; and (iii) any other "post-verdict factor" that would impact "what a hypothetical negotiation would look like after the prior infringement verdict." *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1297 (Fed. Cir. 2018). "Generally, the jury's damages award is a starting point for evaluating ongoing royalties." *Apple, Inc.*, 2014 WL 6687122, at *14 (citing *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 670 F.3d 1171, 1193 (Fed. Cir. 2012), *vacated on other grounds*, 467 F. App'x 747). In addition, the Court may consider the Georgia-Pacific factors. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1370 (Fed. Cir. 2017).

### C. Prejudgment Interest

A damages award should provide "complete compensation," *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983), including "a reasonable royalty for the use made of the invention by the infringer, together with interest and costs. 35 U.S.C. § 284. "The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty rather than infringe." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1094 (Fed. Cir. 2014). "The award of pre-judgment interest is the rule, not the exception." *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1358 (Fed. Cir. 2012). But Section 284 does not "requir[e] the award of prejudgment interest whenever infringement is found." *Devex*, 461 U.S. at 65–56.

## III. ANALYSIS

### A. Ravgen is Entitled to Post-Verdict Supplemental Damages

Ravgen moves for post-verdict supplemental damages for infringement from September 23, 2022 through October 5, 2022. ECF No. 238 at 2. Ravgen seeks a royalty rate of $100-per-test.

*Id.* at 2–3. For the period between the verdict and entry of the judgment (September 23, 2022 through October 5, 2022), Ravgen seeks $1,929,600 based on Labcorp's averages sales per day for 2022 of 1,608 tests. *Id.* at 3. Labcorp does not dispute that Ravgen is entitled to this amount for post-judgment damages. ECF No. 250 at 1.

Ravgen also requests that the Court enhance the royalty rate by the same amount that the Court enhances the jury award for willful infringement. ECF No. 238 at 3–4. Labcorp does not provide any arguments against enhancing the post-verdict supplemental damages except the arguments presented in opposition to Ravgen's Motion for Enhanced Damages. ECF No. 250 at 1. In the Memorandum Opinion and Order Granting-In-Part Plaintiff's Motion for Enhanced Damages (ECF No. 232) and Awarding Enhanced Damages, the Court declined to award Ravgen full treble damages and instead awarded Ravgen enhanced damages in the amount of $100,000,000. ECF No. 303. The enhanced damages award adds $36.70 to the royalty rate of each test. The Court awards Ravgen the same amount of enhanced damages ($36.70 per test) for post-verdict supplemental damages, which totals an additional $708,163.20.

Therefore, the Court finds that Ravgen is entitled to $2,637,763.20 in post-verdict supplemental damages.

### B.  Ravgen is Entitled to an Ongoing Royalty in the Amount of $100 Per Infringing Test

Ravgen seeks an ongoing royalty from October 5, 2022 through the expiration of the '277 Patent in the amount of $147.50 for every infringing test. ECF No. 238 at 4. Labcorp opposes an ongoing royalty rate higher than the rate awarded by the jury. ECF No. 250 at 2.

The parties agree that the jury awarded a reasonable royalty of $100 per test. ECF No. 238 at 6; ECF No. 250 at 5 n.1. Ravgen seeks to increase the ongoing royalty rate because the post-

verdict hypothetical negotiation would differ from the hypothetical negotiation presented at trial because Ravgen has a stronger bargaining position post-verdict and Labcorp would no longer qualify for the 10% first mover discount. ECF No. 238 at 7. Ravgen asserts that without the first mover discount, the royalty rate would be $147.50. *Id*. While the Court agrees that Ravgen's bargaining position may be strengthened post-verdict, that is just one of the *Georgia-Pacific* factors to consider when determining an ongoing royalty. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Other factors may weaken Ravgen's bargaining position post-verdict, such as the remaining term of the '277 patent and Ravgen's licensing policies.

The Court finds Ravgen's recent licenses instructive regarding the post-verdict hypothetical negotiation. Ravgen continued to offer the "first mover discount" to licensees, even as recently as a few months before trial. ECF No. 250 at 4 (citing ECF No. 116-14). The Court is not persuaded that Ravgen would have deviated from its established licensing pattern and refused to offer the discount to Labcorp, even at a post-verdict hypothetical negotiation. And the Court notes that Ravgen did not seek an injunction in this case, which "is an important factor that largely accounts for the difference between pre-verdict and post-verdict hypothetical negotiations." *UroPep*, 2017 WL 3034655, at *5 ("As the court explained in *Presidio Components Inc. v. American Technical Ceramics Corp.*, No. 08-cv-335-IEG, 2010 WL 3070370 (S.D. Cal. Aug. 5, 2010), the difference between reasonable royalties for pre-verdict and post-verdict infringement 'is largely due to the threat of an injunction, which serves as a big stick, essentially framing negotiation in terms of how much an adjudged infringer would pay for a license to continue its

infringing conduct. Where ... an injunction is no longer proper, the Court is hard pressed to find in what material respect the situation is different now than it was during trial.'").

Therefore, the Court awards Ravgen an ongoing royalty in the amount of $100 per infringing test until the expiration of the '277 patent.

### C.     Ravgen is Entitled to Prejudgment Interest

Ravgen requests prejudgment interest in the amount equal to the 52-week U.S. Treasury Bill rate, compounded annually. ECF No. 238 at 9–10. Labcorp opposes, alleging that Ravgen unduly delayed bringing the lawsuit. ECF No. 250 at 8–11. Labcorp asserts that Ravgen waited eight years before bringing suit despite believing that Sequenom's NIPT used formaldehyde in 2012. *Id.* at 9–10. However, Labcorp does not provide evidence as to why Ravgen's delay was undue, such as identifying any prejudice that it suffered as a result of Ravgen not bringing suit until 2020. *See Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1375 (Fed. Cir. 2022) ("In particular, to show that delay was undue, a defendant must, at least generally, show that it was prejudiced.") (citing *Crystal Semiconductor Corp. v. TriTech Microelectronics International, Inc.*, 246 F.3d 1362 (Fed. Cir. 2001)). As such, the Court awards Ravgen prejudgment interest in an amount equal to the 52-week U.S. Treasury Bill rate, compounded annually.

### D.     Ravgen is Entitled to Post-Judgment Interest

Ravgen moves for post-judgment interest pursuant to 28 U.S.C. § 1961. ECF No. 238 at 15. Labcorp does not oppose. ECF No. 250 at 1. Therefore, the Court awards Ravgen post-judgment interest on the entire judgment amount, including the supplemental damages award, prejudgment interest, and costs, at the Federal statutory rate computed daily and compounded annually (see 28 U.S.C. § 1961) from October 5, 2022 (date of judgment) until the date of payment by Labcorp.

### E.  Claim 132 of the '277 Patent is Adjudged Not Invalid

Ravgen requests the Court adjudge claim 132 of the '277 patent not invalid because Labcorp's fourth counterclaim on invalidity of the '277 patent was one of the disputed issues tried to the jury. ECF No. 238 at 11–12. Labcorp did not voluntarily dismiss its counterclaim of invalidity before trial. Therefore, Fed. R. Civ. P. 41(b) applies and operates as an adjudication on the merits. Accordingly, claim 132 of the '277 patent is adjudged not invalid.

### IV.  CONCLUSION

For the reasons above, the Court **GRANTS-IN-PART** Ravgen's Motion to Amend the Judgment to Include Supplemental Damages, Pre-Judgment Interest, and Post-Judgment Interest, and to Adjudge Claim 132 Not Invalid (ECF No. 238).

**SIGNED** this 23rd day of January, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE