IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **RAVGEN, INC.,** | § § § | **Civil Action No. 6:20-cv-00969-ADA** |
| *Plaintiff* | § § | |
| -v- | § § | **JURY TRIAL DEMANDED** |
| | § § | |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS,** | § § § § | |
| *Defendant* | § | |

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO MAINTAIN CERTAIN TRIAL EXHIBITS UNDER SEAL IN PART OR IN FULL (ECF NO. 297)**

Before the Court is Defendant Laboratory Corporation of America Holdings's ("Labcorp's") Motion to Maintain Certain Trial Exhibits Under Seal in Part or in Full (ECF No. 297). Plaintiff Ravgen, Inc. filed a response to the motion on February 14, 2023 (ECF No. 298) and Labcorp filed a reply on February 21, 2023 (ECF No. 299). After careful consideration of the motion, the parties' briefing, and the applicable law, the Court **GRANTS-IN-PART** Labcorp's motion.

**I.   BACKGROUND**

Ravgen brought a patent infringement suit against Labcorp on October 16, 2018, alleging infringement of U.S. Patent No. 7,332,277 ("the '277 patent"), *inter alia*. *See* ECF No. 1. The '277 patent is directed to methods of detection of genetic disorders. *Id*. at 11. Ravgen alleged that Labcorp manufactures, provides, sells, offers for sale, imports, and/or distributes products and services directly infringing the '277 patent. *Id*. at 57, 66. This Court conducted a jury trial on

September 19–23, 2022, resulting in a unanimous verdict that Labcorp infringed the '277 patent. ECF No. 222 at 3.

## II. LEGAL PRINCIPLES

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record." *June Med. Servs. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. If the Court seals information, it must give sufficient reasons to allow for appellate review. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Finally, "[p]ublicly available information cannot be sealed." *June Med. Servs.*, 22 F.4th at 520.

## III. ANALYSIS

Labcorp seeks to maintain two trial exhibits under seal in full (DTX-612 and PTX-716) and to maintain eight trial exhibits under seal in part (DTX-312, -338, -751 and PTX-176, -254, -255, -563, and -766). ECF No. 296 at 1. The Court addresses each exhibit below.

### A.    DTX-612

The parties have agreed to maintain DTX-612 partially under seal. ECF No. 299 at 3. Therefore, the portions of DTX-612 redacted in ECF No. 298-2 will remain under seal.

### B.    PTX-716

The parties have agreed to maintain DTX-716 partially under seal. ECF No. 299 at 3. Therefore, the portions of DTX-716 redacted in ECF No. 298-3 will remain under seal.

### C.     DTX-312

The parties have agreed to maintain DTX-312 partially under seal. ECF No. 299 at 3. Therefore, the portions of DTX-312 redacted in ECF No. 298-5 will remain under seal.

### D.     DTX-338

The parties have agreed to maintain DTX-338 partially under seal. ECF No. 299 at 3. Therefore, the portions of DTX-338 redacted in ECF No. 298-6 will remain under seal.

### E.     DTX-751

DTX-751 contains confidential sales data of a third party, Streck. Inc. ECF No. 297 at 6. Courts in the Fifth Circuit generally respect the confidentiality of a third party's document. *See, e.g.*, *Data Engine Techs. LLC v. IBM Corp.*, No. 6:13-CV-858 RWS-JDL, 2016 WL 9281313, at *1 (E.D. Tex. Apr. 27, 2016). However, portions of DTX-751 were discussed in open court. ECF No. 297 at 6. Therefore, Labcorp proposes that DTX-751 be maintained under seal except for the portions discussed and shown in open court. *Id*. Ravgen opposes, arguing that Labcorp's counsel introduced DTX-751 on the public record, published it on the document camera, and made no effort to close the courtroom or protect the confidentiality of the exhibit during trial. ECF No. 298 at 9.

The Court agrees with Labcorp that the portions of DTX-751 shown and discussed in open court should be public. While Ravgen is correct that "Labcorp then used the sums in DTX-0751 to perform some math, in front of the jury, for '[t]he price per tube' that Labcorp and Sequenom paid: $7.63 and $5 per tube, respectively," (*id*.), Labcorp's proposed redactions leave the sums in DTX-751 in the public record. Therefore, the portions of DTX-751 redacted in ECF No. 297-3 will remain under seal.

### F.     PTX-176

The parties have agreed to most of the proposed redactions to PTX-176. ECF No. 299 at 6. The remaining dispute is whether Sections 6.9 through 6.9.4 should remain sealed. *Id*. Labcorp contends that these sections "contain detailed descriptions of the process by which Labcorp's internal software system analyzes sequencing results." *Id*. Ravgen contends that "[b]ecause this information is highly pertinent to the disputed issues in this case, any asserted proprietary interest is outweighed by the public's right to understand the evidence underlying the verdict." ECF No. 298 at 19. However, Ravgen agreed to seal the same information in DTX-312. ECF No. 299 at 7; ECF No. 298-5. Because PTX-176 contains confidential technical information, the Court agrees to maintain Section 6.9 through 6.9.4 under seal and the portions of PTX-176 redacted in ECF No. 299-1 will remain under seal.

### G.     PTX-254

The parties have agreed to maintain PTX-254 partially under seal. ECF No. 299 at 3. Therefore, the portions of PTX-254 redacted in ECF No. 297-5 will remain under seal.

### H.     PTX-255

PTX-255 is a Labcorp internal testing report. Labcorp seeks to maintain PTX-255 under seal except for the portions discussed in open court. ECF No. 297 at 5; ECF No. 299 at 7–8. Ravgen opposes sealing any portion of PTX-255 because it provides key facts supporting Ravgen's case (infringement, willfulness, and damages) and its subject matter and age indicate that Labcorp is unlikely to suffer any competitive harm from disclosure. ECF No. 298 at 11–13.

The Court agrees with Labcorp that the possibility it may suffer competitive harm is sufficient to maintain portions of PTX-255 not discussed in open court under seal. *See Nixon v.*

*Warner Communs.*, 435 U.S. 589, 598 (1978). Therefore, the portions of PTX-255 redacted in ECF No. 297-6 will remain under seal.

### I.    PTX-563

The parties have agreed to maintain PTX-563 partially under seal. ECF No. 299 at 3. Therefore, the portions of PTX-563 redacted in ECF No. 298-8 will remain under seal.

### J.    PTX-766

The parties have agreed to maintain PTX-766 partially under seal. ECF No. 299 at 3. Therefore, the portions of PTX-766 redacted in ECF No. 298-4 will remain under seal.

## IV. <u>CONCLUSION</u>

It is therefore **ORDERED** that Labcorp's Motion to Maintain Certain Trial Exhibits Under Seal in Part or in Full, ECF No. 297, is **GRANTED-IN-PART.**

**SIGNED** this 23rd day of January, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE