# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **RAVGEN, INC.,** | § § § | **Civil Action No. 6:20-cv-00969-ADA** |
| *Plaintiff* | § § | |
| -v- | § § | **JURY TRIAL DEMANDED** |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS,** | § § § § | |
| *Defendant* | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING-IN-PART PLAINTIFF'S AMENDED BILL OF COSTS (ECF NO. 271)

Before the Court is Plaintiff Ravgen, Inc.'s Opposed Motion in Support of its Amended Bill of Costs (ECF No. 271). Defendant Laboratory Corporation of America Holdings ("Labcorp") filed an objection to the Bill on November 17, 2022 (ECF No. 282). The Court held a hearing on the Motion on December 14, 2022. After careful consideration of the Bill, the parties' briefing and oral arguments, and the applicable law, the Court **GRANTS-IN-PART** the costs identified in Ravgen's Bill.

## I. BACKGROUND

Ravgen brought a patent infringement suit against Labcorp on October 16, 2018, alleging infringement of U.S. Patent No. 7,332,277 ("the '277 patent"), *inter alia*. *See* ECF No. 1. The '277 patent is directed to methods of detection of genetic disorders. *Id.* at 11. Ravgen alleged that Labcorp manufactures, provides, sells, offers for sale, imports, and/or distributes products and services directly infringing the '277 patent. *Id.* at 57, 66. This Court conducted a jury trial on September 19–23, 2022, resulting in a unanimous verdict that Labcorp infringed the '277 patent.

ECF No. 222 at 3. The Court entered judgment on October 5, 2022, ECF No. 231. On November 3, 2022, Ravgen entered its amended Bill requesting $165,310.66.

## II. LEGAL PRINCIPLES

The Federal Rules of Civil Procedure state, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under this rule, there is a strong presumption "that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has held that this presumption intended to create prima facie entitlement to payment of costs and that the burden of overcoming this presumption shifts to the losing party. *Id*. Additionally, the court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 794 (quoting *Schwarz*, 767 F.2d at 131).

According to the Fifth Circuit, a wide range of reasons justify denying costs for the prevailing party. *Id*. Included in these potential reasons are:

> (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.

*Id*. In addition, the court can deny costs if the losing party entered into litigation in good faith. *Id*.

## III. ANALYSIS

As the prevailing party, Ravgen is prima facie entitled to costs under Rule 54(d)(1). *Pacheco*, 448 F.3d at 793. Labcorp does not dispute the majority of Ravgen's amended Bill. However, as discussed below, Labcorp disputes that Ravgen is entitled for costs for deposition videos for witnesses who did not testify at trial, printed deposition exhibits, trial poster boards, and trial exhibit stamping. The Court addresses each category of costs below.

### A.   Fees of the Clerk

Ravgen seeks to recover $400 for filing the complaint. ECF No. 271 at 1. Labcorp does not oppose recovery of this cost. *Id*. Accordingly, the Court finds Ravgen is entitled to recover $400 for such costs.

### B.   Fees for Service of the Summons and Subpoenas

Ravgen seeks to recover $455 for service of the summons on LabCorp and subpoenas for six people/entities. ECF No. 271 at 1–3. Labcorp does not oppose recovery of this cost. ECF No. 282 at 1 n.2. Thus, the Court finds Ravgen is entitled to recover $455 for these costs.

### C.   Fees for Printed or Electronically Recorded Transcripts

Ravgen seeks to recover costs for hearing, trial, and depositions transcripts and deposition videos. Labcorp partially opposes recovery of these costs.

#### 1.   Hearing and Trial Transcripts

Ravgen seeks $14,380.33 for hearing and trial transcripts. ECF No. 271 at 3. Labcorp does not oppose recovery of these costs. *Id*. Accordingly, the Court finds Ravgen is entitled to recover $14,380.33 for the hearing and trial transcripts.

#### 2.   Deposition Transcripts and Videos

Ravgen seeks $75,172.15 for printed and/or electronically recorded transcripts of 32 days of depositions taken by both parties. ECF No. 271 at 4. Labcorp does not oppose recovery of costs for witnesses who testified live at trial ($33,861.89). *Id*. However, Labcorp opposes recovery of costs for deposition videos of witnesses who did not testify at trial (live or by deposition) ($41,310.26). ECF No. 282 at 2–3.

For witnesses that did not testify at trial, Ravgen seeks $26,509.11 for printed transcripts and $14,801.25 for video recordings. Labcorp contends that Ravgen can only recover the cost of

the printed transcripts, not the video recordings. *Id*. The Court agrees. "'The consensus in the Western District of Texas is to allow the recovery of the costs of videotaped depositions only where the video recordings are actually used at trial,' and not to allow the costs of both video and written transcripts." *Transverse, LLC v. Iowa Wireless Servs., LLC*, No. 1:10-cv-517-LY, 2020 WL 614590, at *6 (W.D. Tex. Feb. 7, 2020), report and recommendation adopted as modified, 2020 WL 10065757 (W.D. Tex. Mar. 4, 2020), rev'd in part sub nom. on other grounds *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336 (5th Cir. 2021) (quoting *Delgado v. Alamo Cmty. Coll. Dist.*, No. SA-16-cv-00983-FB, 2019 WL 1772317, at *1 (W.D. Tex. Apr. 23, 2019); *see also MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-ADA, 2022 WL 1913619, at *4 (W.D. Tex. June 3, 2022). The Court declines to award costs for the video recordings of the witnesses that did not testify at trial, but awards Ravgen $26,509.11 for printed transcripts. Thus, the Court award Ravgen $60,370.92 for deposition transcripts and videos.

### D.     Fees of Witnesses

Ravgen seeks $5,607.37 for costs associated for witness attendance and travel costs. ECF No. 271 at 13–15. Labcorp does not oppose recovery of these costs. *Id*. Therefore, the Court awards Ravgen $5,607.37 for these costs.

### E.     Fees for Exemplification and Copies

Ravgen seeks $69,295.81 in costs related to exemplification of trial exhibits and copying materials necessary for use at trial. ECF No. 271 at 16. Labcorp partially opposes. *Id*.

Specifically, Labcorp opposes Ravgen's recovery of costs for printed deposition exhibits, asserting that Ravgen failed to make the required showing of necessity. ECF No. 282 at 3. Ravgen argues that it is not required to specifically identify the documents printed. ECF No. 271 at 16. Ravgen has merely identified the cost of deposition exhibits for each deposition. ECF No. 271-1

at 5. Without more context, the Court cannot determine if the amount Ravgen requests is reasonable and necessarily obtained for the use in the litigation. *See, e.g.*, *Ushijima v. Samsung Elecs. Co.*, No. 1:12-cv-318-LY, 2015 WL 11251558, at *4 (W.D. Tex. July 30, 2015). Therefore, the Court adopts the generally accepted rule in the Western District that a prevailing party should be entitled 50% of its document reproduction costs throughout the entire case. *Ushijima*, 2015 WL 11251558, at *12 ("Allocating approximately 50% of the prevailing party's copying costs is an acceptable, if 'somewhat crude,' method of accounting for necessary versus unnecessary copies." (quoting *Summit Tech., Inc. v. Nidek, Co.*, 435 F.3d 1371, 1378–79 (Fed. Cir. 2006)); *see also MV3*, 2022 WL 1913619, at *5 (W.D. Tex. June 3, 2022). Accordingly, the Court awards Ravgen $5,731.38, which is 50% of the amount it requested for deposition copies.

Labcorp also opposes Ravgen's recovery of the costs for physical trial demonstratives. Labcorp asserts that "foam and magnetic boards and magnets" are not physical demonstratives. ECF No. 282 at 4. The Court agrees. "Exemplification" should be construed narrowly to mean examples, samples, prototypes, etc. and not items prepared by trial graphics. *See, e.g.*, *Profectus Tech. LLC v. Google LLC*, No. 6:20-cv-00101-ADA, 2022 WL 3362282, at *7 (W.D. Tex. Aug. 15, 2022). Therefore, the Court finds Ravgen is not entitled to recover the costs for printing physical demonstratives.

Finally, Labcorp opposes Ravgen's request to recover $3,553.80 for stamping trial exhibits. ECF No. 282 at 5–6. Labcorp asserts that trial exhibit stamping is not a cost articulated in Section 1920. *Id*. at 5. The Court construes Section 1920 narrowly and agrees that stamping trial exhibits falls outside of the Court's definition of "exemplification." *See, e.g.*, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Electronics Co. Ltd*., No. 4:14-cv-371, 2017 WL 4038886, at *3 (E.D. Tex. Sep. 13, 2017); *DSS Tech. Mgmt. Inc. v. Taiwan Semiconductor Mfg. Co., Ltd.*, No. 2:14-cv-

00199-RSP, 2016 WL 5942316, at *8 (E.D. Tex. Oct. 13, 2016). Accordingly, Ravgen cannot recover these costs.

Labcorp does not oppose Ravgen's request for printing the Complaint and exhibits for service ($660.22), trial witness binders ($29,330.98), admitted PTX trial exhibits ($2,302), deposition transcripts and exhibits for trial ($2,076.10), exhibit reports and damages schedules for trial ($652.32), patents and file histories for trial ($4,138.78), and discovery responses for trial ($114.53). ECF No. 271 at 17, 19-20; ECF No. 282 at 1 n.2.

## IV. <u>CONCLUSION</u>

It is therefore **ORDERED** that Ravgen's amended Bill, ECF No. 270, is **GRANTED-IN-PART.** Ravgen is entitled to all requested costs minus:

- the cost of deposition video recordings ($14,801.25);

- half the requested costs for copying deposition exhibits ($5,731.38);

- costs for trial demonstratives ($3,775.96); and

- costs for stamping trial exhibits ($3,553.80).

**SIGNED** this 23rd day of January, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE