**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **RAVGEN, INC.,** *Plaintiff* | **Civil Action No. 6:20-cv-00969-ADA** |
| -v- | **JURY TRIAL DEMANDED** |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS,** *Defendant* | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL PURSUANT TO FED. R. CIV. P. 59 (ECF NO. 263)**

Before the Court is Defendant Laboratory Corporation of America Holdings ("Labcorp's") Motion for New Trial Pursuant to Fed. R. Civ. P. 59 (ECF No. 263). Plaintiff Ravgen, Inc. ("Ravgen") filed an opposition to the motion on November 16, 2022 (ECF No. 279) and Labcorp filed a reply on November 23, 2022 (ECF No. 287). After careful consideration of the motion, the parties' briefing, and the applicable law, the Court **DENIES** Labcorp's motion.

**I.   BACKGROUND**

Ravgen brought a patent infringement suit against Labcorp on October 16, 2018, alleging infringement of U.S. Patent No. 7,332,277 ("the '277 patent"), *inter alia*. *See* ECF No. 1. The '277 patent is directed to methods of detection of genetic disorders. *Id*. at 11. Ravgen alleged that Labcorp manufactures, provides, sells, offers for sale, imports, and/or distributes products and services directly infringing the '277 patent. *Id*. at 57, 66. This Court conducted a jury trial on September 19–23, 2022, resulting in a unanimous verdict that Labcorp infringed the '277 patent. ECF No. 222 at 3.

## II. <u>LEGAL PRINCIPLES</u>

"The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action of law in federal court." Fed. R. Civ. P. 59(a). Generally, a new trial may be granted when the trial court finds "(1) the verdict is against the weight of the evidence, (2) the amount of damages awarded is excessive, or (3) the trial was unfair or marred by prejudicial error." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991).

Whether to grant or deny a motion for new trial "is within the sound discretion of the trial court." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). A "district court abuses its discretion by denying a new trial only when there is an absolute absence of evidence to support the jury's verdict." *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013) (quotations and citations omitted). Additionally, "mere conflicting evidence or evidence that would support a different conclusion" cannot serve as the basis for a new trial. *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). Indeed, "[u]nless justice requires otherwise, no error in admitting or excluding evidence –or any other error by the court or a party – is grounds for granting a new trial . . . at every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. If the evidence at trial is legally sufficient to support the jury's verdict, a district court does not abuse its discretion by denying a motion for new trial. *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676 (5th Cir. 2016) (citations omitted).

## III. ANALYSIS

### A. The Jury Verdict is Not Against the Weight of the Evidence

As explained in the Court's Memorandum Order and Opinion regarding Defendant's Renewed Motion for Judgment of a Matter of Law, substantial evidence supports the jury's verdict. *See* ECF No. 312. Therefore a new trial is not warranted on this basis.

### B. No New Trial Is Warranted Because the Court Properly Excluded the Testimony of LabCorp's Experts on the Priority Issue

Labcorp asserts that the Court erred by disregarding Ravgen's burden to produce evidence that claim 132 of the '277 patent is entitled to the date of the provisional application to which it claims priority and not submitting the priority issue to the jury. ECF No. 263 at 3.

First, Labcorp claims that a "reasonable jury could have (and would have) rejected Ravgen's priority case" because the evidence presented by Ravgen's expert, Dr. Van Ness, was deficient. *Id.* at 4–6. The Court disagrees. Ravgen presented evidence and testimony to the jury regarding how each limitation of claim 132 had written support in the provisional application. *See, e.g.*, Tr. 369:18–375:15, 337:16–342:6; PTX-1633. Labcorp offered no evidence contradicting Dr. Van Ness's testimony. *See* Tr. 681:11–685:25 (Labcorp's counsel admitting that Labcorp's experts "aren't going to talk about the priority date"). Therefore, there was no dispute to submit to the jury regarding the priority issue.

Next, Labcorp argues that the Court improperly excluded the testimony of Dr. Dumont and Dr. Spellman regarding the priority issue. ECF No. 263 at 6–7. Labcorp's arguments essentially rehash its arguments opposing Ravgen's *Daubert* motion seeking to exclude the testimony of Dr. Dumont and Dr. Spellman regarding the priority issue. The Court has already rejected these arguments. ECF No. 230 at 3–6. A motion for a new trial should not be used as a vehicle to renew

a *Daubert* challenge or relitigate matters the Court has already decided. *See, e.g.*, *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-cv-66-JRG, ECF No. 743 at 13 (E.D. Tex. May 17, 2022); *Badillo v. Stanley Access Techs., LLC*, 2010 WL 11579506, at *2 (S.D. Tex. Aug. 20, 2010).

As such, the Court declines to award a new trial on this basis.

### C. No New Trial is Warranted Because the Court Property Excluded Labcorp's Invalidity Arguments Based on the Landes, Lee, and Lo References

Labcorp argues that because the Court improperly excused Ravgen from its burden to produce evidence regarding the priority issue, it improperly prevented Labcorp from presenting its Landes-based invalidity theories. ECF No. 263 at 6. As explained above, the Court properly ruled on the priority issue. As such, Landes was not prior art as to the '277 patent and Labcorp's invalidity arguments based on Landes were properly excluded.

Labcorp also argues that "[t]he Court erred in granting Ravgen's *Daubert* motion to exclude Labcorp's expert opinions regarding the 'determining the sequence of a locus of interest' limitation for the Lee- and Lo-based obviousness theories." ECF No. 263 at 7. Labcorp again seeks to relitigate Ravgen's *Daubert* motion and essentially seeks reconsideration of the Court's ruling on that motion. ECF No. 230 at 7–8. The Court declines to revisit its previous ruling and a Rule 59 motion is the improper vehicle for relitigating the Court's decision. *See, e.g.*, *Optis Wireless*, No. 2:19-cv-66-JRG, ECF No. 743 at 13, 2010 WL 11579506, at *2.

Therefore, the Court finds that no new trial is warranted based on the exclusion of the Landes, Lee, and Lo references.

### D. The Court's Rulings Regarding Willful Infringement Were Not Prejudicially Erroneous

Labcorp asserts that the Court's rulings allowing Ravgen to present evidence and argument regarding Labcorp's failure to present an opinion of counsel were prejudicially erroneous and the

jury's verdict on willfulness is a miscarriage of justice. ECF No. 263 at 9–10. As an initial matter, the introduction of exhibit PTX-1271, the testimony of Dr. Eisenberg and Meltzer, and the closing arguments to which Labcorp now objects were not objected to at trial. *See* 140:5–13 (introducing PTX-1271 without objection);[1] Tr. 923:24–924:14, 925:7–17, 926:16–927:5, 927:15–20, 928:17–19, 932:21–933:5, 933:6–934:3, 934:18–21, 935:14–19, 1200:20–1202:2 (Eisenberg and Meltzer testimony cited by Labcorp, offered without objection); Tr. 1361:7–15 (closing argument cited by Labcorp made without objection). To the extent Labcorp now objects to the admissibility of the exhibit, testimony, and arguments where they failed to object at trial, a new trial motion is an improper vehicle for Labcorp's objections. *Navigant Consulting, Inc. v. Wilkinson*, No. 3:02-cv-2186-B, 2006 WL 2422868 (N.D. Tex. Aug. 22, 2006) (citing *Johnson v. Michelin Tire Corp.*, 812 F.2d 200, 210 n.8 (5th Cir. 1987)) (denying new trial motion after failure to object to allegedly inadmissible testimony)).

Labcorp's remaining arguments are based on the testimony of Dr. Dhallan and Dr. Boles and the Court's jury instructions. ECF No. 263 at 12–13. Ravgen argues that none of the testimony it offered violates 35 U.S.C. § 298. The Court agrees. Section 298 provides that "[t]he ***failure*** of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the ***failure*** of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent." 35 U.S.C. § 298 (emphasis added). The testimony offered by Dr. Dhallan, based on information Labcorp disclosed to Ravgen, shows that

---

[1] While Labcorp objected to Ravgen's demonstrative including PTX-1271, because the underlying exhibit was admissible, the Court instructed Labcorp's counsel to object to any questions that it deemed inappropriate regarding the demonstrative. Tr. 11:3–14. The Court notes that Labcorp made no objections during the portions of Dr. Dhallan's testimony regarding PTX-1271 cited in Labcorp's motion.

Labcorp did seek attorney review of Ravgen's patents, not that it failed to do so. *See, e.g.*, Tr. 140:21–141:19. Further, the cited portions of Dr. Boles's testimony relate to a confidential disclosure agreement process, not to any opinion of counsel that Labcorp may or may not have obtained. Tr. 738:20–739:20. Neither Dr. Dhallan's nor Dr. Boles's testimony is the type of testimony that would violate Section 298. *See, e.g.*, *Johns Hopkins Univ. v. Alcon Labs. Inc.*, 2018 WL 4178159, at *20 (D. Del. Aug. 30, 2018) (agreeing that "§ 298 only applies to defendants who failed to obtain the advice of counsel, not to defendants … who sought such advice"); *Teva Pharm. Int'l GmbH v. Eli Lilly & Co.*, 2022 WL 10489059, at *9 (D. Mass. Oct. 17, 2022) ("Teva is in fact arguing the opposite—that Lilly did obtain advice of counsel.").

Regarding the Court's jury instructions, Labcorp argues that the Court erred by not including a jury instruction based on Section 298. ECF No. 263 at 13. Ravgen argues that the Section 298 instruction should only be included if the jury is made aware that there was not an opinion of counsel on which the alleged infringer relies. ECF No. 279 at 13. "[A] party challenging jury instructions must 'prove the jury instructions read in their entirety were incorrect or incomplete as given.'" *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (quoting *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1307 n.7 (Fed. Cir. 2007)). The Court finds that the jury was properly instructed regarding willful infringement and declines to grant a new trial on this basis.

Finally, Labcorp asserts that the Court unfairly and prejudicially excluded two documents, DTX-0903 and DTX-0904, and the testimony of Dr. Watson showing Labcorp's good-faith belief that it did not infringe. ECF No. 263 at 14. The Court excluded DTX-0903 and DTX-0904 because Labcorp did not establish a foundation for either document. Tr. 951:14–954:19 (DTX-0903);

993:11–994:10 (DTX-0904). The Court excluded portions of Dr. Watson's testimony regarding testing of the Ravgen method as hearsay because Dr. Watson had no personal knowledge regarding the testing. Tr. 955:2–961:9. The Court is not persuaded that it abused its discretion in excluding the documents and Dr. Watson's testimony. *See, e.g.*, *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 233 (5th Cir. 2016) (A court abuses its discretion when its ruling "is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."). Labcorp has not established that Dr. Watson's testimony was based on her personal knowledge or subject to a hearsay exception. Nor has Labcorp established that Dr. Watson had personal knowledge of the contents of DTX-0903 and DTX-0904. Therefore, the documents and Dr. Watson's testimony was properly excluded.

Even if the documents and testimony was not properly excluded, Labcorp failed to establish that the exclusion substantially effected the trial. Labcorp itself used DTX-0904 as a demonstrative and showed it to the jury. Tr. 994:18–996:23. And Dr. Watson testified that Genzyme scientists failed to provide the desired results and that it was not selected for future use. *See, e.g.*, Tr. 950:11–24; 963:2–965:16.

For the reasons explained above, the Court declines to award a new trial based on its rulings regarding willful infringement.

### E. The Exclusion of the *Natera* Materials Did Not Render the Trial Unfair

Labcorp alleges that the trial was prejudicially unfair and imbalanced because "[t]he Court prevented Labcorp from obtaining certain expert materials from *Ravgen, Inc. v. Natera, Inc.*" ECF No. 263 at 16–17. As an initial matter, Labcorp has already presented its arguments for why it should obtain these materials (ECF No. 107) and why Ravgen's experts should not be permitted

7

to testify on the same subject matter on which they opined in *Natera*. ECF No. 170. The Court rejected these arguments. ECF Nos. 109, 199. A motion for a new trial should not be used to relitigate matters the Court has already decided. *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Additionally, Labcorp failed to preserve its objections to the cited portions of the testimony of Ravgen's experts. *See, e.g.*, Tr. 280:18–282:2; 301:25–302:10; 556:9–557:5. *See, e.g.*, *Wilson v. Waggener*, 837 F.2d 220, 222 (5th Cir.1988) ("In order to preserve the admission of evidence as error for appellate review, an objection must be made at trial. A motion *in limine* is insufficient to meet this requirement. A party whose motion *in limine* is overruled must renew his objection when the evidence is about to be introduced at trial.") (internal citation omitted).

Labcorp's arguments that the trial was unfair and imbalanced are based on mere speculation that the *Natera* materials ***might*** have included a basis for arguments that Ravgen's experts provided inconsistent testimony. ECF No. 263 at 18. This is insufficient to establish that a new trial is warranted.

### F. A New Trial on Damages is Not Warranted

Labcorp argues that a new trial on damages is warranted for two reasons. First, it argues that the Court's rulings on the *Daubert* motions resulted in a one-sided damages case and second, the verdict was excessive and not supported by the evidence. ECF No. 263 at 19. Regarding the Court's *Daubert* rulings, as explained above, a motion for a new trial should not be used as a vehicle to renew a *Daubert* challenge or relitigate matters the Court has already decided. *See, e.g.*, *Optis Wireless*, No. 2:19-cv-66-JRG, ECF No. 743 at 13; *Badillo*, 2010 WL 11579506, at *2.

And as explained in the Court's Memorandum Order and Opinion regarding Defendant's Renewed Motion for Judgment of a Matter of Law, substantial evidence supports the jury's damages award. *See* ECF No. 312 Therefore, the Court denies Labcorp's motion for a new trial on this ground.

## IV. CONCLUSION

For the reasons above, the Court finds that Labcorp has not established that "(1) the verdict is against the weight of the evidence, (2) the amount of damages awarded is excessive, or (3) the trial was unfair or marred by prejudicial error." *Seidman*, 923 F.2d at 1140. The Court therefore **DENIES** Labcorp's Motion for New Trial Pursuant to Fed. R. Civ. P. 59.

**SIGNED** this 12th day of February, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE